Clarence M. Belnavis, OSB #942463
Email Address:  cbelnavis@laborlawyers.com
Elizabeth K. Bonucci, OSB #063221
Email Address:  ebonucci@laborlawyers.com
FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon  97204
(503) 242-4262 Telephone
(503) 242-4263 Facsimile

Attorneys for Defendant RANDSTAD PROFESSIONALS US, LP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MICHAEL MAKANEOLE,** individually and on behalf of all similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>**SOLARWORLD INDUSTRIES AMERICA, INC.**; **SOLARWORLD INDUSTRIES AMERICA, LP**; **SOLARWORLD INDUSTRIES SERVICES, LLC**; **SOLARWORLD POWER PROJECTS, INC.**, **RANDSTAD PROFESSIONALS US, LP**, and **KELLY SERVICES, INC.**,<br><br>            Defendants. | Case No. 3:14-cv-1528<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION** |

///

///

///

Page 1    NOTICE OF REMOVAL OF CIVIL ACTION

FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

FPDOCS 30137220.1

Defendant Randstad Professionals US, LP ("Randstad") files this Notice of Removal of Civil Action pursuant to 28 U.S.C. § 1332(d). This Court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. All other Defendants join in this removal.

**Preliminary Statement of Claims**

1. Plaintiff Michael Makaneole filed this lawsuit against Defendants SolarWorld Industries America, Inc.; SolarWorld Industries America, LP; SolarWorld Industries Services, LLC; and SolarWorld Power Projects, Inc. (collectively referred to as "SolarWorld"), as well as Randstad and Kelly Services, Inc. ("Kelly Services") in the Circuit Court of Multnomah County, Oregon, Civil Division, No. 14cv12000 (the "state court action").

2. Plaintiff's Complaint asserts liability on behalf of himself and all similarly situated employees for all of the Defendants. Plaintiff alleges that he was employed by Defendants Randstad and Kelly Services, and was assigned to work at SolarWorld's Hillsboro, Oregon facility. (Complaint ¶¶ 58-60.) Plaintiff also alleges that he worked as a SolarWorld employee. (Complaint ¶ 61.) Specifically, Plaintiff asserts the following three class-wide causes of action: (1) all Defendants failed to pay all wages owed (Complaint ¶¶ 84, 86, and 88); (2) all Defendants failed to pay all overtime owed and are thus subject to penalties under ORS 652.150 and ORS 653.055 (Complaint ¶¶ 102-104); and (3) all Defendants failed to pay all wages at the time of termination and are thus required to pay penalties under ORS 652.150 (Complaint ¶¶ 131-133).

3. In the Complaint, Plaintiff alleges that Defendants programmed their time keeping system such that an employee would not be paid for all time worked. (Complaint ¶ 20.)

4. Plaintiff brings the Complaint pursuant to Oregon Rules of Civil Procedure 32 as an individual on behalf of all similarly situated individuals during the relevant time period.

Page 2    NOTICE OF REMOVAL OF CIVIL ACTION

FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

FPDOCS 30137220.1

(Complaint ¶ 39.) Plaintiff seeks to represent a class defined as "…current and former employees of Employers, who worked for Employers in Oregon [and] who are subject to Oregon wage and hour provisions." (Complaint ¶ 30.) Plaintiff further claims that the class of impacted employees exceeds 500 persons (Complaint ¶ 40) and that Plaintiff's claims are typical of class members' claims (Complaint ¶ 42).

5.     Defendant Randstad is a limited partnership organized in the state of Delaware, and its general headquarters and principal place of business are located in Woburn, Massachusetts.

6.     Defendant Kelly Services is a foreign business corporation organized in the state of Delaware, and its general headquarters and principal place of business are located in Troy, Michigan.

7.     Defendant SolarWorld Industries America, Inc. is a domestic corporation organized in the state of Oregon with its principal place of business located in Hillsboro, Oregon.

8.     Defendant SolarWorld Industries America, LP is a foreign limited partnership organized in the state of Delaware, and its general headquarters and principal place of business are located in Bonn, Germany.

9.     Defendant SolarWorld Industries Services, LLC is a foreign limited partnership organized in the state of Delaware with its principal place of business located in Hillsboro, Oregon.

10.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant Randstad in this action are attached as **Exhibit A**. The required Civil Cover Sheet is attached to this filing (as "Civil Cover Sheet" per local rule).

///

Page 3    NOTICE OF REMOVAL OF CIVIL ACTION

FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

FPDOCS 30137220.1

**Venue**

11. This Court is the United States District Court for the district embracing Multnomah County, Oregon, and is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441.

