Skip to Main Content Logout My Account Search Menu Search Civil, Family and Probate Case Records Refine Search Back

Location : All Locations   Images Help

# REGISTER OF ACTIONS
## CASE NO. 14CV12000

| | |
|---|---|
| Michael Makaneole vs Solarworld Industries America Inc., Solarworld Industries America LP, Solarworld Industries Services, LLC, Solarworld Power Projects, Inc., Randstad Professionals US, LPetal. | § § § § § |

Case Type: **Tort - General**
Date Filed: **08/26/2014**
Location: **Multnomah**

---

### PARTY INFORMATION

**Attorneys**

| | | |
|---|---|---|
| Defendant | Kelly Services, Inc. | |
| Defendant | Randstad Professionals US, LP | |
| Defendant | Solarworld Industries America Inc. | |
| Defendant | Solarworld Industries America LP | |
| Defendant | Solarworld Industries Services, LLC | |
| Defendant | Solarworld Power Projects, Inc. | |
| Plaintiff | Makaneole, Michael | **DAVID A SCHUCK** *Retained* 360 566-9243(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 08/26/2014 | Complaint | | |
| | *Class Action; Wage Claim; NOT SUBJECT TO MANDATORY ARBITRATION* | | |
| | Created: 08/26/2014 1:59 PM | | |
| 08/26/2014 | Service | | |
| | Solarworld Industries America Inc. | Served | 09/09/2014 |
| | | Returned | 09/09/2014 |
| | Solarworld Industries America LP | Served | 09/09/2014 |
| | | Returned | 09/09/2014 |
| | Solarworld Industries Services, LLC | Served | 09/09/2014 |
| | | Returned | 09/09/2014 |
| | Solarworld Power Projects, Inc. | Served | 09/09/2014 |
| | | Returned | 09/09/2014 |
| | Randstad Professionals US, LP | Unserved | |
| | Kelly Services, Inc. | Served | 09/09/2014 |
| | | Returned | 09/09/2014 |
| | Created: 08/26/2014 1:59 PM | | |
| 09/09/2014 | Proof - Service | | |
| | Created: 09/09/2014 7:18 PM | | |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Plaintiff** Makaneole, Michael | | |
| | Total Financial Assessment | | 793.00 |
| | Total Payments and Credits | | 793.00 |
| | **Balance Due as of 09/12/2014** | | **0.00** |
| 08/26/2014 | Transaction Assessment | | 793.00 |
| 08/26/2014 | xWeb Accessed eFile   Receipt # 2014-402425 | Makaneole, Michael | (793.00) |

|

8/26/2014 1:42:45 PM
14CV12000

1

2

3

4         **IN THE CIRCUIT COURT FOR THE STATE OF OREGON**

5               **FOR THE COUNTY OF MULTNOMAH**

| | |
|---|---|
| 6 **MICHAEL MAKANEOLE**, individually and on behalf of all similarly situated, | **Case No.** |
| 7 | |
| 8             **Plaintiff,** | **CLASS ACTION COMPLAINT** (Wage Claim) |
|    v. | |
| 9 **SOLARWORLD INDUSTRIES AMERICA, INC.; SOLARWORLD** | **Claims Greater than $1,000,000 but Less than $10,000,000** |
| 10 **INDUSTRIES AMERICA, LP; SOLARWORLD INDUSTRIES** | **Not subject to Arbitration** |
| 11 **SERVICES, LLC; SOLARWORLD POWER PROJECTS, INC., RANDSTAD** | **JURY TRIAL DEMANDED** |
| 12 **PROFESSIONALS US, LP, and KELLY SERVICES, INC.,** | |
| 13 | |
| 14            **Defendants.** | |

15     Comes now the Plaintiff, Michael Makaneole, by and through the attorneys at Schuck

16 Law, LLC, and states and alleges as follows:

17                              1.

18     This is an action under State wage and hour laws to recover unpaid wages, overtime

19 wages, and penalty wages for all current and former employees of Defendants,

20 **SOLARWORLD INDUSTRIES AMERICA, INC.; SOLARWORLD INDUSTRIES**

21 **AMERICA, LP; SOLARWORLD INDUSTRIES SERVICES, LLC; SOLARWORLD**

22 **POWER PROJECTS, INC., RANDSTAD PROFESSIONALS US, LP, and KELLY**

23 **SERVICES, INC.,** (collectively all Defendants referred to as "Employers" or "Defendants")

24 who worked for Employers within Oregon.

25 ///

26

Page 1 - Class Action Complaint

SCHUCK LAW, LLC
10013 NE Hazel Dell Avenue #178 • Vancouver, WA 98685
Tel (360) 566-9243 • Fax (503) 575-2763

2.

At all times material herein, Plaintiff was employed by one or more of the Defendants in the State of Oregon.

3.

At all times material herein, the Defendant **SOLARWORLD INDUSTRIES AMERICA, INC.** was a domestic corporation.

4.

At all times material herein, the Defendant **SOLARWORLD INDUSTRIES AMERICA, LP** was a foreign limited partnership.

5.

At all times material herein, the Defendant **SOLARWORLD INDUSTRIES SERVICES, LLC** was a foreign limited liability company.

6.

At all times material herein, the Defendant; **SOLARWORLD POWER PROJECTS, INC.** was a foreign corporation.

7.

At all times material herein, the Defendant **SOLARWORLD INDUSTRIES AMERICA, INC.** was a domestic corporation.

8.

At all times material herein, the Defendant **RANDSTAD PROFESSIONALS US, LP**, was a foreign limited partnership.

9.

At all times material herein, the Defendant **RANDSTAD PROFESSIONALS US, LP**, provided temporary employees to work at the manufacturing facility operated by Solarworld Industries America, Inc.; Solarworld Industries America, LP; Solarworld Industries Services, LLC; Solarworld Power Projects, Inc.

Page 2 - Class Action Complaint

10.

At all times material herein, the Defendant **RANDSTAD PROFESSIONALS US, LP**, utilized the time records (Etime) provided by Solarworld Industries America, Inc.; Solarworld Industries America, LP; Solarworld Industries Services, LLC; Solarworld Power Projects, Inc. to calculate wages owed the employees.

11.

At all times material herein, the Defendant **KELLY SERVICES, INC.**, was a foreign business corporation.

12.

At all times material herein, the Defendant **KELLY SERVICES, INC.**, provided temporary employees to work at the manufacturing facility operated by Solarworld Industries America, Inc.; Solarworld Industries America, LP; Solarworld Industries Services, LLC; Solarworld Power Projects, Inc.

13.

At all times material herein, the Defendant **KELLY SERVICES, INC.**, utilized the time records provided by Solarworld Industries America, Inc.; Solarworld Industries America, LP; Solarworld Industries Services, LLC; Solarworld Power Projects, Inc. to calculate wages owed the employees.

14.

