IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MICHAEL MAKANEOLE, individually and on behalf of all similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>SOLARWORLD INDUSTRIES AMERICA, INC.; SOLARWORLD INDUSTRIES AMERICA, LP; SOLARWORLD INDUSTRIES SERVICES, LLC; SOLARWORLD POWER PROJECTS, INC., RANDSTAD PROFESSIONALS US, LP, and KELLY SERVICES, INC.,<br><br>        Defendants. | 3:14-CV-01528-PK<br><br>ORDER |

**BROWN, Judge.**

    Magistrate Judge Paul Papak issued Findings and Recommendation (#43) on December 8, 2014, in which he recommends the Court deny the Motion (#7) to Dismiss of Defendant Kelly

1 - ORDER

Services, Inc.; grant Kelly Service's Alternative Motion (#7) for More Definite Statement pursuant to Rule 12(e); grant in part and deny in part the Motion (#10) to Dismiss of Defendant Randstad Professionals U.S., LP; dismiss with prejudice Plaintiff's Third Claim as to all Defendants; dismiss without prejudice Plaintiff's First and Second Claims as to all Defendants; and grant Plaintiff thirty days to file an Amended Complaint consistent with the Findings and Recommendation.

Plaintiff filed timely Objections to the Findings and Recommendation.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

**I.   Portions of the Findings and Recommendation to which Plaintiff does not object.**

Plaintiff does not object to any part of the Findings and Recommendation other than the Magistrate Judge's recommendation to dismiss with prejudice Plaintiff's Third Claim.

When a party does not object to portions of a Magistrate Judge's Findings and Recommendation, this Court is relieved of its obligation to review the record *de novo* as to those portions of the Findings and Recommendation.  *See Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).  *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).  Having reviewed the legal principles *de novo* as to those portions of the Findings and Recommendation to which Plaintiff does not object, the Court does not find any error.

2 - ORDER

## II. Portions of the Findings and Recommendation to which Plaintiff objects.

As noted, Plaintiff objects only to the Magistrate Judge's recommendation to dismiss with prejudice Plaintiff's Third Claim.

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

The Magistrate Judge notes in the Findings and Recommendation that Plaintiff's Third Claim for Defendants' failure to pay wages on termination in violation of Oregon Revised Statute § 652.140 is based on the same factual allegations as those underlying Plaintiff's Second Claim for Defendants' failure to pay overtime in violation of Oregon Revised Statute § 653.261. The Magistrate Judge, however, finds under Oregon law that a plaintiff may not seek two penalties for violations of wage-and-hour laws based on the same underlying facts. *See Hurger v. Hyatt Lake Resort, Inc.*, 170 Or. App. 320, 323 (2001). *See also Cornier v. Paul Tulacz, DVM PC*, 176 Or. App. 245, 247 (2001). Because the Magistrate Judge concludes Plaintiff seeks two penalties based on the same set of facts, he recommends the Court dismiss Plaintiff's Third Claim with prejudice.

3 - ORDER

Plaintiff asserts in his Objections that the Magistrate Judge erred when he recommended the Court dismiss Plaintiff's Third Claim with prejudice because (1) Oregon courts permit recovery of a double penalty based on facts that allege more than one wage-and-hour law violation and/or (2) in this putative class action there may be plaintiffs who have claims for regular wages that remain unpaid even though their employment has ended, but who do not have overtime claims.  According to Plaintiff, if the Court dismisses Plaintiff's Third Claim with prejudice, the class members who only have claims for regular wages that remain unpaid after termination would be unable to obtain any penalty because they would be ineligible to recover a penalty for Defendants' failure to pay overtime wages and they would be foreclosed from seeking a penalty for Defendants' failure to pay regular wages on termination.

The Court disagrees with Plaintiff's first assertion related to an award of double penalties and concludes the Magistrate Judge did not err when he found Plaintiff seeks penalties in his Second Claim for Defendants' alleged failure to pay Plaintiff overtime wages upon termination that are duplicative of the penalties Plaintiff seeks in his Third Claim for Defendants' alleged failure to pay overtime wages during employment.  The Court also concludes the Magistrate Judge did not err when he found Plaintiff is barred from seeking such duplicative penalties

4 - ORDER

by *Hurger* and *Cornier*.

Plaintiff's second assertion, however, is well-taken. Federal Rule of Civil Procedure 8(d)(2) provides: "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Accordingly, Plaintiff is permitted to plead claims in the alternative and it is premature to dismiss Plaintiff's Third Claim with prejudice. The Court, therefore, declines to adopt that portion of the Findings and Recommendation in which the Magistrate Judge recommends the Court dismiss Plaintiff's Third Claim with prejudice. The Court instead dismisses Plaintiff's Third Claim without prejudice to allow Plaintiff to allege his Third Claim in the alternative.

## CONCLUSION

The Court **ADOPTS as modified** Magistrate Judge Papak's Findings and Recommendation (#43). Accordingly, the Court:

1. **DENIES** Kelly Services' Motion (#7) to Dismiss;
2. **GRANTS** Kelly Services' Alternative Motion (#7) for More Definite Statement pursuant to Rule 12(e);
3. **GRANTS** Randstad Professionals' Motion (#10) to Dismiss as to Plaintiff's First, Second, and Third Claims;

5 - ORDER

4.  **DENIES** Randstad Professionals' Motion (#10) to Dismiss as to Plaintiff's request for attorneys' fees;

5.  **DISMISSES without prejudice** Plaintiff's First, Second, and Third Claims; and

6.  **GRANTS** Plaintiff leave to file an Amended Complaint **no later than April 6, 2015,** to cure the deficiencies set out in the Findings and Recommendation.

IT IS SO ORDERED.

DATED this 9th day of March, 2015.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

6 - ORDER