GORDON & POLSCER, LLC
Andrew S. Moses, OSB No. 983009
Email:  amoses@gordon-polscer.com
9755 SW Barnes, Suite 650
Portland, Oregon  97225
Telephone: (503) 242-2922

SEYFARTH SHAW LLP
Gerald L. Maatman, Jr.
Email:  gmaatman@seyfarth.com
Joshua M. Henderson
Email:  jhenderson@seyfarth.com
Michael W. Kopp
Email:  mkopp@seyfarth.com
131 South Dearborn Street, Suite 2400
Chicago, Illinois  60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

Attorneys for Defendant
**KELLY SERVICES, INC**.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MICHAEL MAKANEOLE**, individually and on behalf of all similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SOLARWORLD INDUSTRIES AMERICA, INC.; SOLARWORLD INDUSTRIES AMERICA, LP; SOLARWORLD INDUSTRIES SERVICES, LLC; SOLARWORLD POWER PROJECTS, INC., RANDSTAD PROFESSIONALS US, LP**, and **KELLY SERVICES, INC**.,<br><br>Defendants. | Case No. 3:14-CV-01528-PK<br><br>**DEFENDANT KELLY SERVICES, INC.'S MOTION TO COMPEL PLAINTIFF'S FURTHER RESPONSES TO REQUESTS FOR PRODUCTION**<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT KELLY SERVICES, INC.'S MOTION TO COMPEL PLAINTIFF'S FURTHER RESPONSES TO REQUESTS FOR PRODUCTION**

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7-1 and FRCP 37

This Motion is made following the conference of counsel pursuant to Local Rule 7-1, which took place by telephone on May 22, 2015, between one of Defendant KSI's counsel, Michael Kopp, and David Schuck, one of the counsel for Plaintiff, for the purpose of meeting and conferring regarding the issues address in this motion.  Prior to that conference, via correspondence on April 14, 2015, and May 19, 2015, Defendant KSI's counsel, attempted to resolve this matter informally without the Court's intervention, with an identification of the specific deficiencies in Plaintiff's discovery responses, as well as a discussion of the legal basis for the need for plaintiff's supplementation.

Despite these good faith efforts and discussions, the parties were unable to reach any agreement regarding the issues raised in the motion.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 26-3(b)

This brief complies with the applicable word count limitation under Local Rule 26-3(b) because it contains 2,853 words, including headings, footnotes, and quotations, but excluding the caption, signature block, exhibits, and any certificates of counsel.

## MOTION

**TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, Defendants Kelly Services, Inc. ("KSI"), hereby moves the Court to enter an order compelling Plaintiff to produce documents responsive to KSI's Requests for Production, pursuant to the Proposed Stipulated Protective Order attached hereto as Exhibit 1.

Pursuant to LR 7-1(c), this Motion is supported by the below Memorandum of Law.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT KSI'S MOTION TO COMPEL.

**I.   KSI Is Entitled To The Non-Privileged Materials Plaintiff Cites In His Complaint As The Factual Basis For His Claims**

Although Plaintiff's Complaint repeatedly references admissions, pleadings, and information produced in a pending state court action against the SolarWorld defendants as the factual basis for his wage and hour claims in <u>this</u> action, he refuses to produce a single page of this non-privileged evidence based on the assertion that he does not have possession, custody, or control of it.  Federal courts have described this type of objection (*i.e.*, "I don't have it, my attorney does") as follows:  "the objection 'could scarcely be more frivolous or more pretextual' since documents in the hands of a party's lawyer are within that party's possession, custody or control."  *Jackson v. N'Genuity Enterprises Co.*, No. 09 C 6010, 2011 WL 4375882 (N.D. Ill. Sept. 19, 2011).

KSI is not a party to the pending state court action (*Frederick Bey v. SolarWorld Industries America, Inc.*, *et. al*, Case No. 1212-16562, Multnomah County Circuit Court), and, accordingly, has never been served with the pleadings, discovery, depositions, or other materials in that action.  Nonetheless, the discovery, testimonial admissions, and pleadings in that action against SolarWorld—which Plaintiff has asserted are the framework for his claims here—is critically important to KSI's defense of this action, because Plaintiff seeks to impose liability upon KSI for Solarworld's timekeeping practices (at issue in the *Bey* litigation).  Accordingly, KSI served discovery requests on Plaintiff requesting that Plaintiff produce the pleadings, motions, and discovery, and deposition transcripts from the *Bey* case that Plaintiff is openly citing and relying upon to state and prosecute his claims in this action.  Plaintiff has declined to produce a single page of this material, on the basis that he does not have documents in <u>his</u> possession, custody, or control.  KSI twice provided plaintiff with a detailed written discussion of the uniform body of case law contradicting plaintiff's position, and sought to resolve the dispute informally without the need for court intervention.  Yet, Plaintiff continues to withhold from KSI all responsive documents to these requests.

