**David A. Schuck,** OSB 993564, WSB 37285
E-Mail: dschuck@wageclaim.org
**Stephanie J. Brown**, OSB 030019, WSB 42030
E-Mail:  sbrown@wageclaim.org
**Karen A.  Moore**, OSB 0409225, WSB 42476
E-Mail: kmoore@wageclaim.org

**Schuck Law, LLC**
Attorneys at Law
10013 NE Hazel Dell Avenue #178
Vancouver, WA 98685
Tel (360) 566-9243 • Fax (503) 575-2763
        Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL MAKANEOLE**, individually and on behalf of all similarly situated,<br><br>                    **Plaintiff,**<br>    v.<br><br>**SOLARWORLD INDUSTRIES AMERICA, INC.; SOLARWORLD INDUSTRIES AMERICA, LP; SOLARWORLD INDUSTRIES SERVICES, LLC; SOLARWORLD POWER PROJECTS, INC., RANDSTAD PROFESSIONALS US, LP, AND KELLY SERVICES, INC.,**<br>                    **Defendants**. | Case No.  3:14-cv-01528-PK<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT KELLY SERVICES, INC.'S MOTION TO COMPEL PLAINTIFF'S FURTHER RESPONSES TO REQUESTS FOR PRODUCTION**<br><br><br>**Oral Argument Requested** |

### Introduction

Defendant seeks discovery from *Bey* case filed in state court.  The *Bey* case was originally

filed in federal court and assigned to the Honorable Michael Simon.  Case No 3:11-cv-1555-SI.

The suit named Solarworld Industries America, Inc.; Solarworld Industries America, LP;

Solarworld Industries Services, LLC; Solarworld Power Projects, Inc. as defendants.

(Collectively "Solarworld").  Neither Kelly nor Randstad were named in the suit.  Frederick Bey

is the named plaintiff in the *Bey* case and Michael Makaneole is neither a party or class member

in that suit.

The *Bey* case alleged that Solarworld programmed their electronic time clock to reduce

hours worked by its employees and wages paid.  It did not allege any claims against Kelly.  Judge

Simon held a telephone conference wherein the court ordered electronic discovery be produced to

*Bey*.  The discovery ordered was for Solarworld employees, not for temporary employees of

Kelly or Randstad.  The parties stipulated to a protective order, which Judge Simon signed.  The

discovery marked confidential is not to be used by anyone other than counsel, the parties, and

independent consultants.  *See* Brown Decl. Ex. 1 ¶ 7.  Thereafter, Judge Simon issued a show

cause order and dismissed the case without prejudice under CAFA exceptions.  Plaintiff re-filed

the *Bey* case in Multnomah County on the same day Judge Simon issued the order dismissing the

case.  *Bey v. Solarworld Industries America, Inc*., Mult. Co. Case No 1212-16562.  The claims

plead were identical to the previous case except Plaintiff asserted tolling of the statute of

limitations under the federal case.

## Argument

### 1.    Legal Standard

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing

*parties* to obtain discovery regarding "any nonprivileged matter that is relevant to any party's

claim or defense . . . ."  Fed. R. Civ. P. 26(b)(1).  Relevant information for discovery purposes

**SCHUCK LAW, LLC**
10013 NE Hazel Dell Avenue #178 • Vancouver, WA 98685
Tel (360) 566-9243 • Fax (503) 575-2763

includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial to be discoverable. *Id*. District courts have broad discretion to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. *See* Fed. R. Civ. P. 26(b)(2) (courts may limit discovery where it is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where its burden or expense "outweighs its likely benefit").

A party may request documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). A request is adequate if it describes items with "reasonable particularity;" specifies a reasonable time, place, and manner for the inspection; and specifies the form or forms in which electronic information can be produced. Fed. R. Civ. P. 34(b). The responding party must respond in writing and is obliged to produce all specified relevant and non-privileged documents, tangible things, or electronically stored information in its "possession, custody, or control" on the date specified. Fed. R. Civ. P. 34(a). However, actual possession is not required. "A party may be ordered to produce a document in the possession of a non-party entity **if that party has a legal right** to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995) (emphasis added). "The moving party bears the burden of demonstrating 'actual and substantial prejudice' from the denial of discovery." *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

Here, Kelly is seeking documents owned by another client, in another case, to which neither Makaneole or Kelly are parties. Makaneole's only relationship to the *Bey* case file, is that his attorneys also represent Frederick Bey. Plaintiff has **no** legal right to the *Bey* case file, and

has **no** control over any file at Schuck Law other than in his own case.  Kelly's motion to compel should be denied.

