IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL MAKANEOLE,

    Plaintiff,

v.

SOLARWORLD INDUSTRIES AMERICA,
INC., SOLARWORLD INDUSTRIES
AMERICA, LP, SOLARWORLD INDUSTRIES
SERVICES, LLC, SOLARWORLD POWER
PROJECTS, INC., RANDSTAD US, LP, and
KELLY SERVICES, INC.,

    Defendants.

3:14-CV-1528-PK

OPINION AND
ORDER

PAPAK, Magistrate Judge:

    Plaintiff Michael Makaneole brought this putative class action on behalf of himself and all others similarly situated against defendants Solarworld Industries America, Inc., SolarWorld Industries America, LP, SolarWorld Industries Services, LLC, SolarWorld Power Projects, Inc. (collectively with Solarworld Industries America, Inc., SolarWorld Industries America, LP, and SolarWorld Industries Services, LLC, "Solarworld" or the "Solarworld defendants"), Randstad

Page 1 - OPINION AND ORDER

US, LP ("Randstad")[1], and Kelly Services, Inc. ("Kelly" or "KSI"), in the Multnomah County Circuit Court on August 26, 2014. Defendant Randstad removed Makaneole's action to this court effective September 24, 2014. Effective April 6, 2015, Makaneole amended his complaint in this court.

By and through his amended complaint, Makaneole alleges that defendants Kelly and Randstad are both in the business of providing temporary workers to employers in need of short-term staff, whereas defendant Solarworld is in the business of manufacturing and selling photovoltaic products. Makaneole alleges that he was employed first by Kelly, then by Randstad, and then by Solarworld, and while serially employed by the three employers performed services on behalf of Solarworld at a Solarworld facility in Oregon. It is Makaneole's allegation that during all three periods of employment, Solarworld engaged in a practice of programming an electronic time-keeping system to deduct minutes from his hours worked prior to reporting them to payroll for purposes of computing his compensation, and that Kelly and Randstad used the hours reported to them by Solarworld following such deduction in calculating his compensation during the periods when he worked for those employers; it is further Makaneole's position that each of the three employers treated all of their similarly situated employees' hours worked in the same fashion during approximately the same time period. Arising out of that practice, Makaneole alleges all defendants' liability for violation of Oregon's Or. Rev. Stat. 652.120 and 653.010 by failing to pay all wages owed, for violation of Oregon's Or. Rev. Stat. 652.120 and 653.010 by failing to pay overtime wages owed, and for violation of Oregon's Or. Rev. Stat.

---

[1] Makaneole identifies Randstad as "Randstad Professionals US, LP" in his complaint, apparently inaccurately.

652.140 by failing to pay all wages owed at the termination of employment. In connection with his claims, Makaneole seeks damages for unpaid wages in an unspecified amount, as well as award of his attorney fees and costs. This court has original federal subject-matter jurisdiction over Makaneole's putative class action pursuant to 28 U.S.C. § 1332(d)(2).

Now before the court is Kelly's motion (#61) to compel discovery responses. I have considered the motions, oral argument on behalf of Kelly and Makaneole, and all of the pleadings and papers on file. For the reasons set forth below, Kelly's motion is granted in part and denied in part as discussed below.

## LEGAL STANDARDS

### I.   Scope of Permissible Discovery, Generally

Federal Civil Procedure Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* However, the district courts should limit the scope of discovery under specified circumstances, as follows:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> > (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

Page 3 - OPINION AND ORDER

> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

## II.     Motion to Compel

As noted above, Federal Civil Procedure Rule 26(b)(1) authorizes discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Rule 26(b)(1) is to be construed broadly, and encompasses any matter that bears on, or that reasonably could lead to other matters that would bear on, any issue that is or may be in the case. *See, e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 351 n. 12 (1978).

If a party elects to oppose a propounding party's discovery requests, the opposing party bears the burden of establishing that the discovery is overly broad, unduly burdensome or not relevant. *See Graham v. Casey's General Stores*, 206 F.R.D. 251, 253-4 (S.D. Ind. 2000). "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condominium Owners Assoc.*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *see also Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186 (C.D. Cal. 2006).

