IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL MAKANEOLE,

    Plaintiff,

v.

SOLARWORLD INDUSTRIES AMERICA,
INC., SOLARWORLD INDUSTRIES
AMERICA, LP, SOLARWORLD INDUSTRIES
SERVICES, LLC, SOLARWORLD POWER
PROJECTS, INC., RANDSTAD US, LP, and
KELLY SERVICES, INC.,

    Defendants.

3:14-CV-1528-PK

FINDINGS AND
RECOMMENDATION

PAPAK, Magistrate Judge:

Plaintiff Michael Makaneole brought this putative class action against defendants Solarworld Industries America, Inc., SolarWorld Industries America, LP, SolarWorld Industries Services, LLC, SolarWorld Power Projects, Inc. (collectively with Solarworld Industries America, Inc., SolarWorld Industries America, LP, and SolarWorld Industries Services, LLC, "SolarWorld" or the "SolarWorld defendants"), Randstad US, LP ("Randstad")[1], and Kelly

---

[1] Makaneole inaccurately identified Randstad as "Randstad Professionals US, LP" in his complaint as originally filed, and notwithstanding that Randstad has noted the error in virtually every document it has since filed with the court, Makaneole continues to so misidentify Randstad

Page 1 - FINDINGS AND RECOMMENDATION

Services, Inc. ("Kelly" or "KSI"), in the Multnomah County Circuit Court on August 26, 2014. Defendant Randstad removed Makaneole's action to this court effective September 24, 2014. Subsequent to removal, Makaneole amended his complaint in this court effective April 6, 2015.

By and through his amended complaint, Makaneole alleged that the SolarWorld defendants are in the business of manufacturing and selling photovoltaic products, and that defendants Kelly and Randstad are both in the business of providing temporary workers to employers in need of short-term staff. Makaneole alleged that he was employed first by Kelly, then by Randstad, and then by SolarWorld, and at all material times while serially employed by the three employers performed services on behalf of SolarWorld at a SolarWorld facility in Oregon. It is Makaneole's position that during all three successive periods of employment, SolarWorld engaged in a practice of programming an electronic time-keeping system to deduct minutes from his hours worked prior to reporting them to payroll for purposes of computing his compensation, and that Kelly and Randstad used the hours reported to them by SolarWorld following such deduction in calculating his compensation during the periods when he worked for those employers; it is further Makaneole's position that each of the three employers treated all of their similarly situated employees' hours worked in the same fashion during approximately the same time period. Arising out of that practice, Makaneole alleged all defendants' liability for violation of Oregon's Or. Rev. Stat. 652.120 and 653.010 by failing to pay all wages owed, for violation of Oregon's Or. Rev. Stat. 652.120 and 653.010 by failing to pay overtime wages owed, and for violation of Oregon's Or. Rev. Stat. 652.140 by failing to pay all wages owed at the termination of employment. In connection with his claims, Makaneole seeks damages for unpaid

---

in his current pleading.

Page 2 - FINDINGS AND RECOMMENDATION

wages in an unspecified amount, as well as award of his attorney fees and costs. This court has original federal subject-matter jurisdiction over Makaneole's putative class action pursuant to 28 U.S.C. § 1332(d)(2).

On September 2, 2016, I recommended (*inter alia*) that the court grant summary judgment in Randstad's favor as to Makaneole's Section 652.120 claim against it for failure to pay overtime wages owed, and that the court grant summary judgment in Kelly's favor as to all of Makaneole's claims against it. On January 17, 2017, Judge Brown adopted those recommendations without modification. Judge Brown entered final judgment as to Makaneole's claims against Kelly pursuant to Federal Civil Procedure Rule 54(b) effective February 28, 2017.

Now before the court is Kelly's bill (#153) of costs, by and through which Kelly seeks award of its costs as a prevailing party in this action in the total amount of $2,375.40, pursuant to Federal Civil Procedure Rule 54(d). I have considered the motion, telephonic oral argument on behalf of the parties, and all of the pleadings and papers on file. For the reasons set forth below, Kelly's request to tax Makaneole with the expenses listed in its bill (#153) of costs should be denied.

## LEGAL STANDARD

The entitlement of a prevailing party in a federal lawsuit to recover its costs, other than attorney fees, is governed by Federal Civil Procedure Rule 54(d)(1). In relevant part, Rule 54(d)(1) provides that such costs "should be allowed to the prevailing party" except where federal statute, the rules of civil procedure, or a court order "provides otherwise." Fed. R. Civ. P. 54(d)(1). "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Association of*

Page 3 - FINDINGS AND RECOMMENDATION

*Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (*en banc*), *citing National Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995). "A district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). However, in the event a court declines to award a prevailing party its costs under Rule 54(d)(1), its reasons for so declining must be specified. *See Association of Mexican-American Educators*, 231 F.3d at 591, *quoting Subscription Television, Inc. v. Southern Cal. Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978). It is the burden of the party against whom costs are to be taxed to establish grounds for denying award of costs. *See Save Our Valley*, 335 F.3d at 944-945, *citing National Info. Servs. v. TRW, Inc.*, 51 F.3d 1470, 1471-1472 (9th Cir. 1995).

The expenses that the district courts are authorized to tax as costs under Rule 54(d)(1) are enumerated at 28 U.S.C. § 1920. *See* 28 U.S.C. § 1920; *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-445 (1987). Although the district courts have broad discretion to allow or disallow a prevailing party to recoup the ordinary costs of litigation, the court may not rely on that discretion to tax expenses beyond those enumerated at Section 1920. *See id.*; *see also Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995). Nevertheless, the district courts enjoy independent discretion to construe and interpret the expenses enumerated at Section 1920. *See Alflex Corp. v. Underwriters Lab., Inc.*, 914 F.2d 175, 177-178 (9th Cir. 1990) (*per curiam*).

