IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL MAKANEOLE,

    Plaintiff,

v.

SOLARWORLD INDUSTRIES AMERICA,
INC., SOLARWORLD INDUSTRIES
AMERICA, LP, SOLARWORLD INDUSTRIES
SERVICES, LLC, SOLARWORLD POWER
PROJECTS, INC., and RANDSTAD US, LP,

    Defendants.

3:14-CV-1528-PK

OPINION AND
ORDER

PAPAK, Magistrate Judge:

Plaintiff Michael Makaneole brought this putative class action against defendants Solarworld Industries America, Inc., SolarWorld Industries America, LP, SolarWorld Industries Services, LLC, SolarWorld Power Projects, Inc. (collectively with Solarworld Industries America, Inc., SolarWorld Industries America, LP, and SolarWorld Industries Services, LLC, "SolarWorld" or the "SolarWorld defendants"), Randstad US, LP ("Randstad")[1], and Kelly

---

[1] Makaneole inaccurately identified Randstad as "Randstad Professionals US, LP" in his complaint as originally filed, and notwithstanding that Randstad has noted the error in virtually every document it has since filed with the court, Makaneole continues to so misidentify Randstad in his current pleading.

Page 1 - OPINION AND ORDER

Services, Inc. ("Kelly" or "KSI"), in the Multnomah County Circuit Court on August 26, 2014. Defendant Randstad removed Makaneole's action to this court effective September 24, 2014. Subsequent to removal, Makaneole amended his complaint in this court effective April 6, 2015.

By and through his amended complaint, Makaneole alleges that the SolarWorld defendants are in the business of manufacturing and selling photovoltaic products, and that defendants Kelly and Randstad are both in the business of providing temporary workers to employers in need of short-term staff. Makaneole alleges that he was employed first by Kelly, then by Randstad, and then by SolarWorld, and while serially employed by the three employers performed services on behalf of SolarWorld at a SolarWorld facility in Oregon. It is Makaneole's allegation that during all three periods of employment, SolarWorld engaged in a practice of programming an electronic time-keeping system to deduct minutes from his hours worked prior to reporting them to payroll for purposes of computing his compensation, and that Kelly and Randstad used the hours reported to them by SolarWorld following such deduction in calculating his compensation during the periods when he worked for those employers; it is further Makaneole's position that each of the three employers treated all of their similarly situated employees' hours worked in the same fashion during approximately the same time period. Arising out of that practice, Makaneole alleges all defendants' liability for violation of Oregon's Or. Rev. Stat. 652.120 and 653.010 by failing to pay all wages owed, for violation of Oregon's Or. Rev. Stat. 652.120 and 653.010 by failing to pay overtime wages owed, and for violation of Oregon's Or. Rev. Stat. 652.140 by failing to pay all wages owed at the termination of employment. Makaneole seeks damages for unpaid wages in an unspecified amount, as well as award of his attorney fees and costs. This court has original federal subject-matter jurisdiction

over Makaneole's putative class action pursuant to 28 U.S.C. § 1332(d)(2).

On September 2, 2016, these chambers recommended (*inter alia*) that the court issue summary judgment in Kelly's favor as to all of Makaneole's claims against it, and in Randstad's favor as to Makaneole's Section 652.120 claim against it for failure to pay overtime wages owed. On January 17, 2017, Judge Brown adopted those recommendations without modification. Judge Brown entered final judgment as to Makaneole's claims against Kelly on February 28, 2017.

On January 4, 2018, Makaneole advised the court that he had reached a settlement in principle with Randstad. In connection with such notice, Makaneole additionally purported to provide notice to the court that, in consequence of Makaneole's settlement in principle with Randstad, the currently pending motion for class certification is "presently" moot as to Randstad "subject to court approval" of the proposed settlement. On that basis, Makaneole purported to notify the court that "any ruling as to the pending motion for class certification should be stayed and deferred as to Randstad, as such a ruling would be contrary to the parties' settlement efforts and the current settlement posture of the action with respect to Randstad." I construe such purported notice as a motion to stay further proceedings in connection with the currently pending motion for class certification to the extent it addresses Makaneole's claims alleged against Randstad. SolarWorld opposes Makaneole's motion so construed, arguing that either no stay should be imposed or that the stay should have the effect of deferring proceedings in connection with the pending motion for class certification as to all defendants equally.

Now before the court is Makaneole's constructive motion (#189) for stay of further proceedings in connection with the currently pending motion for class certification to the extent it addresses Makaneole's claims alleged against Randstad. I have considered the constructive

Page 3 - OPINION AND ORDER

motion, oral argument on behalf of the parties, and all of the pleadings and papers on file. For the reasons set forth below, Makaneole's constructive motion is denied.

## LEGAL STANDARD

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). When considering whether to exercise their discretion to stay proceedings, the district courts should consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268, *citing Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936).

## ANALYSIS

Although Makaneole takes the position that this court should not decide the currently pending motion for class certification to the extent it addresses Makaneole's claims alleged against Randstad, he offers no argument (i) that he, the absent putative class members, or Randstad would suffer any hardship or inequity in the event the court were to decide the pending motion for class certification in its entirety, other than that such a ruling would be "contrary" to the parties' settlement efforts and the "current settlement posture" of the action, or (ii) that failure to effect the requested stay would complicate any issues of proof or questions of law. For their part, the SolarWorld defendants take the position that if a stay were entered as to the pending

Page 4 - OPINION AND ORDER

motion for class certification to the extent it addresses Makaneole's claims alleged against Randstad only, and not to the extent it addresses Makaneole's claims against SolarWorld, they would potentially suffer prejudice in the event the proposed settlement with Randstad were not approved, in that under that circumstance it is possible that different filing deadlines might thereafter apply to SolarWorld on the one hand and to Randstad on the other.

Although I find SolarWorld's objections to the requested stay unpersuasive – case deadlines could be trivially reconciled by court order in the event the stay were granted as to proceedings against Randstad only and the proposed settlement subsequently disapproved – I am similarly not persuaded that good grounds exist for issuing the requested stay in the first instance. Makaneole specifically reports that they have reached agreement as to "all of the major terms" of their proposed settlement, and that thir partial agreement has been memorialized in a Memorandum of Understanding and Term Sheet that expressly provides that it is independently enforceable (pending court approval) even in the event the parties were unable to reach agreement as to the remaining terms of their proposed settlement. As such, this court's order granting or denying class treatment of Makaneole's claims alleged against Randstad would not interfere with the parties' still-ongoing settlement negotiations. Moreover, if the stay is denied and the class certification motion subsequently resolved prior to approval or disapproval of the proposed settlement, the result of ultimate approval of the settlement would be to moot the resolution of the class certification motion, to the prejudice of no party, whereas the result of ultimate disapproval of the settlement would be that the parties continued to litigate, again to the prejudice of no party.

Because no good grounds appear to exist for staying any portion of these proceedings at

this time, Makaneole's constructive motion for stay is denied, and SolarWorld's objections to the proposed stay are accordingly disregarded as moot.

## CONCLUSION

For the foregoing reasons, Makaneole's constructive motion (#189) for partial stay of these proceedings is denied.

Dated this 2nd day of February, 2018.

_____
Honorable Paul Papak
United States Magistrate Judge