**David A. Schuck,** OSB 993564, WSB 37285
E-Mail: dschuck@wageclaim.org
**Karen A. Moore**, OSB 0409225, WSB 42476
E-Mail: kmoore@wageclaim.org
**Schuck Law, LLC**
Attorneys at Law
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763
          Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
### FOR THE  DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL MAKANEOLE**, individually and on behalf of all similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**SOLARWORLD, ET AL.,**<br><br>**Defendants**. | Case No.  3:14-CV-01528-PK<br><br>**PLAINTIFF'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT BETWEEN PLAINTIFF AND DEFENDANT RANDSTAD ONLY**<br><br>Fed. R. Civ. P. 23<br><br>Oral Argument Requested |

### TABLE OF CONTENTS

Local Rule 7-1 Certification  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Memorandum of Points and Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

          1. Background  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

2. Summary of Settlement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

3. Certification of Settlement Class Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    3.1    Plaintiff Meets the Requirements of FRCP 23(a) . . . . . . . . . . . . . . . . . . 8

        3.1.1 Numerosity is Satisfied (FRCP 23(a)(1)) . . . . . . . . . . . . . . . . . . . 8

        3.1.2 Commonality is Satisfied (FRCP 23(a)(2)) . . . . . . . . . . . . . . . . . 9

        3.1.3 Typicality is Satisfied (FRCP 23(a)(3)) . . . . . . . . . . . . . . . . . . . 9

        3.1.4 Adequate Representative is Satisfied (FRCP 23(a)(4)) . . . . . . . . 9

        3.1.5 Common Issues Predominate, Rendering Class-Wide Settlement
              Superior to Other Available Methods of Resolution . . . . . . . . . 10

    3.2    The Court Should Certify the Settlement Class under FRCP 23(b) . . . . 11

    3.3    The Court Should Appoint Plaintiff's Counsel as Class Counsel . . . . . 12

4. The Court Should Grant Preliminary Approval . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    4.1    Notice Procedures, Claims, Requests for Exclusion, and Objections . . . 16

    4.2    The Court Should Appoint Rust Consulting, Inc. as the Settlement
          Administrator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

    4.3    Service Award to the Named Plaintiff as Class Representative is Fair
          and Reasonable . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

    4.4    Attorney Fees and Costs Award to Schuck Law is Fair and Reasonable  19

5. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

## TABLE OF CASES AND AUTHORITIES

**Cases**

*Alexander Mfg. v. Ill Union Ins. Co.*, 666 F.Supp.2d 1185 (D. Or. 2009) . . . . . . . . . . . . . . . . . 14

*Amchem Prods. Inc. v. Windsor*, 521 U.S. 591 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10, 11

*Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Class Plaintiffs v. City of Seattle*, 955 F,2d 1268 (9th Cir.),
        cert. denied, 506 U.S. 953 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Fireman's Fund Ins. Co. v. Security Nat'l Ins. Co.*, case no. 99-6274,
        2003 U.S. Dist. LEXIS 27840 (D. Or. Mar. 21, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Gay v. Waiter's & Dairy Lunchmen's Union*, 489 F. Supp. 282 (N.D. Cal. 1980) . . . . . . . . . . . 8

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 10, 11

*Harris v. Marhoefer*, 24 F.3d 16 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21-22

*In re Initial Public Offering*, 226 F.R.D. 186 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . 13, 15

*In re NASDAQ Market-Makers Antitrust Litig.*, 176 F.R.D. 99 (S.D.N.Y. 1997) . . . . . . . . . . . . 7

*In re Sumitomo Copper Litig.*, 74 F. Supp.2d 393 (S.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . 21

*In re Syncor ERISA Litigation*, 516 F.3d 1095 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078 (N.D. Cal. 2007) . . . . . . . . . . . . . . . . . 7

*In re Traffic Exc. Ass'n-E.R.R.*, 627 F.2d 631 (2d Cir. 1980); . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Warfarin Sodium Antitrust Litigation*, 391 F.3d 516 (3d Cir. 2004) . . . . . . . . . . . . . . . . 13

*Mehling v. New York Life Ins. Co.*, 246 F.R.D. 467 (E.D. Pa. 2007) . . . . . . . . . . . . . . . . . . . . . 7

*Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982),
        cert. denied, 459 U.S. 1217 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 14

*Rodriguez v. W.Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Ruiz v. XPO Last Mil, Inc.*, case no. 5-CV-2125JLS(KSC) (S.D. Cal. Dec. 20, 2017) . . . . . . . 19

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

*Satchell v. Federal Express Corp.*, case nos. C 03-2659 SE, C 03-2878 SI,
  2007 U.S. Dist LEXIS 99066 (N.D. Cal. Apr. 13, 2007) . . . . . . . . . . . . . . . . . . . . . . . . 13

*Soberal-Perez v. Heckler*, 717 F.2d 36 (2d Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*State ex rel Nilsen v. Oregon State Motor Ass'n*, 248 Or 133 (1957) . . . . . . . . . . . . . . . . . . . . 20

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 19

*U.S. v. State of Oregon*, 913 F.2d 576 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Van Vranken v. Atlantic Richfield Co.*, 901 F.Supp. 294 (N.D. Cal. 1995) . . . . . . . . . . . . . . 19

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96 (2d Cir. 2005) . . . . . . . . . . . . . . . . 16, 17

*Weinberger v. Kendrick*, 698 F.2d 61 (2d Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

*Williams v. Vukovich*, 720 F.2d 909 (6th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**Statutes**
ORS 652.200 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

