IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MICHAEL MAKANEOLE, individually and on behalf of all similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOLARWORLD INDUSTRIES AMERICA, INC.; SOLARWORLD INDUSTRIES AMERICA, LP; SOLARWORLD INDUSTRIES SERVICES, LLC; SOLARWORLD POWER PROJECTS, INC., RANDSTAD PROFESSIONALS US, LP, and KELLY SERVICES, INC., Defendants. | 3:14-CV-01528-PK<br><br>**FINDINGS AND ORDER PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES AS TO DEFENDANT RANDSTAD ONLY, PRELIMINARILY APPROVING PROPOSED SETTLEMENT, APPROVING FORM AND DISSEMINATION OF CLASS NOTICE, AND SETTING DATE FOR SETTLEMENT APPROVAL HEARING** |

This matter has come before the Court on Plaintiff's Motion for Preliminary Approval and for certification of a Settlement Class pursuant to the terms in the Stipulation and Settlement Agreement of Class Action Claims as to Defendant Randstad US, LP[1] Only ("Settlement" or "Settlement Agreement"). The Court has received and reviewed the Settlement Agreement.

The proposed Settlement expressly excludes any and all other Defendants besides Randstad. As used herein, "Parties" refers only to Plaintiff and Defendant Randstad. Certification of the claims advanced by the Settlement Class will achieve a definite and certain result for the benefit of the Settlement Class and is preferable to continuing litigation in which the Settlement Class would necessarily encounter substantial risk, uncertainty, delay, and cost. This Order is entered exclusively for purposes of this Settlement with Randstad.

Preliminarily, this Court finds that the following terms and conditions shall apply to this Order:

---

[1] Defendant Randstad US, LP was incorrectly sued as Randstad Professionals US, LP.

Page 1 – Order Preliminarily Approving Class Action Settlement as to Defendant Randstad

44191952v.1

1. This Order is a conditional certification for Settlement purposes only as to Defendant Randstad. This Order is not intended to affect any other Defendant named in this Litigation.

2. This Order is not intended to be an admission by Randstad that class certification for any purpose other than this Settlement is proper in this Action or in any other litigation against Randstad. Randstad continues to assert that this Action fails to meet the prerequisites necessary for class treatment under applicable law. Plaintiff disagrees and continues to assert that the claims asserted meet the prerequisites necessary for class treatment.

3. Other than to effectuate the Settlement of this Action in this jurisdiction, the certification of the Settlement Class for Settlement purposes and all documents related thereto, including the Settlement Agreement and all accompanying exhibits and all orders entered by the Court in connection with the Settlement Agreement, shall not be referred to nor shall they be admissible as evidence in this Action or in any judicial, arbitral, administrative, investigative, or other court, tribunal, forum or other proceeding, including any wage and hour or other litigation against Randstad.

4. The Settlement resulted from extensive arm's-length negotiations, the Settlement Agreement was executed only after Plaintiff's Counsel had conducted extensive investigation and discovery, with a motion for class certification pending, and the Settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

5. The Settlement Agreement pursuant to which this Order is entered contains a claims process by which Settlement Class Members may submit a Claim Form that provides for payment.

6. If for any reason this Court does not approve the Settlement Agreement, or if the Settlement Effective Date as defined in the Settlement Agreement does not occur, this order certifying a Settlement Class for settlement purposes shall be deemed null and void without further action by this Court or any of the Parties, and shall be without prejudice to the rights of

Page 2 – Order Preliminarily Approving Class Action Settlement as to Defendant Randstad

44191952v.1

the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order. In such circumstances each Party shall retain all of their respective rights to seek or to object to the certification of this Action as a class action under Federal Rule of Civil Procedure 23 or any other statute, law, or provision, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

In accordance with the foregoing terms, conditions and purpose, this Court ORDERS as follows:

1. The Settlement Class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure. The Settlement Class is certified for purposes of Settlement only and as used herein consists of:

> Named Plaintiff Michael Makaneole all current and former temporary employees of Randstad's who were assigned to SolarWorld's Hillsboro, Oregon manufacturing facility and paid an hourly wage, and who worked in a non-exempt position for Randstad at any time during the Class Period.

2. For purposes of Settlement only, the Court preliminarily finds:

   a. Pursuant to Rule 23(a)(1), Settlement Class Members are sufficiently numerous that joinder of all members would be impracticable.

   b. Pursuant to Rule 23(a)(2), there exist questions of law and fact that are common to the claims of the Settlement Class Members.

   c. Pursuant to Rule 23(a)(3), the claims or defenses of the Plaintiff are typical of the claims of the Settlement Class Members.

   d. Pursuant to Rule 23(a)(4), that Plaintiff will fairly and adequately protect the interests of the Settlement Class in that (i) the interests of Plaintiff and the nature of their alleged claims are consistent with those of the Settlement Class, (ii) there appear to be no conflicts between or among Plaintiff and the Settlement Class, and (iii) Plaintiff and the Settlement Class are represented by qualified, reputable counsel at Schuck Law, LLC who are experienced in preparing and

prosecuting wage and hour class actions.

e.    Pursuant to Rule 23(b)(3), questions of law or fact common to the claim or defense of Plaintiff and the claim or defense of each Settlement Class Member predominate over any question of law or fact affecting only individual Settlement Class Members, and class representation is superior to other available methods for the fair and efficient adjudication of the controversy.