**Consent of Other Defendants**

12. All Defendants in this matter consent to the removal of this action.

**Basis for Removal**

13. The Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (amending 28 U.S.C. § 1332(d)), confers federal jurisdiction over class actions involving (a) minimal diversity (i.e. diversity between any defendant and any putative class member); (b) at least 100 putative class members; and (c) at least $5 million in controversy, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2)(A). Further, no Defendant identified in the Complaint is a state, officer of a state, or a government agency. 28 U.S.C. § 1332(d)(5). Although the burden rests on the removing party to demonstrate that CAFA's jurisdictional requirements are met, the party opposing jurisdiction under CAFA bears the burden of demonstrating that any exception to CAFA jurisdiction applies. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1022-24 (9th Cir. 2007). Simply put, this case satisfies CAFA's requirements.

*Diversity of Citizenship*

14. Pursuant to 28 U.S.C. § 1332(d)(2), the diversity requirement under CAFA is satisfied when (1) any member of a class of plaintiffs is a citizen of a state different from any defendant, (2) when at least one member of a class of plaintiffs is a citizen of a foreign state and one defendant is a U.S. citizen, or (3) when at least one member of a class of plaintiffs is a U.S.

Page 4   NOTICE OF REMOVAL OF CIVIL ACTION

FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

FPDOCS 30137220.1

citizen and one defendant is a citizen of a foreign state.  Here, the diversity requirement under CAFA is fully satisfied.

15.	Based upon information and belief, Plaintiff is a resident of the State of Oregon. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

16.	In the Complaint, Plaintiff asserts a proposed putative class of individuals located in the State of Oregon or worked in Oregon.  (Complaint ¶¶ 16 and 30-32.)  On that basis, the proposed putative class members are all citizens of the State of Oregon.

17.	A corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  The phrase "principal place of business" "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 130 S. Ct. 1181, 1186, 175 L. Ed. 1029, 1034 (2010).  This is the corporation's "nerve center." *Id.* at 81.  "[I]n practice [this] should normally be the place where the corporation maintains its headquarters." *Id.* at 93.

18.	Plaintiffs' Complaint admits that two defendants are foreign entities – Randstad is a foreign limited partnership and Kelly Services is a foreign business corporation.  (Complaint ¶¶ 8 and 11).  Defendant Randstad is an entity organized in the State of Delaware with is principal place of business in the State of Massachusetts, and Defendant Kelly Services is organized in the State of Delaware with its principle place of business in the State of Michigan.  Further, attached as **Exhibit B** are true and correct copies of public records of the State of Oregon regarding Defendants Randstad and Kelly Services.  Therefore, the diversity requirement under CAFA is fully satisfied as Plaintiff is a citizen of Oregon and two Defendants are citizens of other states.

Page 5    **NOTICE OF REMOVAL OF CIVIL ACTION**

FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

FPDOCS 30137220.1

*The Proposed Class Exceeds 100*

19. Defendants do not concede in any way, shape, or form the propriety of Plaintiff's proposed class. Nor do Defendants concede that Plaintiff has properly pled a class. Defendants do not waive and, to the contrary, reserve their rights to challenge the propriety of the alleged putative class in all respects.

20. For purposes of removal, the Court must look at the Plaintiff's allegations with respect to class size. 28 U.S.C. §1332(d) (5); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (CAFA requirement of 100 class members satisfied by plaintiff's complaint).

21. In the Complaint, Plaintiff alleges and seeks a putative class of at least 500. (Complaint ¶ 40.) ("The class is believed to exceed 500 persons and may increase based on the turnover rate of employees during applicable statute of limitations.") According to the face of the Complaint, the putative class surpasses the 100 class member threshold. *See* 28 U.S.C. § 1332(d)(5)(B).

*The Amount in Controversy Exceeds $5,000,000*

22. Although Defendants adamantly deny that Plaintiff, any putative class member, or the putative class, are entitled to any relief whatsoever,[1] the Court must look at the Complaint's allegations to determine the amount in controversy, assuming the allegations to be true. *Fong v. Regis Corp.*, 2014 U.S. Dist. LEXIS 275, *5 (N.D. Cal.2014) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (The inquiry is what is put "in controversy" by the complaint, not what a defendant will actually owe.). Notably, "[t]he

---

[1]  Defendant uses Plaintiff's alleged legal theories and alleged theories of recovery of damages and penalties <u>only</u> to demonstrate that the amount in controversy as pled exceeds $5,000.000. Defendants believe Plaintiff's allegations lack merit.