All claims, including those against Randstad Professionals US, LP and Kelly Services, Inc. are limited to the employees who worked for any Defendant at the manufacturing facilities operated by Solarworld Industries America, Inc.; Solarworld Industries America, LP; Solarworld Industries Services, LLC; Solarworld Power Projects, Inc.

15.

At all times material herein, Defendants were doing business in Oregon.

///

**SCHUCK LAW, LLC**
10013 NE Hazel Dell Avenue #178 • Vancouver, WA 98685
Tel (360) 566-9243 • Fax (503) 575-2763

EXHIBIT A
Page 5 of 38

16.

The Circuit Court of Oregon has personal jurisdiction over all Defendants because they are/were engaged in substantial and not isolated activities within this state, because the events set forth in this complaint occurred in Oregon and because the claims arise out of services actually performed for the Defendant by the Plaintiff and putative class members within Oregon.

16.

The Circuit Court of Oregon has personal jurisdiction over Defendant **SOLARWORLD INDUSTRIES AMERICA, INC.** because it was formed under the laws of the state of Oregon.

17.

Employers did not pay all wages for time worked on the clock by Plaintiff and similarly situated individual.

18.

Employers were required to pay all wages due at the next regularly scheduled payday.

19.

Employers failed and refused to pay Plaintiff and class members all wages due at the regular rate of pay for all time worked from the time the employee began working until the time the employee stopped working.

20.

Employers programmed their time keeping system such that an employee would not be paid for all time the employee worked.

21.

Because Employers failed to compensate Plaintiff and class members at their regular rate of pay, Employers failed to pay Plaintiff and class members all their wages due at the next regularly scheduled payday, in violation of Oregon law.

Page 4 - Class Action Complaint

23.

Employers had a practice and policy of failing to pay its employees whose employment ended when required by Oregon law.

24.

Employers suffered and permitted Plaintiff and class members to perform work for Employers in excess of 40 hours per week, for which Employers did not compensate them at the overtime rate of 1-1/2 times their regular earning rate as required.  In so doing, Employers are liable for the unpaid overtime wages and civil penalty wages pursuant to ORS 653.261(1); ORS 653.055; ORS 652.150; and OAR 839-020-0030.  Each Defendant is liable for the wages and penalties earned during the time period Plaintiff and any class members were employed by that specific Defendant.

25.

Employers failed to make immediate payment of all wages due and owing Plaintiff and class members upon the ending of employment pursuant to Oregon law.

26.

Defendants were all free agents.

27.

Employers knew when Plaintiff's and class member's employment ended with the specific relevant Defendant.

28.

Employers intended to pay wages to their respective employees when they did and further intended to pay the amount of wages they paid.

29.

Wages are due and owing Plaintiff and class members and Plaintiff and class members are owed civil penalties and penalty wages for each Defendant, in whose employ they worked and were not paid wages, overtime wages, or were not timely paid final wages.

Page 5 - Class Action Complaint

EXHIBIT A
Page 7 of 38

**I.   PARTIES**

30.

At all material times, Plaintiff and all similarly situated individuals are current and former employees of Employers, who worked for Employers in Oregon, who are subject to Oregon wage and hour provisions.

31.

Each Defendant has or had employees working at the manufacturing facility located 25300 NE Evergreen Road, Hillsboro, Oregon 97124.

32.

All claims alleged herein occurred from the use of the electronic time clocks at the Hillsboro, Oregon manufacturing plant.

**II.   CLASS ACTION ALLEGATIONS**

33.

Plaintiff brings the Oregon State wage claims for failure to pay all wages, failure to pay overtime wages, and failure to pay all wages when due at termination as a class action pursuant to ORCP 32 on behalf of himself and as the Class Representative for the following persons:

**(Unpaid Wages Class)**

34.

For Plaintiff and similarly situated individuals who worked for Employers within the statutory time period, and were not paid wages for all hours worked, when those wages were due.

**(Overtime Class)**

36.

For Plaintiff and all similarly situated class members, who worked for Employers in Oregon, within the statutory period before the commencement of this action, and were not

Page 6 - Class Action Complaint

SCHUCK LAW, LLC
10013 NE Hazel Dell Avenue #178 • Vancouver, WA 98685
Tel (360) 566-9243 • Fax (503) 575-2763

1    paid at 1 ½ times their regular hourly rate for all overtime hours worked.

2                  **(Late Payment Class)**

3                       37.

4         For Plaintiff and similarly situated individuals whose employment with any Defendant

5    ended within the statutory time period, and who did not receive all wages when due.

6                       38.

7         The Oregon State law claims, if certified for class wide treatment, may be pursued by

8    all similarly-situated persons who do not request exclusion or opt-out of the class.  Class

9    members may be notified of the pendency of this action by first-class mail.  Class members

10   may be identified through Defendants' human resources and payroll computer systems.

11   Notice of the class action may be made by mailing to the class members' address in

12   Employers' records.

13                     39.

14        Plaintiff's Oregon State law claims satisfy the numerosity, commonality, typicality,

15   adequacy and superiority requirements of a class action pursuant to ORCP 32.

16                     40.

17        <u>Numerosity of the Class (ORCP 32 A(1))</u>: The class satisfies the numerosity

18   requirement.  The class is believed to exceed 500 persons and may increase based on the

19   turnover rate of employees during applicable statute of limitations.  Deposition testimony

20   confirms that more than 100 class members exist.  Upon information and belief,

21   approximately 500 individuals are currently employed at the Employers excluding temporary

22   employers.  With temporary employers, addition individuals work for Employers currently.

23   As a result, joinder of all class members in a single action is impracticable.  The precise

24   number of class members and their addresses is unknown to the Plaintiff, but can be

25   determined from Employers' employment and payroll records.

26   ///

Page 7 - Class Action Complaint

41.

    <u>Commonality (ORCP 32 A(2))</u>: There are questions of fact and law common to the class that predominate over any questions affecting only individual members.  The questions of law and fact common to the class arising from Employers' actions include, without limitations, the following:

    A.    Whether Employers programed their electronic time keeping system to alter punch times for their employees working at the Hillsboro plant;

    B.    Whether the above programing caused Employers to fail to pay Plaintiff and class members all wages based on the practices alleged herein;

    C.    Whether the programming of the electronic time keeping system caused Employers not to pay all overtime wages under Oregon law;

    D.    Whether Employers had a practice of failing to timely pay all wages when due and required by ORS § 652.140;

    E.    Whether Randstad Professionals US, LP or Kelly Services, Inc., terminated[1] class members' employment when the class member was hired directly by either Solarworld Industries America, Inc.; Solarworld Industries America, LP; Solarworld Industries Services, LLC; Solarworld Power Projects, Inc.

    F.    Whether Randstad Professionals US, LP or Kelly Services, Inc., terminated class members' employment when they were hired directly by either Randstad Professionals US, LP or Kelly Services, Inc.