For these reasons, and those stated below, the Court should grant KSI's Motion to Compel Plaintiff to produce responsive documents.

### KSI'S DISCOVERY REQUESTS AND PLAINTIFF'S OBJECTIONS

On February 9, 2015, KSI served plaintiff its Request for Production of Documents, Set One, to which Plaintiff served its responses on March 13, 2015, and supplemental responses on May 22, 2015 (Maatman Decl. ¶3-4, Exs. B and C). Pursuant to Local Rule 37-1 and 26-3, KSI identifies the following requests for production for which it seeks responsive documents, with plaintiff's responses and objections.[1]

**Request No. 33:** All DOCUMENTS that RELATE TO YOUR allegations in Paragraph 40 of the COMPLAINT that "The class is believed to exceed 500 persons . . ."

**Plaintiff's Response:** In addition to the general objections, Plaintiff objects that the request fails to identify documents with reasonable particularity and is overbroad. Plaintiff further objects that the response requires Plaintiff and his attorneys to first make a legal conclusion then to provide documents which support that legal conclusion. Subject to and without wavier of these objections and the general objections, Plaintiff informs Defendant that no such documents are in his possession, custody or control.

**Request No. 34:** All deposition transcripts from the *Frederick Bey v. SolarWorld Industries America, Inc. et al.,* action, Case No. 1212-16562.

**Plaintiff's Response:** In addition to the general objections, Plaintiff objects that this seeks documents in a case where Plaintiff is not a party and which are outside his possession, custody or control.

**Request No. 35:** All documents produced in the *Frederick Bey v. SolarWorld Industries America, Inc. et al.,* action, Case No. 1212-16562.

**Plaintiff's Response:** In addition to the general objections, Plaintiff objects that this seeks documents in a case where Plaintiff is not a party and which are outside his possession,

---

[1] Because plaintiff has taken the global position as to all of KSI's requests for production that he does not have possession, custody, or control over documents that are held by his attorney, KSI seeks supplementation of all of Plaintiff's responses to KSI's requests.

custody or control.

**Request No. 36:** All discovery responses served in the *Frederick Bey v. SolarWorld Industries America, Inc. et al.,* action, Case No. 1212-16562.

**Plaintiff's Response:** In addition to the general objections, Plaintiff objects that this seeks documents in a case where Plaintiff is not a party and which are outside his possession, custody or control.

**Request No. 37:** All pleadings and motions filed in the *Frederick Bey v. SolarWorld Industries America, Inc. et al.,* action, Case No. 1212-16562.

**Plaintiff's Response:** In addition to the general objections, Plaintiff objects that this seeks documents in a case where Plaintiff is not a party and which are outside his possession, custody or control.  Further, Defendant has access to these public documents in the Circuit Court for the State of Oregon for the County of Multnomah County

**Request No. 38:** All DOCUMENTS that RELATE TO any COMMUNICATIONS between YOU and Frederick Bey regarding this action or the *Frederick Bey v. SolarWorld Industries America, Inc. et al.,* action, Case No. 1212-16562.

**Plaintiff's Response:** In addition to the general objections, Plaintiff objects in so far as it seeks documents not relevant to the claims in the case nor appears reasonably calculated to lead to the discovery of admissible evidence in so far as Defendant seeks communications regarding the Frederick Bey v. Solarworld Industries America, Inc. et all, action, Case No. 1212-16562. Subject to and without wavier of these objections and the general objections, Plaintiff informs Defendant that no such documents are in his possession, custody or control.

**Request No. 39:** All DOCUMENTS that RELATE TO YOUR allegations in Paragraph 51 of the COMPLAINT that "Plaintiff has a good faith belief that wages are due absent class members based in part upon data provided from Employers in other cases", including but not limited to all data provided in the *Frederick Bey v. SolarWorld Industries America, Inc. et al.,* action, Case No. 1212-16562.