2.    **Neither Kelly nor Plaintiff are parties in *Bey***

As a preliminary matter, Defendant's request for documents produced and filed in another case to which neither it, nor Plaintiff, are parties is inappropriate.  ORCP 36 allows *parties* to obtain discovery of any other *party*.  ORCP 36A ("*Parties* may obtain discovery ***") (emphasis added); ORCP 36 B(1) ("For all forms of discovery, *parties* may inquire regarding any matter, not privileged *** of any other *party* ***") (emphasis added); ORCP 36 B(2) ("A *party*, upon the request of an adverse *party*****") (emphasis added).  Since Frederick Bey is not a party in this case, Kelly's motion to compel seeks to require Plaintiff Makaneole to command his attorneys to produce documents and data from a separate client of his attorneys.

In addition, *Makaneole* only includes violations against Solarworld that occurred after *Bey* was filed or against the Temp Employers, neither of which are covered by the *Bey* case. *Makaneole* was filed to only cover those class members with violations occurring after the filing of *Bey* so there is no overlap of claims against Solarworld.  Doc. 52 ¶ 72, 100 and 117 (The complaint in *Makaneole* explicitly limits the claims against Solarworld occurring after the filing date in *Bey*.).  Further, the electronic data in *Bey* does not include Kelly because it is not a party in *Bey*.  Although the allegations against Solarworld are the same, the parties and the time periods are different, which makes the two cases separate and distinct.  There is no basis, factually or legally, for gaining unfettered access to the case files of Schuck Law that are not owned by Plaintiff and neither Kelly nor Plaintiff are parties and no cross over exists regarding the claims.

Page 4 - Plaintiff's Response to Defendant Kelly Services, Inc's Motion to Compel

Kelly provides no citation supporting its assertion that documents held by Plaintiff's attorneys for a different client, in a different case, to which neither Plaintiff nor Kelly are parties, are discoverable. The cases Kelly cites regarding documents in a plaintiff's attorney's possession are unavailing. In each of those cases, the party at issue was the same in each matter discovery was sought. For example, in *Jackson v. N'Genuity Enterprises Co.*, No. 09 C 6010, 2011 WL 4375882 (N.D. Ill. Sept. 19, 2011), Jackson sought documents relating to N'Genuity's dealings with the Small Business Administration. N'Genuity objected because the documents were in the possession of their attorneys. However, N'Genuity had the right to order his attorneys, the same attorneys in both cases to return the files to it, and thus the court ordered production because the documents were actually in the party's control. Whereas here, Makaneole could not order Schuck Law to provide him a copy of Frederick Bey's case file. Because Makaneole does not control the case file, and because *Bey* is not a party in this case, Kelly is not entitled to the discovery it seeks.

Further, in *Hill v. Asset Acceptance*, No. 13CV1718-BEN (SD. Ca. 2014), the court considered whether Hill could seek discovery from Asset Acceptance's attorneys. The court allowed discovery because Asset Acceptance was the client on all cases from which discovery was sought and thus, there was no breach of the attorney client privilege. *Hill* simply recognizes that a client may require its attorneys to act with regards to the representation, whether in the current case, or any other case. Otherwise, a client could avoid discovery by providing documents to its attorney in an effort to hide relevant discovery. Again, here, neither Plaintiff nor Kelly are parties in *Bey*. Had Defendant requested this discovery from Solarworld, it would be correct. Solarworld does have the ability to command their attorneys at Stoel Rives to provide

information to Kelly.  However, Kelly chose to seek discovery from Plaintiff who has no right to the *Bey* case file.

In *Axler v. Scientific Ecology Group*, 196 F.R.D. 210 (D.Mass. 2000), the attorneys performed research regarding whether there was a claim.  This research formed the basis of their argument to toll the statute of limitations based upon lack of knowledge of the claims.  The clients did not perform any investigation of their own to determine the existence of the claim.  Because the plaintiffs intended to rely upon the work of the attorneys to prove the case was filed promptly upon learning of the claim, the court found that the attorney's work was discoverable.  This case recognizes that attorney's work can be discoverable where a party cannot obtain the information "without undue hardship", even work product is discoverable.  Fed. R. Civ. P. 26(b)(3)(A)(ii).  This also follows general principles of ethics.  For instance, when a client sues his attorney for malpractice, the attorney client privilege is waived.  Discovery would be allowed to determine what the advice was, what it was based upon, and when it was provided to the client.  In no case cited by Kelly did the court order an attorney to break his ethical duties owed to a different client, but instead ordered discovery from the current client be produced even though it was in the custody of their own attorneys.  That is not the situation here.  Kelly's cases are not helpful.