Federal Civil Procedure Rule 37(a)(3)(B) empowers a propounding party to "move for an order compelling an answer, designation, production, or inspection" if:

> (i) a deponent fails to answer a question asked under Rules 30 or 31;
>
> (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);

(iii) a party fails to answer an interrogatory submitted under Rule 33, or

(iv) a party fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34.

Fed. R. Civ. Pro. 37(a)(3)(B). Moreover, Rule 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Rule 26 provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. Pro. 26(b)(1).

## FACTUAL BACKGROUND

### I. The Parties

Defendant Solarworld Industries America, Inc., is an Oregon corporation with its principal place of business in Hillsboro, Oregon. Defendant SolarWorld Industries America, LP, is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Bonn, Germany. Defendant SolarWorld Industries Services, LLC, is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Hillsboro, Oregon. Defendant SolarWorld Power Projects, Inc., appears to have ceased to exist following an October 2012 merger with a sister company (SolarWorld Americas, LLC, a liability company organized under the laws of the State of California with its principal place of business in Hillsboro, Oregon), and appears formerly to have been a California corporation with its principal place of business in Camarillo, California. The Solarworld defendants are collectively in the business of manufacturing and marketing photovoltaic products, and appear to operate as U.S. subsidiaries of SolarWorld AG, a German Aktiengesellschaft with its principal place of business in Bonn, Germany.

Defendant Kelly is a Delaware corporation with its principal place of business in Troy, Michigan. Kelly is in the business of providing temporary employees to employers in need of short-term staff.

Defendant Randstad is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Woburn, Massachusetts. Randstad is in the business of providing temporary employees to employers in need of short-term staff.

Plaintiff Makaneole is a former employee of defendants Kelly, Randstad, and one or more of the Solarworld defendants. Whether employed directly by Kelly, by Randstad, or one or more of the Solarworld defendants, at all material times Makaneole provided services to the Solarworld defendants at a Solarworld facility in Oregon.

## II. The Parties' Discovery Dispute

On February 9, 2015, Kelly served Makaneole with its first set of Requests for Production of Documents. As discussed in greater detail below, Kelly's Requests for Production Nos. 33-41 either directly or indirectly seek production of documents acquired by Makaneole's counsel in his capacity as the legal representative of Fred Bey in connection with a currently ongoing wage-and-hour class action lawsuit Bey filed against the Solarworld defendants as to which Makaneole is not a party. On March 13, 2015, Makaneole responded to Kelly's discovery requests, and on May 22, 2015, he supplemented his response.

In response to Kelly's Requests for Production Nos. 33-41, Makaneole generally refused to produce documents associated with Bey's action against the Solarworld defendants on the grounds that those documents were not his to produce, and that most of them were held by his counsel on Bey's behalf subject to a protective order forbidding their disclosure to third parties to

Page 6 - OPINION AND ORDER

Bey's action. It is Requests for Production Nos. 33-41 that are the subject of Kelly's motion to compel now before the court. Those requests, and Makaneole's responses thereto, are as follows:

> **Request No. 33:** All DOCUMENTS that RELATE TO YOUR allegations in Paragraph 40 of the COMPLAINT that "The class is believed to exceed 500 persons . . ."
>
> **Plaintiff's Response:** In addition to the general objections, Plaintiff objects that the request fails to identify documents with reasonable particularity and is overbroad. Plaintiff further objects that the response requires Plaintiff and his attorneys to first make a legal conclusion then to provide documents which support that legal conclusion. Subject to and without wavier of these objections and the general objections, Plaintiff informs Defendant that no such documents are in his possession, custody or control.
>
> **Request No. 34:** All deposition transcripts from the *Frederick Bey v. SolarWorld Industries America, Inc.* et al., action, Case No. 1212-16562.
>
> **Plaintiff's Response:** In addition to the general objections, Plaintiff objects that this seeks documents in a case where Plaintiff is not a party and which are outside his possession, custody or control.
>
> **Request No. 35:** All documents produced in the *Frederick Bey v. SolarWorld Industries America, Inc.* et al., action, Case No. 1212-16562.
>
> **Plaintiff's Response:** In addition to the general objections, Plaintiff objects that this seeks documents in a case where Plaintiff is not a party and which are outside his possession, custody or control.
>
> **Request No. 36:** All discovery responses served in the *Frederick Bey v. SolarWorld Industries America, Inc.* et al., action, Case No. 1212-16562.
>
> **Plaintiff's Response:** In addition to the general objections, Plaintiff objects that this seeks documents in a case where Plaintiff is not a party and which are outside his possession, custody or control.
>
> **Request No. 37:** All pleadings and motions filed in the *Frederick Bey v. SolarWorld Industries America, Inc.* et al., action, Case No. 1212-16562.
>
> **Plaintiff's Response:** In addition to the general objections, Plaintiff objects that this seeks documents in a case where Plaintiff is not a party and which are outside his possession, custody or control. Further, Defendant has access to