## ANALYSIS

Kelly seeks award of its costs in the amount of $2,375.40 as the prevailing party in this

Page 4 - FINDINGS AND RECOMMENDATION

action, for two videorecorded deposition transcripts ($1,478.74 for court reporter services and preparing transcripts; $817.50 for videographer services and for preparing and for preparing videorecords) and for photocopies ($79.16). As noted above, pursuant to Rule 54(d), a presumption exists that a prevailing party is entitled to award of its reasonably incurred costs to the extent those costs are enumerated at Section 1920, and if a district court exercises its discretion to deny a prevailing party's request to tax its opponent with such costs, it must state its reasons for declining to follow that presumption. *See Association of Mexican-American Educators*, 231 F.3d at 591. The courts of the Ninth Circuit only recognize as valid certain specific reasons for declining to award a prevailing party's costs :

> In past cases, this court has approved the following reasons for refusing to award costs to a prevailing party: the losing party's limited financial resources, *see National Org. for Women v. Bank of Cal.*, 680 F.2d 1291, 1294 (9th Cir. 1982); *see also Wrighten v. Metropolitan Hosps., Inc.*, 726 F.2d 1346, 1358 (9th Cir. 1984); *Moore v. Hughes Helicopters, Inc.*, 708 F.2d 475, 486 (9th Cir. 1983); and misconduct on the part of the prevailing party, *see National Info. Servs.* [*v. TRW, Inc.*], 51 F.3d [1470,] 1472 [(Ninth Cir. 1995)]. Further, in *Stanley v. University of Southern California*, 178 F.3d 1069, 1079-80 (9th Cir.), *cert. denied*, 528 U.S. 1022, 145 L. Ed. 2d 413, 120 S. Ct. 533 (1999), we held that the district court abused its discretion in denying a losing civil rights plaintiff's motion to re-tax costs without considering (1) the plaintiff's limited financial resources; and (2) "the chilling effect of imposing such high costs on future civil rights litigants."

*Id.* at 592; *see also Stanley v. University of S. California*, 178 F.3d 1069, 1080 (9th Cir. 1999) (reversible error to consider a non-prevailing party's limited financial resources when deciding the merits of a prevailing party's bill of costs; reversible error to fail to consider whether the imposition of costs under the circumstances would tend to chill civil rights plaintiffs from bringing related claims because "[w]ithout civil rights litigants who are willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in this

Page 5 - FINDINGS AND RECOMMENDATION

nation since *Brown v. Board of Educ.*, 347 U.S. 483, 98 L. Ed. 873, 74 S. Ct. 686 (1954)").

Here, Makaneole argues that this court should deny Kelly's request to tax him with its costs because he has limited financial resources as compared to Kelly, because awarding Kelly its costs might have a chilling effect on future class-action wage-claim litigation, because the issues in the case were close and difficult, and because Makaneole litigated in good faith. I do not find that the complexity or closeness of the legal issues raised by Kelly's defenses to Makanaeole's claims or Makaneole's good faith in litigating his claims against Kelly bear on the court's discretion to deny Kelly's request for award of its costs, *see Association of Mexican-American Educators*, 231 F.3d at 592, and therefore do not consider those candidate grounds in connection with deciding the merits of Kelly's bill of costs.

In support of his argument that the court should deny Kelly's request because his financial resources are limited in comparison to Kelly's, Makaneole asserts without supporting evidence that, under the terms of his fee agreement with his counsel, it is he rather than his counsel who will be responsible for payment of Kelly's costs in the event Kelly's request were granted, and further asserts without supporting evidence there is "significant economic disparity" between him and Kelly. Even had Makaneole provided evidence in support of those two propositions, in the absence of evidence establishing that payment of Kelly's costs would impose affirmative financial hardship on Makaneole I would find that he has not met his burden to provide good grounds for denying Kelly's request on a theory of limited financial resources. I therefore recommend that the court reject Makaneole's argument in opposition to the extent premised on his limited financial resources.

By contrast, I agree with Makaneole that to award Kelly its costs would have a significant

Page 6 - FINDINGS AND RECOMMENDATION

and undesirable chilling effect on future class-action wage-claim litigation. As Makaneole observes, "[t]he policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor." *Amchem Prods. v. Windsor*, 521 U.S. 591, 617 (1997), *quoting Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997). If a potential representative of a putative class of wage claimants possibility of a small recovery in the event of success in litigating a claim for unpaid wages also faces the prospect of being taxed with an employer defendant's costs in the event of judgment in favor of the defendant, that prospect can be expected to have a chilling effect on the potential representative's interest in representing the putative class. That chilling effect constitutes good grounds for denying Kelly's request to tax Makaneole with its litigation costs, *see Association of Mexican-American Educators*, 231 F.3d at 592, *Stanley*, 178 F.3d at 1080, and I am persuaded that it is in the interests of justice to avoid creating a disincentive to bring wage-claim litigation on a class-action basis in the future. I therefore find that it is appropriate for the court to deny Kelly's request.

## CONCLUSION

For the foregoing reasons, Kelly's request to tax Makaneole with its bill (#153) of costs should be denied.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections

are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 10th day of May, 2017.

_____
Honorable Paul Papak
United States Magistrate Judge