**Rules of Civil Procedure**
FRCP 23(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8
FRCP 23(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
FRCP 23(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
FRCP 23(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
FRCP 23(a)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
FRCP 23(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10, 11
FRCP 23(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
FRCP 23(c)(2)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
FRCP 23(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3
FRCP 23(e)(1)(4-5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
FRCP 23(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
FRCP 23(g)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**Secondary Sources**
Conte & Herbert Newberg, § 11.25 (3d ed. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Conte, Albert & Herbert B. Newberg, Newberg on Class Actions § 11.25 (4th Ed. 2002) . . . . . 8
Manual for Complex Litigation, Fourth § 21.632 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Manual for Complex Litigation § 21.633 (4th ed.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
MOORE'S FEDERAL PRACTICE  23.80[2.-1], at 23-479 (2d ed.1993) . . . . . . . . . . . . . . . . . 15

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7-1**

Pursuant to Local Rule 7-1, Plaintiff's counsel has conferred in good faith with Defendant Randstad's counsel by telephone before submitting this motion. Defendant Randstad does not oppose this motion. Plaintiff's counsel conferred in good faith with Defendant SolarWorld's counsel by telephone before submitting this motion. SolarWorld takes no position on the settlement and/or the preliminary approval motion.

**MOTION**

**TO THE COURT, DEFENDANTS AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Federal Rule of Civil Procedure 23(e), Plaintiff Michael Makaneole individually and on behalf of the proposed Settlement Class, will and hereby does move the Court to preliminarily approve the proposed settlement to resolve all claims asserted against Defendant Randstad US, LP ("Randstad") only, and to enter the concurrently-filed Proposed Order for:

1.  Preliminary approval of the proposed settlement;

2.  Certification of a class action for settlement purposes and as to Defendant Randstad only.

3.  Appointment of Plaintiff Michael Makaneole as the Class Representative and the attorneys at Schuck Law as Class Counsel of the settlement class.

4.  Preliminarily approval of the Class Representative Service Award to Plaintiff and the Attorney Fees and Costs Award to Schuck Law.

5.  Appointment of Rust Consulting, Inc. as the Settlement Administrator.

6.  Approval and mailing of the notice to the settlement to the Settlement Class, with the right to submit a claim, request exclusion, or object to the settlement; and

7.  Settlement Approval Hearing for June 1, 2018 or reasonably thereafter.

Page 1 - Plaintiff's Motion and Memorandum of Points and Authorities for Preliminary Approval of Class Action Settlement Between Plaintiff and Defendant Randstad

Plaintiff's motion and the proposed settlement expressly exclude any other Defendant and claims alleged against those Defendants, except for Randstad.  As used herein "Parties" refer to Plaintiff and only Defendant Randstad.[1]  This Motion is supported by Points and Authorities below and the following documents filed concurrently herewith:  Declaration of Karen Moore and exhibits thereto; the Proposed Order Granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement Between Plaintiff and Randstad; proposed class notice and claim form; proposed notice to Department of Labor of settlement of CAFA class action; the Proposed Order for Final Approval of Class Action Settlement Between Plaintiff and Randstad, and the pleadings, records and files in this action and such argument and evidence which may be presented at the hearing. Counsel for both parties are available and respectfully request that the final approval hearing be set for June 1, 2018, or as soon thereafter as is practicable for the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff Michael Makaneole ("Plaintiff" or "Class Representative") seeks preliminary approval of the proposed class action settlement reached with defendant Randstad US, LP ("Randstad") only.[2]

For settlement of a class action, Federal Rule of Civil Procedure 23(e) requires that the Court approve any settlement, voluntary dismissal, or compromise of any claims, issues or defenses.  Rule 23(e) requires the Court to:  1) direct notice to the class who would be bound by

---

[1]  Plaintiff expressly intends that all terms and references herein shall have the same meaning and use as defined and used in the Stipulation and Settlement Agreement of Class Action Claims as to Defendant Randstad Only.

[2] Randstad US, LP was incorrectly sued as Randstad Professionals US, LP.

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

the settlement, 2) have a hearing to determine the settlement is fair, reasonable and adequate, 3) review the agreement made in connection with the settlement, 4) ensure class members may request exclusion, and 5) give class members the opportunity to object to the settlement. Fed.R.Civ.P. 23(e). The Parties' Settlement Agreement and Plaintiff's Motion for Preliminary approval meets all of those requirements, and requests a Settlement Approval Hearing be set for June 1, 2018 or reasonably thereafter.

This action has been zealously litigated by Plaintiff Michael Makaneole and Defendant Randstad since August 26, 2014, including the prosecution and defense of multiple dispositive motions, propounding and responding to multiple sets of written discovery, requests for production and interrogatories, deposition discovery, prosecution and defense of motions for summary judgment, preparation of expert witness reports and further expert discovery, further informal discovery in advance of mediation, and the filing and opposition to Plaintiff's motion for class certification. In recognition of the risks and costs of continued litigation and the benefits and certainty of settlement of the claims, the parties reached a settlement of the class claims after lengthy arms' length negotiations with the assistance of a highly respected mediator with substantial experience with mediation of class claims, including the mediation of the prior *Bey v. SolarWorld* action; the settlement was achieved after vigorous negotiation between counsel for Plaintiff and counsel for Randstad, who are experienced and highly respected class action defense counsel. During the Parties' settlement discussions, the Parties aggressively defended their interests and advocated their respective positions. The parties did not reach a settlement at the initial full-day mediation session held on November 15, 2017 in Portland, Oregon. Counsel for Randstad and Plaintiff continued those settlement discussions for several

Page 3 - Plaintiff's Motion and Memorandum of Points and Authorities for Preliminary Approval of Class Action Settlement Between Plaintiff and Defendant Randstad

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

weeks following the November 15, 2017 mediation with the assistance of Mediator Susan

Hammer.  Only through these continuing arms' length settlement negotiations with Mediator

Hammer were the Parties able to reach this settlement.  While both Plaintiff and Randstad

maintain their arguments in the pending motion for certification, both also believe this settlement

is a fair and reasonable resolution as to all claims asserted against Randstad.  The Parties have

taken careful consideration of the wording in the Settlement Agreement and Notice to Settlement

Class Members to avoid any confusion that only claims against Randstad are being settled.  The

Court should balance the immediacy and certainty of a recovery that this Settlement provides,

against the delay, uncertainty and expense of the litigation.  Therefore, preliminary approval is

warranted.