3.    The "Class Period" as used herein means the period of time from August 26, 2008 through and including August 26, 2014.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court appoints Plaintiff Michael Makaneole as the Class Representative.

5.    Pursuant to this Order, certification is for settlement purposes and consisting of claims arising from the following conduct, irrespective of the particular common law, statutory or equitable doctrine or theory advanced in support of the claim or claims: regular and overtime wages and penalties allegedly not fully paid due to the "5 Minute Rule" and/or short meal periods, and penalty wages resulting from all wages not being timely paid at the end of employment.

6.    Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court appoints the following counsel as Class Counsel: David A. Schuck, Stephanie J. Brown, and Karen A. Moore of the Schuck Law firm. The attorneys at Schuck Law are capable of fairly and adequately representing the interests of the Settlement Class, in that they have done extensive work identifying or investigating potential claims in the action. The Schuck Law firm is experienced in handling class actions and claims of the type asserted in the Action; is knowledgeable of the applicable law; and has committed the necessary resources to represent the Settlement Class.

7.    The Parties have agreed, subject to Court approval, to a proposed form of Notice, which is Exhibit 1 to the Settlement Agreement. The Court finds that the form of notice meets the requirements of due process and provides the best notice practicable under the circumstances

Page 4 – Order Preliminarily Approving Class Action Settlement as to Defendant Randstad

44191952v.1

and shall constitute due and sufficient notice to all persons entitled thereto.

8.  The Parties have agreed, subject to Court approval, to proposed detailed notice procedures as outlined in the Settlement Agreement for providing notice to Settlement Class Members. The Court finds that the notice procedures in the Settlement Agreement are fair, adequate and reasonable for providing the best notice practicable to Settlement Class Members. The Court appoints Rust Consulting as "Settlement Administrator" to administer the Settlement in accordance with this Order and the requirements set forth in the Settlement Agreement.

9.  Any Settlement Class Member who wishes to object to the Settlement Agreement, to the proposed award of attorneys' fees, to the proposed reimbursement of costs and expenses, or to any request for compensation for the Plaintiff may file an Objection. Objectors or their attorneys intending to appear at the Settlement Approval Hearing must include a statement with the objection that they intend to appear. Any objector or their counsel who does not timely file and serve a written objection complying with the requirements in the Settlement Agreement shall be deemed to have waived, and shall be foreclosed from raising any objection to the Settlement, and any untimely objection shall be barred.

10. Subject to final approval, the Court finds the Class Representative Service Award and Attorney Fees and Cost Award are fair and reasonable in light of claims asserted against Randstad, the procedural posture of the Litigation, and the experience of the attorneys at Schuck Law in class action litigation.

11. By minute order, the Court shall set a Settlement Approval hearing date and time to determine, among other things:

    a.  Whether the Settlement should be given final approval as fair, reasonable and adequate;

    b.  Whether the litigation as to any claims asserted against Randstad should be dismissed with prejudice pursuant to the terms of the Settlement;

    c.  Whether Class Counsel's request for an award of attorneys' fees and reimbursement for costs and expenses should be approved; and

    d.  Whether the Class Representative Service Award to Plaintiff should be approved.

12. The Court reserves the right to continue the Settlement Approval Hearing without further written notice.

13. The Court finds that the deadlines and timing of events as detailed in the Settlement Agreement are fair, reasonable and adequate. The Court incorporates those deadlines and the timing of events detailed in the Settlement Agreement in this Order as if each were set forth herein. If during the administration of the settlement the Settlement Administrator is unable to meet any of the deadlines in the Settlement Agreement, the Settlement Administrator shall immediately notify the Parties' counsel and work to comply with the tasks in a reasonable time as to avoid unreasonable delay.

14. The Court finds that a stay of all proceedings, including but not limited to the pending motion for class certification, between Plaintiff and Randstad is reasonable for purposes of the Settlement, settlement administration, and notice procedures. This stay of proceedings does not apply to Plaintiff's prosecution of separate claims against the SolarWorld defendants.

15. While the Parties represent that they are not aware of any other actions pending against Randstad by Class Members for unpaid wages due to work performed at the SolarWorld Oregon facility, the Parties request that the Court enjoin Class Members from initiating or prosecuting any proceeding on any claim to be released under the Settlement Agreement. The Court finds this reasonable for purposes of the Settlement, settlement administration and notice procedures. This does not apply to Plaintiff's prosecution of separate claims against the SolarWorld defendants.

16. This Order shall not be construed or used as an admission, concession, or declaration by or against Randstad of any fault, wrongdoing, breach, or liability. This Order shall not be construed or used as an admission, concession, or declaration by or against Plaintiff or the Settlement Class that their claims lack merit or that the relief requested in the Litigation is inappropriate, improper or unavailable. Nor shall it be construed as a waiver by any party of any

arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Randstad to class certification in the event that the Settlement Agreement is terminated.

17. The Court hereby retains jurisdiction for purposes of implementing the Settlement Agreement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement Agreement as may from time to time be appropriate and to resolve any and all disputes arising thereunder.

18. Nothing in the Settlement between Plaintiff and Randstad or this Preliminary Approval Order shall in any way, directly or indirectly, affect the claims and rights of Plaintiff and any class member as to any other Defendant in this case, except for Defendant Randstad.

IT IS SO ORDERED.

DATED this 21st day of March, 2018.

_____
Honorable Paul Papak
United States Magistrate Judge