Page 6    **NOTICE OF REMOVAL OF CIVIL ACTION**    FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

FPDOCS 30137220.1

amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

23.     Plaintiff's asserted putative class places in controversy in excess of $5 million, excluding interest and costs.  In the Complaint, Plaintiff seeks unpaid wages, unpaid overtime, civil penalties per ORS 653.055(1)(b) and ORS 652.150 for each separate employer,[2] unpaid wages, and statutory penalty wages pursuant to ORS 652.150 for each separate employer. (Complaint, Prayer for Relief.)  Thus, as pled, the alleged amount in controversy for one civil penalty alone for the putative class (not including the alleged unpaid wages, the alleged unpaid overtime, and the alleged penalties for failure to pay wages upon termination) exceeds the aggregate $5,000,000:

| NUMBER OF EMPLOYEES ALLEGED AS A CLASS | OVER 500 (COMPLAINT, ¶ 40) |
|---|---|
| Alleged Overtime Penalties from SolarWorld (Complaint, ¶ 101-104) | $1,750,000 (Penalty of $3500 x 500) |
| Alleged Overtime Penalties from Randstad (Complaint, ¶ 101-104) | $1,750,000 (Penalty of $3500 x 500) |
| Alleged Overtime Penalties from Kelly Services (Complaint, ¶ 101-104) | $1,750,000 (Penalty of $3500 x 500) |
| **TOTAL** | **$5,250,000** |

24.     While Defendants do not believe Plaintiff is entitled to any damages or fees, for purposes of removal only, the Court can also take into account the attorneys' fees Plaintiff seeks in determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Goldberg v. CPC International Inc.* 678 F.2d 1365, 1367 (9th Cir. 1982).

---

[2] Plaintiff alleges a penalty under ORS 652.150 and ORS 653.055 for his second cause of action in the amount of $3,500.00 from SolarWorld, Randstad, and Kelly Services.  (Complaint ¶ 104.) This penalty is representative of what is sought by the putative class.

Page 7     NOTICE OF REMOVAL OF CIVIL ACTION     FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

FPDOCS 30137220.1

Attorney fees may total hundreds of thousands of dollars. Further, multiple courts have held that under CAFA it is appropriate to apply at least a 25% benchmark for fees. *See Jasso v. Money Mart Exp., Inc.*, No. 11-cv-5500, 2012 WL 699465, at *7 (N.D. Cal. Mar. 1, 2012). Thus, even if we assume the amount in controversy is approximately $5 million, 25% of $5 million is $1.25 million. Thus, the amount in controversy in this case far exceeds the $5 million threshold.

*The Local Controversies and Home State Exceptions to CAFA Do No Apply*

25. Noteworthy, the Local Controversies and Home State exceptions under 28 U.S.C. § 1332(d)(3) and (4) do not and cannot apply in the instant case.

26. First, in order for the Local Controversies exception to apply, "during the 3-year period preceding the filing of that class action, no other class action [must have] been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A)(ii). Here, the exception does not apply because, on December 26, 2012, a class action lawsuit was filed against SolarWorld by Plaintiff's counsel, and this lawsuit asserts virtually the same allegations on behalf of virtually the identical group of employees. (Attached as **Exhibit C** is a true and accurate copy of the complaint in the other class action, *Bey v. SolarWorld Industries America*, *Inc.*, *et al.*, Multnomah County Circuit Court Case No. 1212-16562.)

27. Second, the Home State exception only applies if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). Here, both Randstad and Kelly Services are primary Defendants because they are the "real targets" of Plaintiff's accusations – they are alleged to have employed Plaintiff, they are alleged to have failed to pay all wages owed, and they are alleged to owe penalties for allegedly failing to pay all

Page 8   NOTICE OF REMOVAL OF CIVIL ACTION

FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

FPDOCS 30137220.1

wages owed.[3]  Additionally, the Home State exception does not apply when two-thirds of the putative class members are citizens of the same state as one of the primary defendants, but not the remaining primary defendants.  *See Vodenichar v. Halcon Energy Properties, Inc.*, 733 F.3d 497, 505-06 (3rd Cir. 2013) (holding that CAFA requires remand under the Home State exception only if <u>all</u> primary defendants are citizens of the same state as two-thirds of the putative class).  Thus, even if SolarWorld is also considered to be a "primary defendant," it is not enough to trigger the Home State exception.  As such, the Home State exception does not apply, and this Court has jurisdiction under CAFA.

### Timeliness of Removal

28. Removal is timely pursuant to 28 U.S.C. § 1446(b) because Defendant Randstad is filing this Notice of Removal within thirty days of receipt of the Complaint.  Defendant Randstad was served a copy of the Complaint through its agent, Corporation Service Company, in Salem, Oregon on September 2, 2014.  Corporation Service Company's Notice of Service of Process Transmittal to Defendant Randstad is attached as **Exhibit D**.