    G.    Whether Employers' conduct in failing to timely pay all wages at the end of employment was willful;

    H.    Which remedies are available for the violations of ORS 652.120; 652.140; and 653.261; and

---

[1] Terminated herein refers to the ending of an employment relationship by any means.

Page 8 - Class Action Complaint

**SCHUCK LAW, LLC**
10013 NE Hazel Dell Avenue #178 • Vancouver, WA 98685
Tel (360) 566-9243 • Fax (503) 575-2763

I.    Whether class members are entitled to recovery their attorney fees under either ORS 652.200 or ORS 653.055.

J.    Whether Randstad Professionals US, LP or Kelly Services, Inc. used the time clocks provided by the Solarworld entities' time clocks to determine hours worked.

42.

Typicality (ORCP 32 A(3)): Plaintiff's claims are typical of class members' claims because Plaintiff and other employees were subject to the same policies and practices alleged herein and used the same electronic time keeping system. Plaintiff's claims are typical of class members' claims in that:

A.    Plaintiff was affected by the violations described above;

B.    Plaintiff's claims stem from the same practices and/or courses of conduct that form the basis of the claims;

C.    Plaintiff's claims are based upon the same legal and remedial theories as those of the class and involve similar factual circumstances; and

D.    Plaintiff's injuries are similar to the injuries which class members have suffered.

43.

Adequacy of Plaintiff's Representation (ORCP 32 A(4)): The named Plaintiff will fairly and adequately represent and protect the interests of the class because:

A.    There is no conflict between his claims and those of other class members;

B.    Plaintiff retained counsel who are skilled and experienced in wage and hour cases and in class actions and who will vigorously prosecute the litigation;

C.    Plaintiff's claims are typical of the claims of class members; and

D.    The interests of the class members will be fairly and adequately protected by Plaintiff and his counsel.

Page 9 - Class Action Complaint

44.

Plaintiff provided notice before this lawsuit was filed (ORCP 32 A(5)): The named Plaintiff provided multiple notices regarding the claims in this case. Plaintiff's initial mailer was sent via certified mail, return receipt requested.

45.

Plaintiff sent the first notices to Employers on or about June 24, 2014.

46.

ORCP 32 B: A class action would avoid inconsistent or varying adjudications with respect to individual class members. Given the number of class members, individual cases would likely lead to inconsistent adjudications. This is an inefficient use of limited judicial resources to separately rule on the same legal issues that are present in this case for the Plaintiff.

47.

Superiority ORCP 32 B(3): A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's and class members' claims. The questions in paragraph 41-42 predominate over questions affecting only individual persons. Each class member's damage amount may be relatively small, especially given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Employers' conduct. Moreover, even if class members could afford individual litigation, the court system would be unnecessarily burdened by the individual actions. Individualized litigation presents a potential for inconsistent or contradictory judgments and increases the potential for delay and expense for all parties. A class action will present far fewer management difficulties and will provide the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court. Plaintiff's claims are appropriate for certification under ORCP 32 B(3).

///

Page 10 - Class Action Complaint

SCHUCK LAW, LLC
10013 NE Hazel Dell Avenue #178 • Vancouver, WA 98685
Tel (360) 566-9243 • Fax (503) 575-2763

1                                   48.

2      Maintenance of this action as a class action is a fair and efficient method for

3 adjudication of this controversy.  It would be impracticable and undesirable for each class

4 member who suffered harm to bring a separate action.  Additionally, the maintenance of

5 separate actions would place a substantial and unnecessary burden on the courts and could

6 result in inconsistent adjudications, while a single class action can determine, with judicial

7 economy, the rights of all class members.  Further, because this case is based upon electronic

8 records, determining the violations for a large group of current and former employees is

9 easier.

10 **III.**     **COMMON ALLEGATIONS**

11                                49.

12      Common questions of fact and law exist as to all similarly situated individuals and

13 predominate over any questions that affect only individual similarly situated individuals.  The

14 conduct at issue in this case affected Plaintiff and all purported class members.

15                                50.

16      The members of each class exceed 50 members and that number will increase

17 depending upon employee turnover.

18                                51.

19      Evidence supporting class allegations are based upon information and belief.

20 Evidence supporting the allegations will be available through discovery because employers

21 are required to keep wage and hour records for current and former employees.  Plaintiff has a

22 good faith belief that wages are due absent class members based in part upon data provided

23 from Employers in other cases.

24                                52.

25      Plaintiff has a good faith belief that wages are due absent class members based on the

26 fact that Defendants have admitted how they programmed their electronic time keeping

Page 11 - Class Action Complaint

EXHIBIT A
Page 13 of 38

1     system and further how that system operates with payroll.

2                      53.

3        Employers suffered and permitted Plaintiff and similarly situated individuals to work

4     hours for which Employers did not compensate them.  Employers did so by not including all

5     hours worked and recorded on the electronic time keeping system when computing employee

6     pay.  Employers also did this by altering lunch punches such that the lunch was deducted in its

7     entirety or by failing to pay for the interrupted lunch.

8                      54.

9        Employers suffered and permitted Plaintiff and other similarly situated class members

10     to perform work for Employers in excess of 40 per week, for which they did not

11     compensate them at the overtime rate of 1-1/2 times their regular hourly rate as required by

12     Oregon law.

13                     55.

14        Employers failed and refused to pay all wages to Plaintiff and similarly situated

15     individuals whose employment ended when those wages were due.

16                     56.

17        At all times material herein, Employers was doing business in Oregon.

18                     57.

19        Plaintiff was an at will employee and was not contracted to work for any specific

20     period of time for any Defendant.

21                     58.

22        Plaintiff began working for Employers through Defendant Kelly Services, Inc.

23                     59.

24        Plaintiff's employment for Defendant Kelly Services, Inc. terminated when he was

25     hired by Defendant Randstad Professionals US, LP.

26     ///

Page 12 - Class Action Complaint

60.

Plaintiff's employment for Defendant Randstad Professionals US, LP terminated when he began working for Solarworld Industries America, Inc.; Solarworld Industries America, LP; Solarworld Industries Services, LLC; Solarworld Power Projects, Inc.

61.

Plaintiff's employment for Defendants Solarworld Industries America, Inc.; Solarworld Industries America, LP; Solarworld Industries Services, LLC; Solarworld Power Projects, Inc. terminated.

62.

On or about June 24, 2014, Plaintiff's attorney sent ORCP 32 H notice, written demand and notice of the wage claims to each Randstad Professionals US LP, and Kelly Services, Inc. via certified mail.

63.

On or about July 31, 2014, Plaintiff's attorney sent written demand and notice of the wage claims to each Randstad Professionals US LP, Kelly Services, Inc. via email.

64.

On or about June 24, 2014, Plaintiff's attorney sent ORCP 32 H notice, written demand and notice of the wage claims to Solarworld Industries America, Inc.; Solarworld Industries America, LP; Solarworld Industries Services, LLC; Solarworld Power Projects, Inc. via certified mail.