**Plaintiff's Response:** In addition to the general objections, Plaintiff objects that the

request fails to identify documents with reasonable particularity and is overbroad. Plaintiff further objects that the response requires Plaintiff and his attorneys to first make a legal conclusion then to provide documents which support that legal conclusion. Subject to and without waiver of these objections and the general objections, Plaintiff informs Defendant that no such documents are in his possession custody or control.

**Request No. 40:** All DOCUMENTS that RELATE TO YOUR allegations in Paragraph 52 of the COMPLAINT that "Plaintiff has a good faith belief that wages are due absent class members based on the fact that Defendants have admitted how they programmed their electronic time keeping system and further how that system operates with payroll."

**Plaintiff's Response:** In addition to the general objections, Plaintiff objects that the request fails to identify documents with reasonable particularity and is overbroad. Plaintiff further objects that the response requires Plaintiff and his attorneys to first make a legal conclusion then to provide documents which support that legal conclusion. Subject to and without waiver of these objections and the general objections, Plaintiff informs Defendant that no such documents are in his possession custody or control.

**Request No. 41:** All DOCUMENTS that RELATE TO YOUR allegations in Paragraph 53 of the COMPLAINT that "Employers suffered and permitted Plaintiff and similarly situated individuals to work hours for which Employers did not compensate them. Employers did so by not including all hours worked and recorded on the electronic time keeping system when computing employee pay. Employers also did this by altering lunch punches such that the lunch was deducted in its entirety or by failing to pay for the interrupted lunch."

**Plaintiff's Response:** In addition to the general objections, Plaintiff objects that the request fails to identify documents with reasonable particularity and is overbroad. Plaintiff further objects that the response requires Plaintiff and his attorneys to first make a legal conclusion then to provide documents which support that legal conclusion. Subject to and without waiver of these objections and the general objections, Plaintiff informs Defendant that no such documents are in his possession custody or control.

# ARGUMENT

## I. The Requested Discovery is Relevant.

Plaintiff's complaint repeatedly makes reference to "admissions," data, and information previously provided by the SolarWorld defendants in the *Bey* litigation, as well as the *Bey* litigation itself. For example:

- Para. 40 alleges: "The class is believed to exceed 500 persons and may increase based on the turnover rate of employees during the applicable statute of limitations. **Deposition testimony** confirms that more than 100 class members exist . . ."

- Para. 51 alleges: "Plaintiff has a good faith belief that wages are due absent class members **based in part upon data provided from Employers in other cases**"

- Para. 52 alleges: "Plaintiff has a good faith belief that wages are due absent class members based on the fact that **Defendants have admitted** how they programmed their time keeping system and further how that system operates with payroll.

    Paras. 70, 93 and 108 allege: For the SolarWorld defendants "this claim runs from the date of filing back to the date Frederick Bey's case was filed in Multnomah County

The Complaint makes further reference to other specific programming features and data that appear to have been obtained in the *Bey* discovery. *See, e.g.,* Para. 74 ("Employers Kronos time keeping system downloaded data to Etime computer program." [*sic*])

These materials—expressly incorporated in Plaintiff's complaint as the source of the Plaintiff's "good faith belief" for his allegations as to liability and class composition—are unquestionably relevant, and KSI is entitled to their production. *See generally,* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any document or other tangible things and the identify and location of persons having knowledge of any discoverable matter."); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (The relevant standard is broad in order "to encompass any matter that bears on,

**DEFENDANT KELLY SERVICES, INC.'S MOTION TO COMPEL PLAINTIFF'S
FURTHER RESPONSES TO REQUESTS FOR PRODUCTION**

or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.")