**3.    Kelly requesting property of the plaintiff in *Bey***

Plaintiff's counsel also represents the plaintiff against the Solarworld companies in the *Bey* case.  The client file in *Bey* is the property of the plaintiff in that case.  *See In re Arbuckle*, 308 Or 135, 139 (1989).  The client file includes, *inter alia*, litigation materials, including pleadings, memoranda, discovery materials and all correspondence.  Brown Decl. Ex. 2.

**SCHUCK LAW, LLC**
10013 NE Hazel Dell Avenue #178 • Vancouver, WA 98685
Tel (360) 566-9243 • Fax (503) 575-2763

Plaintiff's counsel has ethical obligations to the plaintiff in *Bey* that are separate and distinct from those that apply to Plaintiff in this case. One of those obligations is not to disclose or disseminate his client file.

Neither Makaneole or any Defendant in this case have a right to force Plaintiff's attorneys to break their ethical obligations to another client in another case. Kelly can obtain all non-privileged documents and data from the Solarworld Defendants. No ethical duty would prevent the attorneys at Stoel Rives from producing the data in the *Bey* case to Kelly. Further, nothing prevents Kelly from seeking the same documents from Solarworld because Kelly is free to seek discovery from any **party**. In fact, while the *Hill*, *supra*, case does not support discovery from other clients of Schuck Law, it specifically supports Kelly's ability to obtain these documents that are non-privileged from Solarworld.

**4.      Documents requested by Kelly**

Defendant seeks documents which include: (1) deposition transcripts taken in the *Bey* case; (2) discovery responses and documents produced in *Bey*; (3) pleadings and motions field in *Bey*; and (4) documents to which Plaintiff stated that no documents existed.

**4.a      Deposition transcripts**

ORCP 39 G(4) prohibits Plaintiff from producing deposition transcripts to Kelly. ORCP 39 G(4) requires the stenographic reporter, upon payment of a reasonable charge, to provide a copy of the deposition to any *party* or *deponent*. (Emphasis added). Plaintiff has no authority to provide a copy of deposition transcripts in another case to which neither he nor Kelly is a party. Because Makaneole is not a party in the *Bey* case, the deposition transcripts are not in his possession, custody or control. The transcripts for the two depositions taken on behalf of

---

**SCHUCK LAW, LLC**
10013 NE Hazel Dell Avenue #178 • Vancouver, WA 98685
Tel (360) 566-9243 • Fax (503) 575-2763

Frederick Bey are retained by Cook Reporting, while the deposition taken by Solarworld is in the possession of court reporter Mary Soldati.  There were only two depositions taken by Bey and Solarworld took one deposition.  Bey did not purchased one of the two transcripts taken by his attorneys.

Further, ORCP 39 G(4) requires a person to obtain copies from the court reporter, thereby giving the reporter ownership rights in the transcript and enabling the reporter to be paid for her work product.  In addition, a person who copies the transcript without paying for it, or allows others to do so, commits a theft of the reporter's services.  ORS 164.125.  It is also likely the transcripts are protected by federal copyright law.  Regardless, Plaintiff is prohibited from producing copies of deposition transcripts in *Bey* under ORCP 39 G(4).

**4.b**     **Documents and discovery responses produced in *Bey***

The documents and discovery responses produced by Solarworld in *Bey* are covered by a protective order.  The parties in the federal case, *Bey v. Solarworld et al.*, Case No. 11-1555-SI (Dist. Or.), filed a Stipulated Protective Order with the court covering "all information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony."  Brown Dec. Ex. 1. p. 2.  The parties in *Bey* agreed that the Protective Order would also be enforceable in the state case.  The Protective Order would protect against disclosure of confidential personnel information and internal processes of Solarworld to any person not authorized by the agreement.  *Id*. at. p. 4-5.  Kelly Services, Inc. is not an authorized person under the Protective Order.  *Id.*  All of the discovery Solarworld produced in the *Bey* case (both federal and state) is marked Confidential.  "All documents, testimony, and other materials produced by the parties in this case and labeled 'Confidential' shall be used *only in this*

---

Page 8 - Plaintiff's Response to Defendant Kelly Services, Inc's Motion to Compel

*proceeding*." *Id.* (emphasis added).  Schuck Law is prohibited from using the documents produced by Solarworld in the *Bey* case, in this case and is further prohibited from producing these documents to a party outside of the *Bey* case.  To do so would be a violation of the Protective Order in *Bey*.