these public documents in the Circuit Court for the State of Oregon for the County of Multnomah County.

**Request No. 38:** All DOCUMENTS that RELATE TO any COMMUNICATIONS between YOU and Frederick Bey regarding this action or the *Frederick Bey v. SolarWorld Industries America, Inc.* et al., action, Case No. 1212-16562.

**Plaintiff's Response:** In addition to the general objections, Plaintiff objects in so far as it seeks documents not relevant to the claims in the case nor appears reasonably calculated to lead to the discovery of admissible evidence in so far as Defendant seeks communications regarding the *Frederick Bey v. Solarworld Industries America, Inc.* et all, action, Case No. 1212-16562. Subject to and without wavier of these objections and the general objections, Plaintiff informs Defendant that no such documents are in his possession, custody or control.

**Request No. 39:** All DOCUMENTS that RELATE TO YOUR allegations in Paragraph 51 of the COMPLAINT that "Plaintiff has a good faith belief that wages are due absent class members based in part upon data provided from Employers in other cases", including but not limited to all data provided in the *Frederick Bey v. SolarWorld Industries America, Inc.* et al., action, Case No. 1212-16562.

**Plaintiff's Response:** In addition to the general objections, Plaintiff objects that the request fails to identify documents with reasonable particularity and is overbroad. Plaintiff further objects that the response requires Plaintiff and his attorneys to first make a legal conclusion then to provide documents which support that legal conclusion. Subject to and without waiver of these objections and the general objections, Plaintiff informs Defendant that no such documents are in his possession custody or control.

**Request No. 40:** All DOCUMENTS that RELATE TO YOUR allegations in Paragraph 52 of the COMPLAINT that "Plaintiff has a good faith belief that wages are due absent class members based on the fact that Defendants have admitted how they programmed their electronic time keeping system and further how that system operates with payroll."

**Plaintiff's Response:** In addition to the general objections, Plaintiff objects that the request fails to identify documents with reasonable particularity and is overbroad. Plaintiff further objects that the response requires Plaintiff and his attorneys to first make a legal conclusion then to provide documents which support that legal conclusion. Subject to and without waiver of these objections and the general objections, Plaintiff informs Defendant that no such documents

Page 8 - OPINION AND ORDER

are in his possession custody or control.

**Request No. 41:** All DOCUMENTS that RELATE TO YOUR allegations in Paragraph 53 of the COMPLAINT that "Employers suffered and permitted Plaintiff and similarly situated individuals to work hours for which Employers did not compensate them. Employers did so by not including all hours worked and recorded on the electronic time keeping system when computing employee pay. Employers also did this by altering lunch punches such that the lunch was deducted in its entirety or by failing to pay for the interrupted lunch."

**Plaintiff's Response:** In addition to the general objections, Plaintiff objects that the request fails to identify documents with reasonable particularity and is overbroad. Plaintiff further objects that the response requires Plaintiff and his attorneys to first make a legal conclusion then to provide documents which support that legal conclusion. Subject to and without waiver of these objections and the general objections, Plaintiff informs Defendant that no such documents are in his possession custody or control.[2]