Plaintiff further requests that the Court stay all other matters as to Defendant Randstad

only to allow the Plaintiff and Randstad to move forward with the settlement and notice

procedures.

## 1.      Background

This class action was filed on August 26, 2014.  Plaintiff alleged that Randstad did not

fully pay all wages, overtime, and payments due at termination and associated penalties to class

members as required by Oregon law, due to SolarWorld's alleged practice of adjusting time

punches at shift start and shift end by up to five minutes, and by virtue of SolarWorld's alleged

30-minute automatic deduction for meal periods.  Randstad provided staff to SolarWorld's

Hillsboro, Oregon solar cell manufacturing plant, which utilized the timekeeping system

maintained by SolarWorld.  Randstad has denied any and all liability and asserted multiple

affirmative defenses, including but not limited to that a class action should not be certified due to

Page 4 - Plaintiff's Motion and Memorandum of Points and Authorities for Preliminary Approval of Class
Action Settlement Between Plaintiff and Defendant Randstad

SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

individual questions presented as to whether the time was compensable, and whether Plaintiff

had satisfied all predicate Rule 23 requirements for class certification.  If the action were to

proceed, Randstad's counsel has advised Plaintiff's counsel that it would further argue that no

penalties are available for any time adjustments by SolarWorld, as Randstad had no knowledge

of those adjustments prior to the filing of this action.  Plaintiff contends that all requirements for

certification are met, the time adjustment rule was uniformly applied, and that the "willfulness"

showing required for imposition of penalties is satisfied, as Randstad at all times had an

obligation to ensure the accurate recording of time. The Parties submitted extensive briefing on

Rule 23 certification, along with expert analysis as to the methodology for determining damage

amounts from SolarWorld's records.  Plaintiff's motion for certification is under advisement.

**2.      Summary of Settlement**

        Federal Rule 23 provides that the dismissal or compromise of a class action must be

approved by the Court and that notice of the proposed settlement must be given to class members

in such manner as the Court directs.  The Settlement, which obligates Randstad to pay up to the

maximum settlement liability of One Million Fifty Thousand Dollars ($1,050,000.00)

("Settlement Amount"), satisfies all of the criteria for preliminary approval under federal law and

falls well within the range of approval.[3]  This Settlement allows Class Members to have a certain

and immediate recovery without the future risks of litigation and any appeals for all claims

asserted against Randstad.

        As consideration for the Settlement and subject to the Court's final approval, the

---

[3]  All terms used herein are intended to have the exact same meaning and use as that in the
Stipulation and Settlement Agreement of Class Action Claims as to Defendant Randstad
("Settlement Agreement").  Nothing in this Motion is intended to change or alter the Parties'
Settlement Agreement.

Page 5 - Plaintiff's Motion and Memorandum of Points and Authorities for Preliminary Approval of Class
Action Settlement Between Plaintiff and Defendant Randstad

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Settlement Agreement provides payments, on a claims-made basis, of:

1. $898.68 per valid and timely claim form submitted by the 755 class members;
2. $40,000.00 maximum for administrative costs to the Settlement Administrator;
3. $8,000.00 for a Service Award to Plaintiff as the Class Representative;
4. $283,500.00 for attorney fees and $40,000.00 costs to Class Counsel;
5. payment of any employer taxes based on the wages paid per valid and timely claim form submitted.

Settlement Agreement § 4.3. This allocation is the Maximum Settlement Liability Amount

agreed to by Randstad, which is not to exceed $1,050,000.00. Neither the Settlement nor this

allocation create or contemplates a common fund. Therefore, there cannot be any reversion of

funds to Randstad. All amounts claimed and awarded, up to the Settlement Amount, will be

paid.

The Settlement Agreement defines the class as:

"all current and former temporary employees of Randstad's who were assigned to
SolarWorld's Hillsboro, Oregon manufacturing facility and paid an hourly wage and who
worked in a non-exempt position for Randstad at any time during the Class Period" of
August 26, 2008 through August 26, 2014.

Settlement Agreement § 2.7. The Settlement Class shall consist of 755 class members.

Settlement Agreement § 4.3.1. While the Parties do not believe there are additional class

members, the Settlement Agreement provides for additional payments if additional class

members are identified. Importantly, no class member's recovery will be reduced based on the

number of claims, or payment of attorney fees and costs, service award to Plaintiff, or for

administration.

In return for the above consideration, Class Members, who do not request exclusion, will

release all "Released Claims" limited to any wage and hour claims that are or could have been

alleged in this case. Settlement Agreement § 4.2. Plaintiff's agreement to a General Release in

Page 6 - Plaintiff's Motion and Memorandum of Points and Authorities for Preliminary Approval of Class
Action Settlement Between Plaintiff and Defendant Randstad

no way affects any class member, but instead is a material term to obtaining this Settlement for the benefit of the Class.