### Proper Notice of Removal

29. Promptly after filing this Notice of Removal, Defendant Randstad will serve a copy upon Plaintiff and will file a copy with the Clerk of the Circuit Court of Multnomah County, Oregon.

### Reservation of Defenses

30. By filing this Notice of Removal, Defendant Randstad does not waive, and expressly reserves, any defenses that may be available.

---

[3] As noted above, the *Bey v. SolarWorld Industries America, Inc. et al* class action makes the same allegations against SolarWorld Defendants only. (Complaint, ¶¶ 70, 108.)  This current action includes Randstad and Kelly Services, thus making Randstad and Kelly Services the "real target" in the present action.

Page 9    NOTICE OF REMOVAL OF CIVIL ACTION    FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

FPDOCS 30137220.1

WHEREFORE, Defendant Randstad hereby removes the above-captioned civil action to this Court's jurisdiction.

Dated: September 24, 2014

FISHER & PHILLIPS LLP

s/ Clarence M. Belnavis
Clarence M. Belnavis, OSB #942463
Elizabeth K. Bonucci, OSB #063221
Attorneys for Defendant RANDSTAD PROFESSIONALS US, LP

Page 10   **NOTICE OF REMOVAL OF CIVIL ACTION**

**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

FPDOCS 30137220.1

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **NOTICE OF REMOVAL OF CIVIL ACTION** by the method(s) indicated below on:

David A. Schuck
SCHUCK LAW, LLC
10013 NE Hazel Dell Avenue #178
Vancouver, WA 98685
Tel: (360) 566-9243 Fax: (503) 575-2763
E-mail: dschuck@wageclaim.org
*Attorney for Plaintiff*

| | |
|---|---|
| Victor J Kisch<br>STOEL RIVES LLP<br>900 S.W. 5th Avenue, Suite 2600<br>Tel: (503) 294-9648   Fax: (503) 220-2480<br>E-mail: vkisch@stoel.com<br>*Attorneys for SolarWorld Industries America, Inc., SolarWorld Industries America, LP, SolarWorld Industries Services, LLC, SolarWorld Power Projects, Inc.* | Gerald Maatman<br>SEYFARTH SHAW<br>131 S. Dearborn Street, Suite 2400<br>Chicago, IL 60603<br>Tel: (312) 460-5000  Fax: (312) 460-7000<br>E-mail: gmaatman@seyfarth.com<br>*Attorneys for Kelly Services, Inc.* |

by the following indicated method(s):

☒ **Electronic filing via the CM/ECF system.**

☐ **Fax and Mail**: by faxing to the attorney at the fax number as above stated, which is the last known fax number for the attorney's office, on the date set forth below; and by mailing a full, true, and correct copy in a sealed envelope with postage prepaid thereon, addressed as above stated, which is the last-known office address of the attorney, and depositing it with the United States Postal Service at Portland, Oregon, on the date set forth below.  ☐ **Plus E-mail**\*

☒ **Regular or Priority Mail:** by mailing a full, true, and correct copy thereof in a sealed envelope with postage prepaid thereon, addressed as above stated, which is the last-known office address of the attorney, and

  ☒ Depositing it with the United States Postal Service at Portland, Oregon, on the date set forth below.  ☐ **Plus E-mail**\*

  ☐ Sending it via a priority mail service on the date set forth below.  ☐ **Plus E-mail**\*

☐ **Hand-Delivery:** by causing a full, true and correct copy thereof to be hand-delivered to

Page 1    **CERTIFICATE OF SERVICE**

FISHER & PHILLIPS LLP
111 SW Fifth Ave., Ste. 4040
Portland, Oregon  97204
(503) 242-4262

FPDOCS 30137220.1

the attorney at either the attorney's last-known office address as above stated, on the date set forth below, or at another location where the attorney is known to be, on the date set forth below.

**\* E-Mail:**  Where checked above, e-mail was effected by causing a full, true and correct copy thereof to be transmitted to the attorney in WordPerfect or Word format via electronic correspondence to the attorney's last-known e-mail address in accordance with United States District Court Local Rule, if applicable.

DATED:  September 24, 2014          s/ Clarence M. Belnavis
                                    Clarence M. Belnavis, OSB #942463
                                    Elizabeth K. Bonucci, OSB #063221
                                    Attorneys for Defendant RANDSTAD
                                    PROFESSIONALS US, LP

Page 1    **CERTIFICATE OF SERVICE**                    FISHER & PHILLIPS LLP
                                                        111 SW Fifth Ave., Ste. 4040
                                                        Portland, Oregon  97204
                                                        (503) 242-4262

FPDOCS 30137220.1