65.

On or about July 31, 2014, Plaintiff's attorney sent written demand and notice of the wage claims to Solarworld Industries America, Inc.; Solarworld Industries America, LP; Solarworld Industries Services, LLC; Solarworld Power Projects, Inc. via email

66.

In the year preceding any of Plaintiff's three terminations (Kelly Services, Ranstad, &

Page 13 - Class Action Complaint

**SCHUCK LAW, LLC**
10013 NE Hazel Dell Avenue #178 • Vancouver, WA 98685
Tel (360) 566-9243 • Fax (503) 575-2763

1 │ Solarworld entities), the employer subject to that termination failed to pay other class

2 │ members' their wages timely as required by ORS 652.140.

3 │ 67.

4 │ Defendants agreed to pay Plaintiff at multiple hourly rates depending upon the date the

5 │ wages were not paid and the Defendant who was not paying them.

6 │ **FIRST CLAIM FOR RELIEF**

7 │ (Unpaid Wages Claim)

8 │ 68.

9 │ Plaintiff re-alleges all paragraphs as though fully alleged herein.

10 │ 69.

11 │ For defendants Randstad and Kelley, this claim runs for the six year period before

12 │ filing of this suit.

13 │ 70.

14 │ For defendants Solarworld Industries America, Inc.; Solarworld Industries America,

15 │ LP; Solarworld Industries Services, LLC; Solarworld Power Projects, Inc., this claim runs

16 │ from the date of filing back to the date Frederick Bey's case was filed in Multnomah County

17 │ court.

18 │ 71.

19 │ During the course of Plaintiff's employment, Employers allowed, suffered and

20 │ permitted Plaintiff and class members to perform work for the benefit of Employers.

21 │ 72.

22 │ Employers tracked time worked by Plaintiff and similarly situated class members

23 │ through an electronic time keeping system.

24 │ 73.

25 │ Employers tracked time worked by Plaintiff and similarly situated class members

26 │ through Kronos electronic time keeping system.

Page 14 - Class Action Complaint

EXHIBIT A
Page 16 of 38

74.

Employers' Kronos time keeping system downloaded data to Etime computer program.

75.

Employers programmed the electronic time keeping system such that it failed to provide payroll with all the hours worked and recorded by Plaintiff and class members.

76.

Employers programmed the electronic time keeping system such that changed start and stop "punch times" at the beginning of a shift, end of a shift, and for lunch breaks.

77.

Defendant provided the altered time to payroll resulting in Defendants not paying for all hours worked.

78.

The alterations with the start of the day punch causes between 0 to 5 minutes of unpaid wages per day.

79.

The alterations to the end of day punch causes between 0 to 5 minutes of unpaid wages per day.

80.

The alterations to the lunch period punch causes between 0 and 29 minutes of unpaid wages for manual labor provided.

81.

In addition, because Oregon law requires the lunches to be paid in full if interrupted, where a lunch is not 30 minutes in length, the employee is due a full 30 minutes of wages, not just the labor hours he/she actually worked during the lunch period. OAR 839-020-0050(2)(b).

Page 15 - Class Action Complaint

82.

The payroll departments for each employer paid Plaintiff and class members their wages based upon the altered time communicated to payroll by the electronic time keeping system.

83.

Employers were required to pay all wages earned on payday under ORS 652.120 and 653.010, including the wages it failed to pay because of the way Employers programmed its electronic time keeping system.

84.

Each Defendant failed to timely pay all wages to Plaintiff and class members because of the programming used by the electronic time keeping system.

85.

Plaintiff made multiple demands for payment of all unpaid wages on behalf of himself and other class members to each Defendant.

86.

Each Defendant failed and refused to pay all wages earned during Plaintiff and class members employment for that particular Defendant and there remains an amount of wages owed by each Defendant to Plaintiff and class members.

87.

Plaintiff's attorney sent written notices of the wage claim to Employers.

88.

Because of each Defendant's failure to make payment of all regular wages when due, Plaintiff and class members are due unpaid regular wages in an amount to be determined at trial against each Defendant.

89.

Because of Employers' failure to pay Plaintiff's and all class members' wages within

Page 16 - Class Action Complaint

1  48 hours after they were due, Plaintiff and class members are entitled to recover costs,

2  disbursements, and reasonable attorney fees, pursuant to ORS 652.200(2).

3  90.

4  Plaintiff and class members seek unpaid wages, costs, disbursements and attorney

5  fees, pursuant to ORS 652.200(2) plus pre- and post-judgment interest in the amount of 9%

6  per annum incurred herein under ORS 82.010.

7  **SECOND CLAIM FOR RELIEF**

8  (Oregon Overtime Wages, Civil Penalty)

9  91.

10  Plaintiff re-alleges all paragraphs as though fully alleged herein.

11  92.

12  For defendants Randstad and Kelley, this claim runs for the two year period before

13  filing of this suit.

14  93.

15  For defendants Solarworld Industries America, Inc.; Solarworld Industries America,

16  LP; Solarworld Industries Services, LLC; Solarworld Power Projects, Inc., this claim runs

17  from the date of filing back to the date Frederick Bey's case was filed in Multnomah County

18  court.

19  94.

20  During the course of Plaintiff's and class members' employment, Employers

21  authorized, allowed, permitted, and suffered Plaintiff to work hours, in excess of 40 hours per

22  week.

23  95.

24  Pursuant to ORS 653.261 and OAR 839-020-0030, Employers was required to pay

25  Plaintiff and all class members at the rate of 1 ½ times their regular rate of pay those hours

26  worked in excess of 40 hours per week, when those wages were due.

Page 17 - Class Action Complaint

**SCHUCK LAW, LLC**
10013 NE Hazel Dell Avenue #178 • Vancouver, WA 98685
Tel (360) 566-9243 • Fax (503) 575-2763

96.

For those workers covered, Employers was required to pay hours worked in excess of 10 hours per day at 1 ½ times their regular rate of pay.

97.

Because Employers programmed its electronic time keeping system to reduce the recorded hours worked, Employers failed to pay all overtime wages for all overtime hours worked by Plaintiff and class members, and further failed to pay those hours at the rate of 1 ½ times their regular hourly rate.

98.

Where Employers programmed the electronic time keeping system to alter punches for lunches, the employee is due 30 minutes of wages. Where those wages are in excess of 10 hours per day or 40 hours per week, that time should have been paid at the overtime rate.

99.

Employers failed and refused to pay Plaintiff and class members for the hours of overtime worked, when those wages were due, and there remains due and unpaid overtime wages in an amount to be determined against each Defendant.

100.

Employers were required to pay Plaintiff and all class members for all overtime hours worked on the next regularly scheduled pay day under ORS 652.120 and ORS 653.010.

101.