## II. Plaintiff May Not Withhold Non-Privileged Documents Held By His Attorney

Plaintiff takes the position that he does not have custody, possession, or control of documents that are admittedly in his attorneys' possession, and is thereby not obligated to produce them. That position is not only incorrect—but has been aptly described as "frivolous." *See, e.g., Jackson v. N'Genuity Enterprises Co.*, No. 09 C 6010, 2011 WL 4375882 (N.D. Ill. Sept. 19, 2011) ("defendants objected to production on the ground that they did not have possession of the documents, which were in the possession of their lawyers . . . the objection 'could scarcely be more frivolous or more pretextual' since documents in the hands of a party's lawyer are within that party's possession, custody or control."); *Axler v. Scientific Ecology Group, Inc.*, 196 F.R.D. 210, 212 (D. Mass. 2000) ("Similarly, a party must produce otherwise discoverable documents that are in his attorneys' possession, custody or control."); *accord, Hill v. Asset Acceptance, LLC*, No. 13-CV-1718-BEN (BLM), 2014 WL 3014945 (S.D. Cal. July 3, 2014); *Hammond v. Management & Training Corp.*, No. 1:13-cv-1209-AWI-JLT, 2015 WL 402022 (E.D. Cal. Jan. 29, 2015); *In re Papst Licensing GmbH Patent Litigation*, No. Civ. A 99-MD-1298 (E.D. La. July 12, 2001) (collecting cases).

## III. Plaintiff's Remaining Objections Are Without Merit

### A. Plaintiff's Belated "Ethical Obligation Objection" Was Never Raised and Is Without Merit

In the parties' meet and confer correspondence, Plaintiff made reference to an "ethical obligation to another client in another case," as an additional basis for withholding the requested *Bey* materials. (Maatman Decl. ¶E.) Plaintiff did not raise privilege as a grounds for withholding the documents in the parties' telephonic meet and confer (and KSI made clear

during that conference it is not seeking attorney-client privileged documents).  Nonetheless, to the extent Plaintiff raises "privilege" as an argument in opposition, it would in no way supports plaintiff's withholding of responsive documents.  First, such an objection was not asserted in plaintiff's responses to Requests for Production Nos. 33-41, and is thereby waived.  Second, plaintiff produced no privilege log, also thereby waiving the privilege.  Third, such an objection could not apply, as these requests do not call for attorney-client privileged material.

Instead, the requests call for documents such as deposition transcripts, produced documents, discovery responses, and pleadings and motions from the Bey action, as well as documents related to plaintiff's assertion that "Plaintiff has a good faith belief that wages are due absent class members based in part upon data provided from Employers in other cases." *See,* Request No. 39.  There is no explanation offered, nor is any credible explanation possible, as to how the above documents would be privileged or violate an ethical obligation owed to another client.  Moreover, Plaintiff has placed these documents at issue.  Indeed, plaintiff repeatedly refers to the *Bey* documents as underpinning his factual assertions in his Complaint.  In sum, plaintiff may not rely upon an "ethical obligation" "objection" that was never asserted, as to documents which categorically fall outside of any attorney client privilege (and which plaintiff's complaint puts at issue), to withhold these responsive documents.

    **B.**  **General Objections Do Not Permit Plaintiff To Withhold Documents.**

Plaintiff's boilerplate reference to "general objections" is not a proper basis for withholding the requested materials, data, and documents from the *Bey* litigation.  *Midwest Investment Partners, LLC v. Gerriets*, No. 3:14-cv-40-RLY-WGH, 2015 WL 1526087 (S.D. Ind. April 3, 2015) (General objections "whether placed in a separate section or repeated by rote in response to each requested category, are not 'objections' at all—and will not be considered.'");

*accord Mills v. E. Gulf Coal Preparation Co., LLC*, 259 F.R.D. 118, 132 (S.D.W. Va. 2009); *Sabol v. Brooks*, 469 F.Supp. 2d 324, 328-29 (D. Md. 2006).

    **C.    A "Legal Conclusion" Objection Does Not Permit Plaintiff To Withhold Documents.**

As to certain requests for *Bey* materials, Plaintiff objects that the "response requires Plaintiff and his attorneys to first make a legal conclusion then to provide documents which support that legal conclusion." Such an objection is baseless. First, the requests in no way seek legal conclusions, but rather documents supporting Plaintiff's allegations. For example, RFP No. 39 seeks all documents that relate to the allegation in Paragraph 59 of the Complaint that "Plaintiff has a good faith belief that wages are due absent class members **based in part upon data provided from Employers in other cases.**" This request simply asks plaintiff to produce this non-privileged data that Plaintiff is specifically identifying as underpinning his core liability allegations.[2] Second, such an objection cannot support withholding responsive documents. *See, e.g., Sonnino v. University Kansas Hosp. Auth.*, 220 F.R.D. 633, 643 (D. Kan. 2004) ("That a discovery request "calls for a legal conclusion" is not valid objection.").