Additionally, the documents produced and responses to discovery in *Bey* are not relevant to this case.  This case only includes violations against Solarworld that occurred after *Bey* was filed.  In addition, this case includes two additional defendants and a different plaintiff.  Further, *Bey* documents and data do not include time records or information regarding temporary employees working for Kelly or Randstad.  Although the allegations against Solarworld are the same, the parties and the time periods are different.  Thus, the documents produced in *Bey* are inadmissible to prove the allegations in this case.  The documents likewise will not lead to discovery of evidence that is admissible, because everyone already knows what data and documents to request.  The entirety of the case revolves around the time clocks.  Instead of seeking time clock data not relevant to this case, Kelly can simply seek the same data and documents which are relevant to this case.

**4.c    Pleadings and motions filed in *Bey***

Pleadings and motion filed in *Bey* are not in Makaneole's possession, custody or control because he is not a party in *Bey*.  Further, the documents are of limited relevance because the parties and the time periods in each case are not the same.  Further, some of the copies of pleadings and motions in *Bey* contain hand written attorney notes which are protected by the work product privilege.  Defendant has put forth no proof that Frederick Bey, the owner of the privilege, has waived it.

---

**SCHUCK LAW, LLC**
10013 NE Hazel Dell Avenue #178 • Vancouver, WA 98685
Tel (360) 566-9243 • Fax (503) 575-2763

**4.d       Documents to which Plaintiff stated that no documents existed**

Excluding the documents in the Bey case, all other responsive documents have been produced in this case.  Plaintiff has no other documents in his possession, custody or control.

### Conclusion

For the foregoing reasons, Kelly's Motion to Compel should be denied.

DATED:  June 19, 2015.


Schuck Law, LLC


    /s/ Stephanie Brown
STEPHANIE J. BROWN, Esquire
OSB # 030019
(360) 566-9243
Attorney for Plaintiff

**SCHUCK LAW, LLC**
10013 NE Hazel Dell Avenue #178 • Vancouver, WA 98685
Tel (360) 566-9243 • Fax (503) 575-2763

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT KELLY SERVICES, INC.'S MOTION TO COMPEL** upon:

**Victor J. Kisch**
vjkisch@stoel.com
**Todd A. Hanchett**
tahanchett@stoel.com
**John B. Dudrey**
jbdudrey@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Phone: (503) 224-3380
Fax: (503) 220-2480
    Attorneys for Solarworld
**Clarence M. Belnavis**
cbelnavis@laborlawyers.com
FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
Phone: (503) 242-4262
Fax: (503) 242-4263
**John S. Snelling** (admitted *pro hac vice)*
john.snelling@lewisbrisbois.com
**Toni J. Read** (admitted *pro hac vice*)
toni.read@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH, LLP
1180 Peachtree Street, NE, Suite 2900
Atlanta, GA 30309
Phone: (404) 348-8585
Fax: (404) 467-8845
    Attorneys for Randstad

**Andrew Moses**
amoses@gordon-polscer.com
Gordon & Polscer, LLC
9755 SW Barnes Road, # 650
Portland, OR 97225
Phone: (503) 242-2922
Fax: (503) 242-1264
**Gerald L Maatman**
gmaatman@seyfarth.com
**Michael W. Kopp**
mkopp@seyfarth.com
**Joshua H. Henderson**
jhenderson@seyfarth.com
Seyfarth Shaw, LLP
131 S Dearborn St., #2400
Chicago, IL 60603
Phone: (312) 460-5000
Fax: (312) 460-7000
gmaatman@seyfarth.com
    Attorneys for Kelly Services

by the following indicated method(s):

[X]    by electronic mailing through the CM/ECF system, in accordance with Fed. R. Civ. P. 5(d), on June 19, 2015.

        DATED:  June 19, 2015.

            Schuck Law, LLC

              /s/ Stephanie Brown
            STEPHANIE J. BROWN, Esquire
            OSB # 030019
            (360) 566-9243
            Attorney for Plaintiff