In support of his opposition to Kelly's motion to compel, Makaneole proffers a copy of the protective order filed in Bey's action against the Solarworld defendants. Pursuant to that protective order, documents produced to Bey by Solarworld that are marked as "Confidential" may be disclosed by Bey or his counsel only to:

    a.    Outside counsel of record for the parties, and the administrative staff of

---

[2] As to Request for Production No. 33, I note that Paragraph 40 of Makaneole's complaint indicates that it is "[d]eposition testimony" that forms the basis of Makaneole's belief that the class exceeds 500 persons; the parties appear tacitly to accept that the deposition testimony in question was provided in connection with the Bey litigation. As to Requests for Production Nos. 40 and 41, I similarly note that in connection with the allegations of Paragraph 52 of Makaneole's complaint, the parties appear tacitly to accept that the admission in question was made in connection with the Bey litigation, and that in connection with the allegations of Paragraph 53 of Makaneole's complaint, the parties appear tacitly to accept that the allegations regarding the employers' practices are made on the basis of information acquired in connection with the Bey litigation.
In light of the foregoing, the parties appear to share the understanding that the documents at issue in connection with the nine discovery requests within the scope of Kelly's motion fall into three categories: (i) transcripts of depositions taken in connection with the Bey litigation, (ii) discovery documents and documents produced in discovery in the course of the Bey litigation, and (iii) pleadings and motions filed in the course of the Bey litigation.

Page 9 - OPINION AND ORDER

        outside counsel's firms.

b.    In-house counsel for the parties, and the administrative staff for each in-house counsel.

c.    Any party to [Bey's] action who is an individual, and every employee, director, officer, or manager of any party to [Bey's] action who is not an individual, but only to the extent necessary to further the interest of the parties in [Bey's] litigation.

d.    Independent consultants or expert witnesses . . . retained by a party or its attorneys for purposes of [Bey's] litigation, but only to the extent necessary to further the interest of the parties in [Bey's] litigation.

e.    The Court and its personnel. . . .

f.    The authors and the original recipients of the documents.

g.    Any court reporter or videographer reporting a deposition.

h.    Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of [Bey's] action.

## ANALYSIS

As a preliminary matter, I find that all of the requests within the scope of Kelly's motion seek relevant information reasonably calculated to lead to the discovery of admissible evidence. Requests for Production Nos. 33 and 39-41 seek documents containing information underlying specific allegations in support of Makaneole's claims in this action, and are therefore clearly relevant to Makaneole's claims; Requests for Production Nos. 34-37 respectively seek all deposition transcripts produced during the course of Bey's action against the Solarworld defendants, all documents produced in discovery in the Bey litigation, all discovery responses served in the Bey litigation, and all pleadings and motions filed in the Bey litigation, all of which can be expected to bear on the legal and factual issues arising out of the Solarworld defendants'

Page 10 - OPINION AND ORDER

timekeeping system as it was employed during times material to Bey's claims against the Solarworld defendants and therefore can be characterized as calculated to lead to the production of evidence admissible in this litigation; Request for Production No. 38 seeks documents reflecting communications between Bey and Makaneole regarding either Bey's action against the Solarworld defendants or Makaneole's claims against the defendants herein, and therefore likewise can be characterized as calculated to lead to the production of evidence admissible in this litigation.[3]

The primary gravamen of Makaneole's opposition to Kelly's motion is that he does not possess or control any responsive documents, because to the extent responsive documents exist, they are within the custody of his attorney not on Makaneole's behalf but rather on behalf of Bey, a third party to this litigation. That is, it is Makaneole's position that he, rather than his counsel, is the party to whom Kelly's discovery requests are properly addressed, and that he lacks authority to compel his counsel to disclose documents provided to his counsel in confidence by another of his counsel's clients. Makaneole notes, correctly, that a case file maintained by an attorney on behalf of a client is the property of the client rather than of the attorney, and argues that to the extent his counsel possesses documents responsive to the requests at issue, those documents are Bey's, and not his to produce in this litigation. Makaneole's argument is entirely correct as a matter of general principle.

The complication that arises in applying that general principle to this discovery dispute stems from the fact that several allegations of Makaneole's complaint expressly rely on

---

[3] Makaneole does not dispute the relevance of the discovery sought other than with regard to Request for Production No. 38, a request as to which he asserts no responsive documents exist.