///

### 3.        Certification of Settlement Class Action

Rule 23(e) requires judicial approval for any compromise of claims brought on a class basis.  The purpose of the preliminary evaluation of class action settlements by the Court is to determine whether the proposed settlement is within the range of possible approval, and thus whether notice to the class of the terms and conditions and the scheduling of a fairness hearing is worthwhile.  2 Alba Conte & Herbert Newberg, § 11.25 (3d ed. 1992) ("Newberg on Class Actions").

When considering whether to grant preliminary approval of a settlement agreement, the Court must evaluate the fairness, reasonableness, and adequacy of the proposed settlement.  *In re Syncor ERISA Litigation*, 516 F.3d 1095, 1100 (9th Cir. 2008).  The Court should consider whether the proposed settlement "appears to be the product of serious, informed, non-collusive negotiations, has no obvious-deficiency, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval."  *In re Tableware Antitrust Litig.,* 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007); *In re NASDAQ Market-Makers Antitrust Litig.*, 176 F.R.D. 99,102 (S.D.N.Y. 1997); see *Mehling v. New York Life Ins. Co*., 246 F.R.D. 467, 472 (E.D. Pa. 2007).

Before granting preliminary approval, the Court should determine that the proposed Settlement Class is a proper class under Rule 23.  See Manual for Complex Litigation, Fourth § 21.632 (2004); *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997).  The Court can certify

Page 7 - Plaintiff's Motion and Memorandum of Points and Authorities for Preliminary Approval of Class Action Settlement Between Plaintiff and Defendant Randstad

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

a settlement class where the settlement meets the requirements of Rule 23(a) – numerosity, commonality, typicality and adequate representation – and one of the requirements of Rule 23(b).  When the parties to a putative class action reach a settlement agreement prior to class certification, "courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement."  *Staton v. Boeing Co*., 327 F.3d 938, 952 (9th Cir. 2003).

The Court need only find that the settlement falls within the range of possible final approval, also described as the "reasonable range."  *See In re Traffic Exc. Ass'n-E.R.R.,* 627 F.2d 631, 633-34 (2d Cir. 1980); Conte, Albert & Herbert B. Newberg, Newberg on Class Actions § 11.25 (4th Ed. 2002).  Furthermore, courts must give "proper deference to the private consensual decision of the parties," since "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).  The proposed Settlement is fair and falls well within the range of reasonableness for this case.

### 3.1    Plaintiff Meets the Requirements of FRCP 23(a)

Plaintiff contends, and Randstad does not dispute for settlement purposes only, that Plaintiff has satisfied the numerosity, commonality, typicality and adequacy of representation requirements for purposes of a settlement class pursuant to Rule 23(a).

#### 3.1.1    Numerosity is Satisfied (FRCP 23(a)(1))

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

The numerosity requirement is met for purposes of a settlement class if the class is so large that joinder of all members would be impracticable. *See Gay v. Waiter's & Dairy Lunchmen's Union,* 489 F. Supp. 282 (N.D. Cal. 1980). Here, Randstad's records show that the proposed Randstad settlement class contains 755 members. Settlement Agreement § 4.3.1.1.

### 3.1.2    Commonality is Satisfied (FRCP 23(a)(2))

The commonality requirement is met for purposes of certification of a settlement class if there are questions of law and fact common to the class. *Hanlon,* 150 F.3d at 1019. Plaintiff contends, and Randstad does not dispute for settlement purposes only, that commonality is satisfied. There are several questions of law and fact common to the Settlement Class. Among those questions are whether 1) employees were properly paid their wages, 2) employees were timely paid all final wages at termination, and 3) entitlement to and calculation of the penalty wages under ORS 652.150. Accordingly, the commonality requirement is satisfied for settlement purposes.

### 3.1.3    Typicality is Satisfied ((FRCP 23(a)(3)))

The typicality requirement is met for purposes of certification of a settlement class if the claims of the named representatives are typical of those of the class, though "they need not be substantially identical." *See Hanlon*, 150 F.3d at 1020. Plaintiff contends, and Randstad does not dispute for settlement purposes only, that the Plaintiff's claims are typical of those of the Settlement Class because, like all Settlement Class Members, Plaintiff was employed by Randstad at the SolarWorld facility in Hillsboro, Oregon and was paid via the same system as all Settlement Class Members.

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

### 3.1.4    Adequate Representative is Satisfied ((FRCP 23(a)(4)))

If Plaintiff and Class Counsel have no interests adverse to the interest of the proposed

class members and are committed to vigorously prosecuting the case on behalf of the class, then

the adequacy requirement is met.  *Hanlon,* 150 F.3d at 1020.  Plaintiff and Class Counsel have

fairly and adequately represented and protected the interests of all Settlement Class Members.

Plaintiff has no interest antagonistic to the Class.  Plaintiff contends, and Randstad does not

dispute for purposes of settlement only, that those standards are met.  The Plaintiff's interests in

prosecuting the class and obtaining the most beneficial recovery possible fully comport with the

interests of the Class Members.  Throughout this litigation, Plaintiff and his counsel have

demonstrated their commitment to vigorously prosecuting the case on behalf of the class.  Class

Counsel conducted a thorough investigation, vigorously prosecuted the claims alleged, and

negotiated a settlement that provides prompt and valuable relief to Settlement Class Members.

Plaintiff's counsel are also experienced in wage and hour class action litigation.  The adequacy

element is therefore met.

### 3.1.5    Common Issues Predominate, Rendering Class-Wide Settlement Superior to Other Available Methods of Resolution.

The proposed Settlement Class meets the requirements of Rule 23(b) for settlement

purposes because: (1) common questions predominate over questions that affect individual

members; and (2) class resolution is superior to other available methods.  When assessing

predominance and superiority, the Court may consider that the class will be certified for

*settlement purposes only.  Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 618-20 (1997).  A

showing of manageability at trial is unnecessary; the dispositive inquiry at this stage is "whether

Page 10 - Plaintiff's Motion and Memorandum of Points and Authorities for Preliminary Approval of Class
Action Settlement Between Plaintiff and Defendant Randstad

the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id.* at 618-20, and 623; *see also Hanlon,* 150 F.3d at 1022.