In failing to pay Plaintiff and class members for all overtime hours worked at the rate of 1 ½ times their regular rate of pay, Employers' actions were willful.

102.

Because of each Defendant's failure to pay Plaintiff and all class members for all overtime hours worked during their employment with that specific Defendant, Plaintiff and class members, pursuant to ORS 653.055(1)(b), are entitled to a civil penalty as computed by

Page 18 - Class Action Complaint

1     ORS 652.150 against each Defendant for which they separately were employed.

2                        103.

3       Plaintiff and class members are due a separate civil penalty under ORS 653.055 from

4     each Defendant for which they worked, but were not paid. Where Plaintiff or class members

5     terminated employment with a temporary employer and were hired by another temporary

6     employer or any of the Solarworld entities, Plaintiff and class members are due multiple

7     overtime civil penalties, one from each employer.

8                        104.

9       Plaintiff is due three separate overtime civil penalties. One each from Kelly Services,

10    Randstad Professionals US, and one from the Solarworld entities. Each overtime penalty due

11    Plaintiff is in the approximate amount of $3,500.

12                     105.

13       Plaintiff and class members have been required to bring this action to recover overtime

14    ///

15    earnings and penalties, and are entitled to recover costs, disbursements, and a reasonable sum

16    for attorney fees, pursuant to ORS 653.055(4) and ORS 652.200(2).

17                     106.

18       Plaintiff and class members seek overtime wages in an amount to be determined, plus

19    a civil penalty as determined per ORS 653.055(1)(b) against each Defendant for whom the

20    individual class member worked and was not paid overtime wages, plus costs and

21    disbursements. Plaintiff also seeks attorney fees per ORS 655.055(4) and ORS 652.200(2)

22    plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under

23    ORS 82.010.

24    ///

25    ///

26    ///

Page 19 - Class Action Complaint

**THIRD CLAIM FOR RELIEF**

(Late Payment at Termination Claim)

106.

Plaintiff re-alleges all paragraphs as though fully alleged herein.

107.

For defendants Randstad and Kelley, this claim runs for the three year period before filing of this suit.

108.

For defendants Solarworld Industries America, Inc.; Solarworld Industries America, LP; Solarworld Industries Services, LLC; Solarworld Power Projects, Inc., this claim runs from the date of filing back to the date Frederick Bey's case was filed in Multnomah County court.

109.

During the course of Plaintiff's and class members' employment, Employers allowed, suffered and permitted Plaintiff and class members to perform work for the benefit of Employers.

110.

At the time of Plaintiff's termination, Employers agreed to pay Plaintiff at an hourly rate.

111.

Plaintiff was terminated by Defendant Kelly Services, Inc.

112.

Plaintiff was terminated by Defendant Randstad Professionals US, LP.

113.

Plaintiff was terminated by Defendants Solarworld Industries America, Inc.;

///

Page 20 - Class Action Complaint

SCHUCK LAW, LLC
10013 NE Hazel Dell Avenue #178 • Vancouver, WA 98685
Tel (360) 566-9243 • Fax (503) 575-2763

1  Solarworld Industries America, LP; Solarworld Industries Services, LLC; Solarworld Power

2  Projects, Inc.

                                    114.

3

4      The last hourly rate paid to Plaintiff and class members and the final date of

5  employment for Plaintiff and class members should be in Employers' employment records.

                                    115.

6

7      Employers failed to pay Plaintiff and all class members the wages as set out above,

8  and wages remain due and owing.

                                    116.

9

10     Employers were required to pay Plaintiff and all class members for all time they

11  worked, including the unpaid time described in this complaint, within the time set by ORS

12  652.140 for each termination.

                                    117.

13

14     Employers failed and refused to pay all time worked, and therefore, failed to pay all

15  wages within the time required by ORS 652.140.

                                    118.

16

17     In failing to pay all of Plaintiff's and class members' final wages at termination,

18  Employers were a free agents.

                                    119.

19

20     In failing to pay all of Plaintiff's and class members' final wages at termination,

21  Employers determined their own actions.

                                    120.

22

23     Employers programed, or caused their electronic time keeping system to be

24  programmed, in the manner set forth in this complaint.

25  ///

26  ///

Page 21 - Class Action Complaint

121.

In failing to pay all of Plaintiff's and class members' final wages at termination, Employers were not responsible to, nor coerced by any other person, or entity, or authority.

122.

Employers knew Plaintiff's employment had ended when it ended for each Defendant.

123.

Employers knew class members' employment had ended when the employment relationship ended with each Defendant.

124.

Employers possessed all information regarding the hours worked by Plaintiff and class members.

125.

Employers could calculate the amount of wages due Plaintiff and class members at termination.

126.

Employers were capable of paying all Plaintiff's and class members' wages earned and due at termination.

127.

Employers' failure to make payment of Plaintiff's final wages when due was wilful and continued for not less than 30 days.

128.

Plaintiff and his attorneys made multiple demands for payment of his unpaid wages and the unpaid wages of class members.

129.

Employers continue their failure to pay all wages due after Plaintiff's written demand.

///

Page 22 - Class Action Complaint

1                 130.

2       Plaintiff's attorney sent written notice of the wage claim to Employers.

3                 131.

4       Because of Employers' failure to make payment of final wages when due, Plaintiff and

5 class members are due statutory penalty wages in an amount to be determined pursuant to

6 ORS 652.150, for the continuation of Plaintiff's and class members' unpaid final wages for

7 not less than 30 days for each termination for any Defendant.

8                 132.

9       Plaintiff and class members are due a separate 30 days of penalty wages for each

10 Defendant for whom he/she was hired and terminated, but not paid all wages due as set out in

11 this complaint. (Specifically Randstad, Kelly, & the Solarworld entities).

12                 133.

13       Plaintiff is due penalty wages for three separate employment situations.  One amount

14 of penalty wages each from Kelly Services, Randstad, and the Solarworld entities

15 respectively.  Each set of penalty wages due Plaintiff is in the approximate amount of $3,500.

16                 134.

17       Because of Employers' failure to pay Plaintiff's wages within 48 hours after they were

18 due, Plaintiff and class members are entitled to recover costs, disbursements, and reasonable

19 attorney fees, pursuant to ORS 652.200(2).

20                 135.

21       Plaintiff and class members seek statutory wages pursuant to ORS 652.150, and costs,

22 disbursements.  Plaintiff also seeks attorney fees, pursuant to ORS 652.200(2) plus pre- and

23 post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

24 ///

25 ///

26 ///

Page 23 - Class Action Complaint

**SCHUCK LAW, LLC**
10013 NE Hazel Dell Avenue #178 • Vancouver, WA 98685
Tel (360) 566-9243 • Fax (503) 575-2763

1       **WHEREFORE**, Plaintiff demands judgment from Defendant:

2   **Upon Plaintiff's claim for relief:**

3   1.   Unpaid wages in an amount to be determined after discovery.