    **D.    The "Publicly available" Objection Does Not Permit Plaintiff to Withhold Documents.**

Plaintiff also objects to the request for all pleadings and motions filed in the *Bey* action on the ground that the documents are publicly available. That objection is improper, and cannot support withholding responsive documents. *Hill v. Asset Acceptance, LLC*, No. 13-CV-1718-BEN (BLM), 2014 WL 3014945 (S.D. Cal. July 3, 2014) (holding that party's objection that "the court records are publicly available to Plaintiff" is not a proper objection to discovery request);

---

[2] For the same reason, plaintiff's objection that the request lacks sufficient "particularity" is without merit. Plaintiff has referenced these materials in his Complaint. To the extent there was any confusion, KSI has made clear it seeks the pleadings, motions, discovery responses and productions and depositions in the *Bey v. Solarworld* action.

*Thomas v. Hickman*, 2007 WL 4302974 at *19 (E.D. Cal. Dec. 6, 2007) (holding that "the fact that some of the documents might be possessed by Plaintiff or be available to Plaintiff or the public is not a basis for refusing to produce documents that are otherwise discoverable."), citing 6 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 26.41[13] 3d ed. 2006 and *Weiner v. Bache Halsey Stuart, Inc.*, 76 F.R.D. 624, 625 (S.D. Fla. 1977)); *see also Bretana v. International Collection Corp.*, 2008 WL 4334710, *5–6 (N.D. Cal. Sept. 22, 2008) (stating that defendant cannot validly object to producing discovery because the information is contained in public records available to all parties), *citing St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000) ("It is 'not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record.'").

## CONCLUSION

For all of the foregoing reasons, KSI respectfully requests that the Court compel the Plaintiff to further respond to all of KSI's Requests for Production, to produce non-privileged *Bey* litigation materials in plaintiff's and his attorney's possession, to provide supplemented responses to KSI's requests for production and to specifically produce materials responsive to Request Nos. 33-41.

DATED this 3rd day of June, 2015.

By: */s/ Andrew S. Moses*
Andrew S. Moses
amoses@gordon-polscer.com
Gordon & Polscer, L.L.C.
(503) 242-2922

By: */s/ Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.
Joshua M. Henderson
Michael W. Kopp
Seyfarth Shaw LLP

*Attorneys for Defendant Kelly Services, Inc.*

11
**DEFENDANT KELLY SERVICES, INC.'S MOTION TO COMPEL PLAINTIFF'S
FURTHER RESPONSES TO REQUESTS FOR PRODUCTION**

# CERTIFICATE OF SERVICE

I certify that on the date indicated below, I filed the foregoing **DEFENDANT KELLY SERVICES, INC.'S MOTION TO COMPEL PLAINTIFF'S FURTHER RESPONSES TO REQUESTS FOR PRODUCTION** with the Clerk of the Court using the CM/ECF e-filing system, which will electronically serve said filing on:

**David A. Schuck**
dschuck@wageclaim.org
**Stephanie J. Brown**
sbrown@wageclaim.org
**Karen A. Moore**
kmoore@wageclaim.org
**SCHUCK LAW, LLC**
Attorneys at Law
10013 NE Hazel Dell Avenue #178
Vancouver, WA 98685
Phone: (360) 566-9243
Fax: (503) 575-2763

*Attorney for Plaintiff*

**Victor J. Kisch**
vjkisch@stoel.com
**Todd A. Hanchett**
tahanchett@stoel.com
**John B. Dudrey**
jbdudrey@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Phone: (503) 224-3380
Fax: (503) 220-2480

*Attorneys for Defendant Solarworld*

/ / /

/ / /

/ / /

/ / /

1
**CERTIFICATE OF SERVICE**

**Clarence M. Belnavis**
cbelnavis@laborlawyers.com
FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
Phone: (503) 242-4262
Fax: (503) 242-4263

**John S. Snelling** (admitted *pro hac vice*)
john.snelling@lewisbrisbois.com
**Toni J. Read** (admitted *pro hac vice*)
toni.read@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH, LLP
1180 Peachtree Street, NE, Suite 2900
Atlanta, GA 30309
Phone: (404) 348-8585
Fax: (404) 467-8845

*Attorneys for Defendant Randstad*

DATED this 3rd day of June, 2015.

              By: */s/ Andrew S. Moses*
                 Andrew S. Moses
                 amoses@gordon-polscer.com
                 Gordon & Polscer, L.L.C.
                 (503) 242-2922