Page 11 - OPINION AND ORDER

information gleaned from the Bey litigation. Those allegations are paragraphs 40 and 51-53 of Makaneole's complaint as originally filed -- the allegations specifically referenced in Requests for Production Nos. 33 and 39-41 -- which are not materially distinguishable from paragraphs 41 and 53-55 of Makaneole's amended complaint, which likewise expressly rely on information gleaned from the Bey litigation. To the extent Makaneole's counsel, in drafting those or any other paragraphs of Makaneole's complaint, specifically relied upon documents produced, served, filed, or issued in the Bey litigation, counsel effectively disclosed the contents of any such documents to Makaneole. As such, Makaneole's counsel effectively holds all such documents not merely on Bey's behalf but also on Makaneole's behalf, rendering them discoverable in response to Kelly's requests.

For the same reason, the Bey protective order, which prohibits disclosure of discovery documents produced to Bey by the Solarworld defendants to third parties not listed therein as authorized recipients, is not at issue here. To the extent Makaneole's counsel may, in the course of speaking on Makaneole's behalf, have effectively disclosed the contents of documents within the scope of the protective order to Makaneole, such disclosure could potentially have violated the strictures of that order. Makaneole, however, is not a party to the Bey protective order, and therefore to the extent the contents of such documents have been disclosed to him (whether properly or improperly) he is not prohibited from producing them in discovery in this litigation.

To be sure, the foregoing discussion does not establish that discovery documents produced to Bey by the Solarworld defendants were at any time disclosed to Makaneole. Indeed, it is entirely possible that all of the documents forming the basis of Makaneole's information and belief underlying his allegations, including paragraphs 41 and 53-55 of his amended complaint,

Page 12 - OPINION AND ORDER

were pleadings, motions, or court orders filed or issued publicly in the course of the Bey litigation, such that no confidentiality concerns would be implicated by Makaneole's express reliance on facts gleaned from the Bey litigation. I make no finding at this time regarding the information underlying Makaneole's allegations.

Kelly concurs with the analysis set forth above, and argues further that Makaneole's express reliance on information gleaned from the Bey litigation (specifically, Makaneole's reliance on such information in support of the factual allegations that the class Makaneole purports to represent "is believed to exceed 500 persons," that "wages are due [to] absent [putative] class members" in consequence of the Solarworld defendants' timekeeping system, and that the Solarworld defendants' timekeeping system improperly truncated employee hours worked for compensation purposes) in some sense "opened the door" to discovery of *all* information produced or discussed in the course of the Bey litigation. Kelly's argument is that it would be unfair to permit Makaneole to select for production documents containing information tending to support the factual allegations made in express reliance on facts gleaned from the Bey litigation without also requiring him additionally to produce documents tending to exculpate the Solarworld defendants, to mitigate against class treatment of Makaneole's claims, or otherwise to undercut Makaneole's position. I disagree. Makaneole's reliance on information gleaned from the Bey litigation was as to a limited number of specific, testable factual propositions, and did not have any tendency to implicate all evidence underlying litigation of the claims and defenses asserted in Bey's lawsuit. Moreover, to the extent Kelly believes it requires all such evidence in order to litigate its own defenses herein, other procedural mechanisms are available for obtaining it, including the issuance of discovery requests to the Solarworld defendants themselves or,

Page 13 - OPINION AND ORDER

possibly, the issuance of a third-party records subpoena addressed directly to Makaneole's counsel.

For the foregoing reasons, Kelly's motion is granted in part and denied in part. Specifically, Kelly's motion is granted as to Requests for Production Nos. 33 and 39-41 and further granted as to Requests for Production Nos. 34-37 to the extent documents responsive to those requests necessarily underlie any other specific allegation of Makaneole's amended complaint, including without limitation the factual allegations of paragraphs 74-86 thereof, and is otherwise denied. To the extent that any document responsive to Request for Production No. 34 constitutes a deposition transcript containing information necessarily underlying any of Makaneole's allegations herein, and to the further extent that production of such a transcript in discovery would trigger an obligation to pay a fee to the stenographer who created it, Kelly shall bear the obligation to pay the required fee. The parties shall otherwise bear their own costs and fees associated with litigating Kelly's motion to compel.

## CONCLUSION

For the reasons set forth above, Kelly's motion (#61) to compel is granted in part and denied in part as discussed above.

Dated this 25th day of June, 2015.

Honorable Paul Papak
United States Magistrate Judge