Plaintiff contends, and Randstad does not dispute for settlement purposes, that the proposed settlement class is sufficiently cohesive because members of the settlement class share a "common nucleus of facts and potential legal remedies" regarding SolarWorld's timekeeping practices. *Hanlon*, 150 F.3d at 1022.

Particularly in the *settlement context*, class resolution is superior to other available methods for the fair and efficient resolution of the controversy. *See id.* at 1023. The superiority requirement involves a "comparative evaluation of alternative mechanisms of dispute resolution." *Id.* Plaintiff further contends, and Randstad does not dispute for settlement purposes only, that class resolution is superior to other methods of informal resolution for the fair and efficient resolution of the controversy.

### 3.2    The Court Should Certify the Settlement Class under Rule FRCP 23(b)

Certification of a damages settlement class is appropriate because, as set forth above, Plaintiff has satisfied the predominance and superiority requirements under Rule 23(b)(3) for purposes of class settlement. A class action is superior where it serves the primary goals of Rule 23, namely, "economies of time, effort, and expense," without sacrificing fairness. *Amchem*, 521 U.S. at 615 (internal quotation marks omitted). Settlements, such as this one, squarely advance the efficiency and fairness concerns underlying class actions because many individuals' claims would be so small as to make it economically infeasible for employees to pursue them alone. A class action is superior to other available methods for fair and efficient adjudication of the controversy because joinder of all Class Members is impossible. Repeated litigation of

Page 11 - Plaintiff's Motion and Memorandum of Points and Authorities for Preliminary Approval of Class Action Settlement Between Plaintiff and Defendant Randstad

individual claims would result in a waste of judicial resources.

The questions of law and fact common to all Class Members, as described above, predominate over any individual issues such as the nature and extent of damages. See *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975) ("The amount of damages is invariably an individualized question and does not defeat class action treatment.") Moreover, as the damages suffered by class members of the Settlement Class may be relatively small, the expense and burden of individualized litigation would make it impossible for all Class Members to individually redress the harm. "It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 628 (9th Cir. 1982), cert. denied, 459 U.S. 1217 (1983).

Here, the potential recovery in the settlement for each class member is reasonable in light of the potential recovery if litigated. For purposes of settlement only, the Court should preliminarily approve the Settlement and certify the Settlement Class pursuant to Rule 23(b)(3).

### 3.3    The Court Should Appoint Plaintiff's Counsel as Class Counsel.

Under Rule 23, "a court that certifies a class must appoint class counsel... [who] must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(A) and (4). In making this determination, the Court must consider counsel's: 1) work in identifying or investigating potential claims; 2) experience in handling class actions or other complex litigation, and the types of claims asserted in the case; 3) knowledge of the applicable law; and 4) resources committed to representing the class. Fed. R. Civ. P. 23(g).

The Court should appoint the attorneys at Schuck Law, LLC as class counsel because

Page 12 - Plaintiff's Motion and Memorandum of Points and Authorities for Preliminary Approval of Class Action Settlement Between Plaintiff and Defendant Randstad

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

they will fairly and adequately represent the interests of the class. See Schuck Decl. ISO

Certification (Doc # 165).  In making this determination, the Court must consider counsel's: 1)

work in identifying or investigating potential claims; 2) experience in handling class actions or

other complex litigation, and the types of claims asserted in the case; 3) knowledge of the

applicable law; and 4) resources committed to representing the class.

Plaintiff's counsel have significant experience in litigating class action wage and hour

cases.  See Schuck Decl. ISO Certification (Doc # 165).  Plaintiff's counsel have diligently

investigated, prosecuted, and reached a fair settlement for the Class.  Plaintiff's counsel have

dedicated substantial resources to the investigation and prosecution of the claims at issue, and

demonstrated their knowledge of Oregon wage and hour laws.  Therefore, the Court should

appoint Plaintiff's Counsel to serve as Class Counsel for the Settlement Class.

**4.      The Court Should Grant Preliminary Approval**

The Court must "make a preliminary determination on the fairness, reasonableness, and

adequacy of the settlement terms."  Manual for Complex Litigation § 21.633 (4th ed.)  The

primary question raised by a request for preliminary approval is whether the proposed settlement

is "within the range reasonableness."  *Id*. at § 40.42.  Whether settlement is within the range of

approval involves an initial examination by the Court of the terms of the settlement to determine

whether the proposal was a product of good faith, arm's-length negotiations.  See *U.S. v. State of*

*Oregon*, 913 F.2d 576, 581 (9th Cir. 1990) (citing *Williams v. Vukovich*, 720 F.2d 909 (6th Cir.

1983)).

Courts apply "an initial presumption of fairness when reviewing a proposed settlement

where: (1) the settlement negotiations occurred at arm's length; (2) there was sufficient

Page 13 - Plaintiff's Motion and Memorandum of Points and Authorities for Preliminary Approval of Class
Action Settlement Between Plaintiff and Defendant Randstad

discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected." *In re Warfarin Sodium Antitrust Litigation*, 391 F.3d 516, (3d Cir. 2004) (internal citation omitted).  Preliminary approval is merely the prerequisite to giving notice so that class members have the opportunity to be heard at the fairness hearing.  *In re Initial Public Offering*, 226 F.R.D. 186, 191 (S.D.N.Y. 2005) (fairness hearing affords class members "an opportunity to present their views of the proposed settlement").