4   2.   Attorney fees pursuant to ORS 652.200(2).

5   3.   Costs and disbursements, pre and post judgment interest in the amount of 9% per

6        annum on all claims herein under ORS 82.010.

7   **Upon Plaintiff's claim for relief for failing to pay Oregon overtime wages:**

8   1.   Unpaid overtime wages for an amount to be determined.

9   2.   Civil Penalty per ORS 653.055(1)(b) and ORS 652.150 for each separate employer

10       who failed to pay overtime wages.

11  3.   Attorney fees pursuant to ORS 653.055(4) and ORS 652.200(2).

12  4.   Costs, disbursements, and pre- and post- judgment interest in the amount of 9% per

13       annum incurred herein under ORS 82.010.

14  **Upon Plaintiff's claim for relief for failing to timely pay all wages on termination:**

15  1.   Unpaid wages in an amount to be determined.

16  2.   Statutory penalty wages pursuant to ORS 652.150 for each separate employer who

17  failed to pay all wages timely at termination.

18  3.   Attorney fees pursuant to ORS 652.200(2).

19  4.   Pre-judgment and post- judgment interest on all damage amounts, plus costs and

20       disbursements under ORS 82.010.

21

22       DATED:  August 26, 2014.

23                                                        Schuck Law, LLC

24

25                                                        David A. Schuck, OSB 993564
                                                          dschuck@wageclaim.org
26                                                        (360) 566-9243
                                                          Attorney for Plaintiff

Page 24 - Class Action Complaint

9/9/2014 5:08:04 PM
14CV12000

## IN THE CIRCUIT COURT FOR THE STATE OF OREGON
## FOR THE COUNTY OF MULTNOMAH

MICHAEL MAKANEOLE, individually and on behalf of all
similarly situated,

                **Plaintiff,**

    v.

SOLARWORLD INDUSTRIES AMERICA, INC.;
SOLARWORLD INDUSTRIES AMERICA, LP;
SOLARWORLD INDUSTRIES SERVICES, LLC;
SOLARWORLD POWER PROJECTS, INC., RANDSTAD
PROFESSIONALS US, LP, and KELLY SERVICES, INC.,
                **Defendants.**

Case No.  14CV12000

**SUMMONS**

TO:    **SOLARWORLD INDUSTRIES AMERICA, INC.**

    IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and defend the complaint filed against you in the above-entitled cause within 30 days from the date of service of this summons on you; and if you fail to appear and defend, the plaintiff will apply to the court for the relief demanded in the complaint.

### NOTICE TO DEFENDANT:
### READ THESE PAPERS CAREFULLY

    You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

    **If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.**

                David A. Schuck, OSB 993564, WSB 37285
                dschuck@wageclaim.org
                Attorney for Plaintiff
                10013 NE Hazel Dell Ave. #178
                Vancouver, WA 98685  (360) 566-9243

**STATE OF WASHINGTON, County of Clark ) ss**
    I, the undersigned attorney of record for the Plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

                David A. Schuck, OSB 993564, WSB 37285
                dschuck@wageclaim.org
                Attorney for Plaintiff

**TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:**  You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

                David A. Schuck, OSB 993564, WSB 37285
                dschuck@wageclaim.org
                Attorney for Plaintiff

SCHUCK LAW, LLC
Attorneys at Law
10013 NE Hazel Dell Avenue #178 • Vancouver, WA 98685
Tel (360) 566-9243 • Fax (503) 575-2763

IN THE CIRCUIT COURT FOR THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| MICHAEL MAKANEOLE, individually and on behalf of all similarly situated,<br><br>      **Plaintiff**,<br><br> v.<br><br>**SOLARWORLD INDUSTRIES AMERICA, INC.;**<br>**SOLARWORLD INDUSTRIES AMERICA, LP;**<br>**SOLARWORLD INDUSTRIES SERVICES, LLC;**<br>**SOLARWORLD POWER PROJECTS, INC., RANDSTAD**<br>**PROFESSIONALS US, LP, and KELLY SERVICES, INC.,**<br>      **Defendants**. | Case No. 14CV12000<br><br>**SUMMONS** |

TO: **SOLARWORLD INDUSTRIES AMERICA, LP**

IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and defend the complaint filed against you in the above-entitled cause within 30 days from the date of service of this summons on you; and if you fail to appear and defend, the plaintiff will apply to the court for the relief demanded in the complaint.

**NOTICE TO DEFENDANT:**
**READ THESE PAPERS CAREFULLY**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

**If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.**

     David A. Schuck, OSB 993564, WSB 37285
     dschuck@wageclaim.org
     Attorney for Plaintiff
     10013 NE Hazel Dell Ave. #178
     Vancouver, WA 98685  (360) 566-9243

**STATE OF WASHINGTON, County of Clark ) ss**

I, the undersigned attorney of record for the Plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

     David A. Schuck, OSB 993564, WSB 37285
     dschuck@wageclaim.org
     Attorney for Plaintiff

**TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:** You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

     David A. Schuck, OSB 993564, WSB 37285
     dschuck@wageclaim.org
     Attorney for Plaintiff

SCHUCK LAW, LLC
Attorneys at Law
10013 NE Hazel Dell Avenue #178 • Vancouver, WA 98685
Tel (360) 566-9243 • Fax (503) 575-2763

## IN THE CIRCUIT COURT FOR THE STATE OF OREGON
## FOR THE COUNTY OF MULTNOMAH

MICHAEL MAKANEOLE, individually and on behalf of all
similarly situated,

                       **Plaintiff,**

   v.

SOLARWORLD INDUSTRIES AMERICA, INC.;
SOLARWORLD INDUSTRIES AMERICA, LP;
SOLARWORLD INDUSTRIES SERVICES, LLC;
SOLARWORLD POWER PROJECTS, INC., RANDSTAD
PROFESSIONALS US, LP, and KELLY SERVICES, INC.,
                     **Defendants.**

**Case No. 14CV12000**

**SUMMONS**

TO:   **SOLARWORLD INDUSTRIES SERVICES, LLC**

      IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and defend the complaint filed against you in the above-entitled cause within 30 days from the date of service of this summons on you; and if you fail to appear and defend, the plaintiff will apply to the court for the relief demanded in the complaint.

### NOTICE TO DEFENDANT:
### READ THESE PAPERS CAREFULLY

      You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

      **If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.**

                   David A. Schuck, OSB 993564, WSB 37285
                   dschuck@wageclaim.org
                   Attorney for Plaintiff
                   10013 NE Hazel Dell Ave. #178
                   Vancouver, WA 98685  (360) 566-9243

**STATE OF WASHINGTON, County of Clark ) ss**
      I, the undersigned attorney of record for the Plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

                   David A. Schuck, OSB 993564, WSB 37285
                   dschuck@wageclaim.org
                   Attorney for Plaintiff

**TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:**  You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

                   David A. Schuck, OSB 993564, WSB 37285
        ·             dschuck@wageclaim.org
                   Attorney for Plaintiff

SCHUCK LAW, LLC
Attorneys at Law
10013 NE Hazel Dell Avenue #178 • Vancouver, WA 98685
Tel (360) 566-9243 • Fax (503) 575-2763

## IN THE CIRCUIT COURT FOR THE STATE OF OREGON
## FOR THE COUNTY OF MULTNOMAH

**MICHAEL MAKANEOLE**, individually and on behalf of all similarly situated,

                     **Plaintiff**,

    v.