     As mediator, Susan Hammer helped each party critically evaluate all the factors and risks of litigation to reach a settlement.  "The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive."  *Satchell v. Federal Express Corp*., case nos. C 03-2659 SE, C 03-2878 SI, 2007 U.S. Dist LEXIS 99066, at \*4 (N.D. Cal. Apr. 13, 2007).  See also, *Alexander Mfg. v. Ill Union Ins. Co*., 666 F.Supp.2d 1185, 1201 (D. Or. 2009), *Fireman's Fund Ins. Co. v. Security Nat'l Ins. Co*., case no. 99-6274, 2003 U.S. Dist. LEXIS 27840, at \*15-16 (D. Or. Mar. 21, 2003).  The Settlement is a result of arm-length negotiations between adverse represented parties and is not the result of collusion or complicity of any kind.

     Given the procedural posture of this case, the settlement was reached after significant litigation and discovery.  As demonstrated in Plaintiff's original motion for certification, Class Counsel are experienced in litigation of class action wage and hour cases.  This settlement was reached after arm's length negotiations.  The Settlement was only achieved by Ms. Hammer's continued efforts, insight and experience helped the parties bridge the initial gaps in their expectations and reach a compromise acceptable to all parties.

     There is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned."  *Class Plaintiffs v. City of Seattle*, 955 F,2d 1268,1276 (9th Cir.),

Page 14 - Plaintiff's Motion and Memorandum of Points and Authorities for Preliminary Approval of Class Action Settlement Between Plaintiff and Defendant Randstad

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

cert. denied, 506 U.S. 953 (1992). "The court's intrusion upon what is otherwise a private consensual agreement negotiated between parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Id*. at 1027 (quoting *Officers for Justice*, 688 F.2d at 625).

As a matter of public policy, courts both encourage the use of the class action device, and favor settlement over continued litigation - particularly in complex cases. See *Class Plaintiffs v. City of Seattle*, 955 F.2d at 1276. The traditional means for handling claims like those at issue here - individual litigation - would overburden the court system, require a massive expenditure of public and private resources, and given the relatively small value of the claims of the individual Class Members, would be wholly impracticable in light of the costs of litigation.

Preliminary approval does not require the court to answer the ultimate question of whether a proposed settlement is fair, reasonable, and adequate. Rather, that decision is made only at the final approval stage, after notice of the settlement has been given to the Settlement Class Members and they have had an opportunity to request exclusion or voice their views of the settlement. See 3 B J Moore, MOORE'S FEDERAL PRACTICE ¶ 23.80[2.-1], at 23-479 (2d ed.1993). Preliminary approval is merely the prerequisite to giving notice so that Settlement Class Members have the opportunity to be heard at the fairness hearing. *In re Initial Public Offering*, 226 F.R.D. 186,191 (S.D.N.Y. 2005) (fairness hearing affords class members "an opportunity to present their views of the proposed settlement").

The reasonableness of the Settlement is underscored by the fact that Randstad continues

Page 15 - Plaintiff's Motion and Memorandum of Points and Authorities for Preliminary Approval of Class Action Settlement Between Plaintiff and Defendant Randstad

to vigorously deny that the timekeeping policy resulted in failure to pay for *compensable* time, continues to contest that imposition of any penalties is warranted due to Plaintiff's failure to show willful conduct on Randstad's part, among other defenses.  Thus, Plaintiff faced numerous risks in continued litigation as to Defendant Randstad, including (1) the risk that the class would not be certified for class treatment, (2) the risk that Randstad would not have been found to have acted unlawfully or failed to pay for all compensable time, (3) the risk that penalties would not be awarded for lack of willful conduct.

This Settlement avoids the many legal and factual delays and obstacles that may prevent Plaintiff and Class Members from obtaining monetary relief.  It also satisfies Oregon's public policy to promptly pay wages to workers.  Based on the risks of proceeding forward through trial and any appeal, Plaintiff, upon recommendation of Class Counsel, agreed to resolve the pending case through this settlement.  In contrast, continued litigation would be costly and time consuming, and appeal from any judgment would be likely.  Such efforts would likely result in a delay of years before this case as to Randstad could finally be resolved.

### 4.1.    Notice Procedures, Claims, Requests for Exclusion, and Objections

The proposed Notice and Claim Form are exhibits 1 and 2 to the Settlement Agreement. The Settlement Agreement details the notice procedures, right to make a claim, request exclusion or object to the Settlement.  Settlement Agreement §§ 4.8 – 4.10.

For settlement as a class action, the Court is required to "direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise" and allow class members to request exclusion or object to the settlement. Fed.R.Civ.P. 23(e)(1)(4) and (5).  The standard for the adequacy of a settlement notice in a class

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

action under either the Due Process Clause or the Federal Rules is measured by reasonableness."

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96,113 (2d Cir. 2005) (citing *Soberal-Perez*

*v. Heckler*, 717 F.2d 36, 43 (2d Cir. 1983); Fed R. Civ. P. 23(e)).   "There are no rigid rules to

determine whether a settlement notice to the class satisfies constitutional or Rule 23 (e)

requirements; the settlement notice must 'fairly apprise the prospective members of the class of

the terms of the proposed settlement and of the options that are open to them in connection with

the proceedings.'"   *Id*. at 114 (quoting *Weinberger v. Kendrick*, 698 F.2d 61,70 (2d Cir. 1982)).

Here, the parties propose an extensive notice procedure, designed to reach as many

Settlement Class Members as possible.  The Settlement Agreement provides detailed notice

procedures.  Settlement Agreement § 4.8.  The Settlement Administrator will receive the last

known address for each Settlement Class Member from Randstad's records.  Settlement

Agreement § 4.6.  The Settlement Administrator will perform a search of the National Change of

Address database with the U.S. Postal Service to update addresses.  Settlement Agreement § 4.4.