**SOLARWORLD INDUSTRIES AMERICA, INC.;
SOLARWORLD INDUSTRIES AMERICA, LP;
SOLARWORLD INDUSTRIES SERVICES, LLC;
SOLARWORLD POWER PROJECTS, INC., RANDSTAD
PROFESSIONALS US, LP, and KELLY SERVICES, INC.,**
                     **Defendants**.

**Case No.  14CV12000**

**SUMMONS**

TO:    **SOLARWORLD POWER PROJECTS, INC.**

IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and defend the complaint filed against you in the above-entitled cause within 30 days from the date of service of this summons on you; and if you fail to appear and defend, the plaintiff will apply to the court for the relief demanded in the complaint.

### NOTICE TO DEFENDANT:
### READ THESE PAPERS CAREFULLY

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

**If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.**

David A. Schuck, OSB 993564, WSB 37285
dschuck@wageclaim.org
Attorney for Plaintiff
10013 NE Hazel Dell Ave. #178
Vancouver, WA 98685  (360) 566-9243

**STATE OF WASHINGTON, County of Clark ) ss**

I, the undersigned attorney of record for the Plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

David A. Schuck, OSB 993564, WSB 37285
dschuck@wageclaim.org
Attorney for Plaintiff

**TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:**  You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

David A. Schuck, OSB 993564, WSB 37285
dschuck@wageclaim.org
Attorney for Plaintiff

**SCHUCK LAW, LLC**
Attorneys at Law
10013 NE Hazel Dell Avenue #178 • Vancouver, WA 98685
Tel (360) 566-9243 • Fax (503) 575-2763

**IN THE CIRCUIT COURT FOR THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH**

| | |
|---|---|
| **MICHAEL MAKANEOLE**, individually and on behalf of all similarly situated, <br><br>             **Plaintiff**, <br>    v. <br><br> **SOLARWORLD INDUSTRIES AMERICA, INC.; SOLARWORLD INDUSTRIES AMERICA, LP; SOLARWORLD INDUSTRIES SERVICES, LLC; SOLARWORLD POWER PROJECTS, INC., RANDSTAD PROFESSIONALS US, LP, and KELLY SERVICES, INC.,** <br>            **Defendants**. | **Case No. 14CV12000** <br><br> **SUMMONS** |

TO:   **KELLY SERVICES, INC.**

IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and defend the complaint filed against you in the above-entitled cause within 30 days from the date of service of this summons on you; and if you fail to appear and defend, the plaintiff will apply to the court for the relief demanded in the complaint.

**NOTICE TO DEFENDANT:
READ THESE PAPERS CAREFULLY**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

**If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.**

                       David A. Schuck, OSB 993564, WSB 37285
                       dschuck@wageclaim.org
                       Attorney for Plaintiff
                       10013 NE Hazel Dell Ave. #178
                       Vancouver, WA 98685  (360) 566-9243

**STATE OF WASHINGTON, County of Clark ) ss**

I, the undersigned attorney of record for the Plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

                       David A. Schuck, OSB 993564, WSB 37285
                       dschuck@wageclaim.org
                       Attorney for Plaintiff

**TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:** You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

                       David A. Schuck, OSB 993564, WSB 37285
                       dschuck@wageclaim.org
                       Attorney for Plaintiff

**SCHUCK LAW, LLC**
Attorneys at Law
10013 NE Hazel Dell Avenue #178 • Vancouver, WA 98685
Tel (360) 566-9243 • Fax (503) 575-2763

1

2

3

4                    **IN THE CIRCUIT COURT FOR THE STATE OF OREGON**

5                        **FOR THE COUNTY OF MULTNOMAH**

6

7    **MICHAEL MAKANEOLE**, individually and          **Case No.  14CV12000**
     on behalf of all similarly situated,

8                                                      **DECLARATION OF ELISABETH**
                              **Plaintiff,**           **CUMMINGS IN SUPPORT OF**
                                                       **SERVICE OF SUMMONS**
9            v.

10   **SOLARWORLD INDUSTRIES AMERICA,**
     **INC.; SOLARWORLD INDUSTRIES**
11   **AMERICA, LP; SOLARWORLD**
     **INDUSTRIES SERVICES, LLC;**
12   **SOLARWORLD POWER PROJECTS,**
     **INC., RANDSTAD PROFESSIONALS US,**
13   **LP, AND KELLY SERVICES, INC.,**

14                            **Defendant**.

15   I, Elisabeth Cummings, hereby declare:

16          1.      I make this declaration upon personal knowledge and in support of the service

17   of the Summons being filed in the above captioned matter.

18          2.      On August 29, 2014 I mailed a true and correct copy of the Summons and

19   Complaint to Victor J. Kisch at Stoel Rives, 900 SW Fifth Avenue, Suite 2600, Portland

20   Oregon, via certified mail return receipt requested. Mr. Kisch is authorized to accept service

21   on behalf of Solarworld Industries of America Inc., Solarworld Industries America LP, and

22   Solarworld Industries Services LLC, Solarworld Power Projects Inc.

23          3.      On August 29, 2014 I mailed a true and correct copy of the Summons and

24   Complaint to Gerald Maatman at Seyfarth Shaw, 131 S Dearborn Street, Suite 2400, Chicago

25   ///

26

Page 1 - Declaration of Elisabeth Cummings in Support of Service of Summons

1   Illinois, via certified mail return receipt requested. Mr. Maatman is authorized to accept

2   service on behalf of Kelly Services Inc.

3        3.     On September 2, 2014 an authorized agent for Victor J. Kisch signed a return

4   receipt acknowledging delivery of the Summons and Complaint mailed on August 29, 2014.

5   See attached exhibit A.

6        4.     On September 4, 2014 an authorized agent for Gerald Maatman signed a return

7   receipt acknowledging delivery of the Summons and Complaint mailed on August 29, 2014.