The Notice and Claim Form will be mailed to the best address for each Settlement Class

Member.  If the initial mailing is returned as undeliverable for any Settlement Class Member and

contains a forwarding address, the Settlement Administrator will remail the Notice and Claim

Form to the new forwarding address.  Settlement Agreement § 4.8.  If there is no forwarding

address on the returned mail, the Settlement Administrator will do a single "skip trace" using that

Settlement Class Member's name and social security number and do a second mailing if an

additional address is found.  Id.

The Claim Form requires Settlement Class Members to provide the last four digits of

their social security number, sign and date the Claim Form.  Settlement Agreement § 4.9.  If a

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Claim Form is defective as to the required information, the Settlement Administrator will advise the Settlement Class Member with an opportunity to correct the Claim Form. Settlement Agreement § 4.9.4. The Response Deadline of 45 days from the initial mailing provides sufficient time for Settlement Class Members to be able to correct the defective information and resubmit the Claim Form. Settlement Agreement § 2.20.

Rule 23(c)(2)(B) requires the notice to concisely and clearly state in plain, easily understood language: the nature of the action; class definition, class claims, issues, or defenses; that a class member may appear through counsel; how to request exclusion; and the binding effect of a class judgment. Where notice is being sent in connection with a proposed settlement, "the settlement notice must 'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings.'" *Wal-Mart*, 396 F.3d at 114 (quoting *Weinberger*, 698 F.2d at 70)).

Here, the Notice comports with the above-cited legal authorities in all respects. The Notice contains all of the information necessary to allow Settlement Class Members to make informed decisions. The Notice advises Settlement Class Members on the status of the case, explains the Settlement terms, and sets forth the full Release of Claims, not merely a summary. The Notice shows how the Settlement Amount is being allocated on the first page, along with all deadlines in the Settlement.

The Notice details how to submit a valid Claim Form. The Notice separately details how to request exclusion. The procedures for objecting are separately detailed so that Settlement Class Members know exactly what is required and to whom that information must be sent. The date and time for the Settlement Approval hearing or fairness hearing is clearly stated.

Page 18 - Plaintiff's Motion and Memorandum of Points and Authorities for Preliminary Approval of Class Action Settlement Between Plaintiff and Defendant Randstad

The Notice provides the contact information for the Settlement Administrator and Class Counsel. Settlement Class Members can contact either the Settlement Administrator or Class Counsel with questions regarding the case and the settlement. The proposed Notice constitutes the best notice practicable. Therefore, in granting preliminary settlement approval, the Court should also approve the parties' proposed form and method of giving notice to the Settlement Class.

### 4.2    The Court Should Appoint Rust Consulting, Inc. as the Settlement Administrator

With Randstad's agreement, Plaintiff requests that Rust Consulting, Inc. ("Rust") be appointed as the Settlement Administrator. The Settlement Administrator is required to administer the notice, claims and payment process. Rust is a professional class action administrator with significant experience in class action administration, including settlements.

### 4.3.    Service Award to the Named Plaintiff as Class Representative is Fair and Reasonable.

The Ninth Circuit recognizes that named plaintiffs in class action litigation are eligible for reasonable incentive payments. *Staton*, 327 F.3d 977. Service Awards or Incentive Awards are "fairly typical" discretionary awards "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and sometimes, to recognize their willingness to act as private attorney general." *Rodriguez v. W.Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009) (citation omitted).

At the Settlement Approval hearing, Plaintiff will request an award of $8,000.00 as a Service Award. Randstad does not object to this request. Importantly, the Notice advises

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Settlement Class Members of the amount of the Service Award to be paid to Plaintiff for his

services and willingness to bring the class action lawsuit.  The Settlement Awards available to

class members who submit a valid and timely claim for will not be reduced by the Class

Representative Service Award.

Service Awards can range from several hundred to many thousands of dollars.  In

*Ingram*, the Court approved incentive awards of $300,000 for each named plaintiff in recognition

of the services they provided to the class by responding to discovery, participating in the

mediation process, and taking the risk of stepping forward on behalf of the class.  Id.  See also,

*Van Vranken v. Atlantic Richfield Co.*, 901 F.Supp. 294 (N.D. Cal. 1995) (approving $50,000

participation award) *Ruiz v. XPO Last Mil, Inc.*, case no. 5-CV-2125JLS(KSC) (S.D. Cal. Dec.

20, 2017) (approving $100,000 service award).  In this case, Plaintiff has been engaged in this

case and working with his counsel for nearly four years in the prosecution of this case, attended

multiple mediations, and worked with counsel via telephone on the third mediation with

Randstad.  He has also been deposed by three employers.  Plaintiff requests that at this time the

Court find, subject to the Court's decision at the Settlement Approval hearing, that the proposed

Service Award is reasonable.

### 4.4.    Attorney Fees and Costs Award to Schuck Law Is Fair and Reasonable.

Plaintiff asks the Court to preliminarily approve the Attorney Fee and Cost Award,

subject to the Court's final approval.  An award of attorney fees and costs would further the

public policy and purpose of the attorney fee statute under Oregon wage and hour laws.

Oregon wage and hour statutes provide for the separate award of attorney fees and costs.