8   See attached exhibit B.

9

10       I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE

11   BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE

12   FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

13
      Dated September 9, 2014.

14

15

16
                      s/Elisabeth Cummings
17                       ELISABETH A. CUMMINGS
                      Legal Assistant to Schuck Law LLC
18

19

20

21

22

23

24

25

26

Page 2 - Declaration of Elisabeth Cummings in Support of Service of Summons

**SCHUCK LAW, LLC**
10013 NE Hazel Dell Avenue #178 • Vancouver, WA 98685
Tel (360) 566-9243 • Fax (503) 575-2763

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ | |
| Certified Fee | $.25 | SHIP SHOP |
| Return Receipt Fee (Endorsement Required) | | Postmark |
| Restricted Delivery Fee (Endorsement Required) | | AUG 29 '14 |
| Total Postage & Fees | $ | VANCOUVER, WA 98685 |

Sent To _Solarworld Industries_
Street, Apt. No.; or PO Box No. _900 SW 5th Ave # 2600_
City, State, ZIP+4 _Portland OR 97204_

PS Form 3800, August 2006          See Reverse for Instructions

7012 2210 0001 1102 9818

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Solarworld Industries
c/o Victor Kisch
Stoel Rives LLP
900 SW 5th Ave # 2600
Portland OR 97204

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent  ☐ Addressee

B. Received by (Printed Name) _Keir King_   C. Date of Delivery _9/2/14_

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail®      ☐ Priority Mail Express™
   ☐ Registered           ☒ Return Receipt for Merchandise
   ☐ Insured Mail         ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)

7012 2210 0001 1102 9818

PS Form 3811, July 2013          Domestic Return Receipt

EXHIBIT A
Page 1 of 2

English        Customer Service        USPS Mobile                                      Register / Sign in

 **USPS.COM**                                      Search USPS.com or Track Packages

Quick Tools                    Ship a Package        Send Mail        Manage Your Mail        Shop        Business Solutions

# USPS Tracking™

 **Customer Service ›**
Have questions? We're here to help.

---

Tracking Number: 70122210000111029818

## Product & Tracking Information

**Postal Product:**              **Features:**
                                 Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **September 2, 2014 , 9:03 am** | Delivered | PORTLAND, OR 97207 |

Your item was delivered at 9:03 am on September 2, 2014 in PORTLAND, OR 97207.

| | | |
|---|---|---|
| September 2, 2014 , 5:08 am | Departed USPS Facility | PORTLAND, OR 97208 |
| August 30, 2014 , 8:42 pm | Arrived at USPS Facility | PORTLAND, OR 97208 |

## Available Actions

Text Updates

Email Updates

Return Receipt After Mailing

---

## Track Another Package

Tracking (or receipt) number

[                                        ]        Track It

---

**LEGAL**                **ON USPS.COM**                    **ON ABOUT.USPS.COM**            **OTHER USPS SITES**
Privacy Policy ›          Government Services ›              About USPS Home ›                Business Customer Gateway ›
Terms of Use ›            Buy Stamps & Shop ›                Newsroom ›                       Postal Inspectors ›
FOIA ›                   Print a Label with Postage ›        USPS Service Alerts ›            Inspector General ›
No FEAR Act EEO Data ›    Customer Service ›                Forms & Publications ›            Postal Explorer ›
                         Delivering Solutions to the Last Mile ›    Careers ›                  National Postal Museum ›
                         Site Index ›

**USPS.COM**    Copyright© 2014 USPS. All Rights Reserved.

EXHIBIT A
Page 2 of 2

USPS Postal Service™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ 4.95 |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.95 |

SHIP SHOP

Postmark
AUG 29 '14

VANCOUVER, WA 98665

Sent To
*Kelly Services Inc*
Street, Apt. No.; or PO Box No.
*131 S Dearborn #2400*
City, State, ZIP+4
*Chicago IL 60603*

PS Form 3800, August 2006          See Reverse for Instructions

7012 2210 0001 1102 9801

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Kelly Services Inc.*
*c/o Gerald Maatman*
*131 S Dearborn St #2400*
*Chicago IL 60603*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☑ Certified Mail®     ☐ Priority Mail Express™
   ☐ Registered          ☒ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7012 2210 0001 1102 9801

PS Form 3811, July 2013          Domestic Return Receipt

**EXHIBIT** _B_
**Page** _1 of 2_

English       Customer Service       USPS Mobile                                    Register / Sign In



Search USPS.com or Track Packages

Quick Tools          Ship a Package       Send Mail      Manage Your Mail       Shop       Business Solutions

# USPS Tracking™

**Customer Service ›**
Have questions? We're here to help.

**Tracking Number: 70122210000111029801**

## Product & Tracking Information

**Postal Product:**        **Features:**
                          Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **September 4, 2014 , 5:57 am** | **Delivered** | **CHICAGO, IL 60604** |

Your item was delivered at 5:57 am on September 4, 2014 in CHICAGO, IL 60604.

| | | |
|---|---|---|
| September 3, 2014 , 8:39 am | Available for Pickup | CHICAGO, IL 60699 |
| September 3, 2014 , 8:35 am | Arrived at Unit | CHICAGO, IL 60601 |
| September 2, 2014 , 12:06 am | Departed USPS Facility | CHICAGO, IL 60607 |
| September 1, 2014 , 8:24 pm | Arrived at USPS Facility | CHICAGO, IL 60607 |
| August 30, 2014 , 9:08 pm | Departed USPS Facility | PORTLAND, OR 97208 |
| August 30, 2014 , 7:56 pm | Arrived at USPS Facility | PORTLAND, OR 97208 |

## Available Actions

Text Updates

Email Updates

Return Receipt After Mailing

## Track Another Package

**Tracking (or receipt) number**

[                    ]    Track It

**LEGAL**
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**ON USPS.COM**
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Delivering Solutions to the Last Mile ›
Site Index ›

**ON ABOUT.USPS.COM**
About USPS Home ›
Newsroom ›
USPS Service Alerts ›
Forms & Publications ›
Careers ›

**OTHER USPS SITES**
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›
National Postal Museum ›

USPS.COM    Copyright© 2014 USPS. All Rights Reserved.

EXHIBIT B
Page 2082

1

### CERTIFICATE OF SERVICE

2    I hereby certify that I caused to be served the foregoing **DECLARATION OF ELISABETH CUMMINGS IN SUPPORT OF SERVICE OF SUMMONS** upon:

3

4    Victor J. Kisch                                   Clarence Belnavis
     Stoel Rives                                       Fisher Phillips
5    900 SW 9th Ave #2600                              111 SW 5th Ave #4040
     Portland, OR 97204                                Portland OR 97204
     vkisch@stoel.com                                  Cbelnavis@laborlawyers.com
6

7    Gerald Maatman
     Seyfarth Shaw
     131 S Dearborn St #2400
8    Chicago IL 60603
     gmaatman@seyfarth.com
9

10   by the following indicated method(s):

11

     [ X ]    by **emailing** a full, true, and correct copy thereof to the person(s) above at on
12            September 9, 2014.

13

14

15                                      DATED:  September 9, 2014.

16                                      s/David A. Schuck
                                        DAVID A. SCHUCK, OSB 993564, WSB 37285
17                                      dschuck@wageclaim.org
                                        Attorney for Plaintiff
18

19

20

21

22

23

24

25

26