ORS 652.200.  The purpose of this separate award is to further the public policy of the wage

Page 20 - Plaintiff's Motion and Memorandum of Points and Authorities for Preliminary Approval of Class Action Settlement Between Plaintiff and Defendant Randstad

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

statutes. "The policy of the statute is to aid an employe [sic] in the prompt collection of compensation due him, and to discourage an employer from using a position of economic superiority as a lever to dissuade an employee from promptly collecting his agreed compensation." *State ex rel Nilsen v. Oregon State Motor Ass'n*, 248 Or 133, 138 (1957). Oregon law imposes the award of attorney fees by ORS 652.200(2) to balance this economic superiority employers inherently hold over employees. The Legislative purpose of awarding attorney fees to a prevailing employee is to promote access to justice for employees. Privately initiated lawsuits, such as this one, are essential to the effectuation of the Oregon statutory scheme. The aim of the fee-shifting statute is to enable private parties to obtain legal help and seek redress for injuries resulting from violations of specific laws.

At the Settlement Approval hearing, Plaintiff's Counsel will seek up to $283,500.00 as attorney fees and $40,000.00 for costs (collectively "Attorney Fees and Cost Award"). The request for attorney fees is less than the total attorney time actually incurred in this case and attributable to the claims asserted against Randstad. Declaration of Karen A. Moore Supporting Settlement Agreement ("Moore Decl.") ¶ 2 and Ex. A.[4] Any class member can review documents supporting the attorney fees and costs requested in this settlement.

The Attorney Fee and Cost Award is independent and separate from the amounts available to Class Members. The Notice to Class Members advises of the amount of the attorney fees and costs that will be requested at the Settlement Approval hearing. Class members will have 45 days from the date the notice is mailed to consider the Settlement, including attorney fees and costs. Importantly, under the Settlement, the amount of attorney fees and costs in this

---

[4]  The details of the attorney time incurred are heavily redacted to protect attorney-client privilege and work product privilege, especially in light that the claims as to the SolarWorld Defendants are ongoing.

Page 21 - Plaintiff's Motion and Memorandum of Points and Authorities for Preliminary Approval of Class Action Settlement Between Plaintiff and Defendant Randstad

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

case will not increase or decrease the Class Member Settlement Awards.

Class Counsel prosecuted the case on a contingency basis, which presented considerable risk. "No one expects a lawyer whose compensation is contingent on the success of his services to charge, when successful, as little as he would charge a client who in advance of the litigation has agreed to pay for his services, regardless of success. Nor, particularly in complicated cases producing large recoveries, is it just to make a fee depend solely on the reasonable amount of time expended." *In re Sumitomo Copper Litig.*, 74 F. Supp.2d 393, 396-98 (S.D.N.Y. 1999). In light of those risks, years of litigation and possibly appeal, the contingent nature of the representation, and benefit ultimately obtained for the class through this settlement, warrants preliminary approval.

In the course of this litigation, Plaintiff's counsel incurred out-of-pocket costs, which include filing and service fees, postage, legislative research, and expert witness fees, are reasonable. Moore Decl. Ex. B. Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters. See, *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994). The actual costs incurred exceed the amount requested.

As part of the Settlement, Randstad agreed to amounts requested by Plaintiff's counsel, subject to Court approval. Settlement Agreement § 4.3.3. For preliminary approval, the Court is not making final decision as to the award of attorney fees and costs. Instead, the Court is providing class members with notice of the terms of the settlement, including award of attorney fees and costs allowing class members to make an informed decision regarding this settlement.

**5.    Conclusion**

The proposed settlement was reached after arms' length negotiations, through an

Page 22 - Plaintiff's Motion and Memorandum of Points and Authorities for Preliminary Approval of Class Action Settlement Between Plaintiff and Defendant Randstad

independent third party mediator.  The Settlement provides for the best notice practicable to all Class Members, sufficient time for class members to make a claim, request exclusion, or file an objection.  Plaintiff requests that the Court preliminarily approve the settlement and enter an order certifying the settlement class, appointing Rust as Settlement Administrator, approving the proposed notice and claim form, appointing the Plaintiff as Class Representative, and appointing Schuck Law as Class Counsel.  Plaintiff also requests that the Court schedule the Settlement Hearing for June 1, 2018, or reasonably thereafter.

DATED:  February 12, 2018.                    Schuck Law, LLC

                                                             /s/ Karen A.  Moore
                                                            KAREN A.  MOORE, Esquire
                                                            OSB # 040922, WSB # 42476
                                                            (360) 566-9243
                                                            Attorney for Plaintiff

Page 23 - Plaintiff's Motion and Memorandum of Points and Authorities for Preliminary Approval of Class Action Settlement Between Plaintiff and Defendant Randstad

SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

**CERTIFICATE OF SERVICE**
Michael Makaneole v. SolarWorld, et al., case no. 3:14-CV-01528-PK

I hereby certify that I caused to be served the foregoing PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT BETWEEN PLAINTIFF AND DEFENDANT RANDSTAD upon:

> John B. Dudrey
> Stoel Rives
> 760 SW Ninth Ave, Ste 3000
> Portland, OR 97205
> jdudrey@stoel.com
> > Attorney for SolarWorld Defendants

> Michael W. Kopp
> Seyfarth Shaw
> 400 Capitol Mall #2350
> Sacramento, CA 95814
> mkopp@seyfarth.com

> Gerald L Maatman
> Seyfarth Shaw, LLP
> 131 S Dearborn St., #2400
> Chicago, IL 60603
> gmaatman@seyfarth.com
> > Attorneys for Defendant Randstad

by electronic mailing through the CM/ECF system, in accordance with Fed. R. Civ. P. 5(d), on February 12, 2018.

DATED:  February 12, 2018.                     Schuck Law, LLC


                                              /s/ Karen A.  Moore
                                              KAREN A.  MOORE, Esquire
                                              OSB # 040922, WSB # 42476
                                              (360) 566-9243
                                              Attorney for Plaintiff

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763