**David A. Schuck,** OSB 993564
E-Mail: dschuck@wageclaim.org
**Stephanie J. Brown,** OSB 030019
E-Mail: sbrown@wageclaim.org
**Karen A. Moore**, OSB 040922
E-Mail: kmoore@wageclaim.org
**SCHUCK LAW, LLC**
Attorneys at Law
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763
      Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL MAKANEOLE**, individually and on behalf of all similarly situated, <br>               **Plaintiff**, <br> v. <br><br> **SOLARWORLD INDUSTRIES AMERICA, INC.; ET AL.,** <br>               **Defendants**. | Case No.  3:14-CV-01528-PK <br><br> **PLAINTIFF'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT BETWEEN PLAINTIFF AND DEFENDANT RANDSTAD** |

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7-1

Pursuant to Local Rule 7-1, Plaintiff's counsel has conferred in good faith with Defendant Randstad's counsel by telephone before submitting this motion.  Defendant Randstad does not oppose this motion.  Plaintiff's counsel conferred in good faith with Defendant SolarWorld's counsel and Defendant Kelly Service's counsel by telephone before submitting this motion.  SolarWorld and Kelly Services take no position on the settlement and/or the motion for final approval.

Page 1 - Plaintiff's Motion and Memorandum of Points and Authorities for Final Approval of Class Action Settlement Between Plaintiff and Defendant Randstad

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

## MOTION[1]

Plaintiff respectfully requests that the Court hold a final approval hearing as scheduled on June 19, 2018 as to the requirements of Rule 23(e), and delay entry of the proposed Order and Final Judgment until Tuesday July 23, 2018, due to the 90 day requirements of CAFA, 28 U.S.C. §1715(d).

Plaintiff's counsel intends to appear at the June 19, 2018 hearing, but has no objection to Defendants' counsel appearing via telephone. While a hearing is not being requested for July 23, 2018, Plaintiff's counsel remains available.

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.    Introduction

On March 21, 2018, the Court issued the Preliminary Approval Order (Doc #204) that set the Settlement Approval Hearing for June 19, 2018. The Notice to Class Members advised that the approval hearing was set for that date at 10:00 am. In the Preliminary Approval Order, the Court approved the Notice of Class Action Settlement and Release of Claims, appointed Plaintiff as the Class Representative, designated the attorneys at Schuck Law as Class Counsel, appointed Rust Consulting, Inc. ("Rust") as Claims Administrator, and set time lines for the Notice and Claim procedures to effectuate the Settlement.

Rust fulfilled the notice requirements, including mailing Notice to the 755 class members. Declaration of Abigail Schwartz ("Schwartz Decl."). No class member submitted an

---

[1]    All terms used herein are intended to have the exact same meaning and use as that in the Stipulation and Settlement Agreement of Class Action Claims as to Defendant Randstad ("Settlement Agreement"). Nothing in this Motion is intended to change or alter the Parties' Settlement Agreement. Importantly, any references to "Parties" and "Defendant" do not include any other defendant named in this action besides Randstad US, LP.

SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

objection to the settlement, award of attorney fees and costs, or to the service award to Plaintiff.

Only one (1) class member requested to be excluded from the settlement.

Upon entry of the Order and Final Judgment, the deadlines for payment of the Settlement

Amount begin to run, distributing the funds as follows:

- Settlement Awards of $898.68 to 246 Approved Claimants (class members who submitted a valid and timely claim form).  Schwartz Decl. ¶ 14

- $8,000.00 paid to Plaintiff as a Service Award

- up to a maximum of $40,000.00 paid to Rust Consulting, Inc. ("Rust") for settlement administration

- $283,500.00 for attorney fees and $38,610.17 in costs to Schuck Law

Settlement Agreement § 4.3.1.  The proposed Order and Final Judgment is submitted herewith

and agreed to by counsel for Plaintiff and Defendant Randstad.  Settlement Agreement Ex. 4.

**2.    CAFA Notice to State and Federal officials requires delay of actual entry of the Order and Final Judgment until July 23, 2018.**

The Class Action Fairness Act requires that the defendant provide notice to the

appropriate State and Federal officials of the proposed settlement, and include:

1.    a copy of the complaint,

2.    notice of any scheduled judicial hearing,

3.    notice to the class members of the settlement and their right to request exclusion,

4.    a copy of the proposed settlement,

5.    any settlement or other agreement contemporaneously made between class counsel and defense counsel,

6.    any final judgment or notice of dismissal,

7.    the names of class members, who reside in each State, and amount of settlement

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

award, and

8.    any written judicial opinions relating to items 1 through 3.

28 U.S.C. § 1715(b).  The CAFA Notice provides the State or federal official notice of the

settlement so that if they want to participate, they can advise the court and parties within 90 days

of that notice. *Id.* § 1715(d).

Defendant Randstad's counsel mailed the required notice and documents to the Oregon

Bureau of Labor & Industries ("BOLI") and the U.S. Department of Justice ("DOJ"), Portland,

Oregon office, by mailing on April 17, 2018.  Moore Decl. Ex. 1 (documents referenced in letter

not included).  Neither BOLI nor the DOJ have responded with any interest or inquiry on this

settlement.

However, the 90 day notice period to the State and Federal officials is a strict deadline.

28 U.S.C. § 1715(d).  As such, Plaintiff, joined by Randstad, ask that the court allow the full 90

days to run through July 22, 2018 (90 days plus 3 days for mailing) to allow either BOLI and/or

the DOJ the full allotted time if they wish to make an appearance or comment that the Court

should consider before entry of the Order and Final Judgment.  Plaintiff requests that, absent

comment or appearance by BOLI or the DOJ, the Court enter the Order and Final Judgment on

July 23, 2018.[2]

---

[2]   This process of holding the final hearing and delaying entry of the Order and Final
Judgment has been used and approved in other class actions.  See, e.g., *In re Processed Egg
Products Antitrust Litigation*, 284 F.R.D. 249, 258 n. 12 (E.D. Pa. 2012) (at final approval
hearing, holding entry of final approval in abeyance until 90 days had expired, finding this
procedure appropriate, and citing to *D.S. ex rel. S.S. v. New York City Dep't of Educ.*, 255 F.R.D.
59, 80 (E.D.N.Y. 2008) (approving the settlement on a provisional basis until the CAFA notice
deadline passes and no federal or state official requests a hearing)); *Kay Co. v. Equitable Prod.
Co.*, No. 06 Civ. 00612, 2010 WL 1734869, at *4 (S.D.W.Va. Apr. 28, 2010) ("Since more than
100 days have passed since service was perfected and since there have been no adverse
comments from any of the aforesaid State or Federal officials, the Court finds that compliance

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

3.      **Final Settlement Approval Is Appropriate and Entitled to a Presumption of**

**Fairness**

      Absent an appearance by BOLI or the DOJ on or before July 22, 2018, this settlement

warrants final approval under Rule 23(e).  The Ninth Circuit has a "strong judicial policy that

favors settlements, particularly where complex class action litigation is concerned." *Class*

*Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).  In settlement or compromise of

a class action, the Court must follow Rule 23(e), which provides:

> The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
> > (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
> >
> > (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
> >
> > (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
> >
> > (4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
> >
> > (5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

In granting preliminary approval, the Court has already fulfilled its duties under subsections 1

(notice), 3 (reviewing the settlement agreement), 4 (opportunity to request exclusion), and 5

(opportunity for class members to object).

---

with CAFA is satisfactory."); *Adoma v. University of Phoenix, Inc.,* 913 F.Supp.2d 964, (E.D. Cal. 2012) (citing *In re Processed Egg Products Antitrust Litigation*, 284 F.R.D. 249, 258 n. 12 (E.D. Pa. 2012) with approval).

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Now before the Court is Plaintiff's Motion for Final Approval seeking the Court's finding that the settlement "is fair, reasonable, and adequate" under subsection 2. "When sufficient discovery has been provided and the parties have bargained at arms-length, there is a presumption in favor of the settlement." *City P'shp Co. v. Atl. Acquisition Ltd. P'shp*., 100 F.3d 1041, 1043 (1st Cir. 1996). Here, the settlement was reached, with the aid of mediator Susan Hammer, after initial discovery and preliminary analysis of SolarWorld's time clock data from the *Bey* case (Mult. Co. Cir. Court, case no. 1212-16562). While both Plaintiff and Randstad maintain their arguments regarding certification and the merits of the wage claims, both also believe this settlement is a fair and reasonable resolution as to all claims asserted against Randstad.

As explained in the Motion for Preliminary Approval, and incorporated by reference, this settlement was reached after significant and arms-length negotiations, and is entitled to deference. Courts must give "proper deference to the private consensual decision of the parties," since "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998). The proposed Settlement is fair and falls well within the range of reasonableness for this case.

An important indication that this settlement is "fair, reasonable and adequate" is the class members' positive response to the Notice. Of the 755 class members, 246 class members, 32% of the class, chose to submit claim forms. In wage and hour class action settlements, the typical

Page 6 - Plaintiff's Motion and Memorandum of Points and Authorities for Final Approval of Class Action Settlement Between Plaintiff and Defendant Randstad

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

claim rate is between 20% to 33%.  Declaration of Karen A. Moore Supporting Final Approval ¶ 3.  The fact that only 1 class member requested exclusion and absolutely no class members submitted any objection to the settlement is further indication that the settlement is fair, reasonable and adequate.  Thus, the settlement warrants the Court's final approval and entry of the proposed Order and Final Judgment.

**3.      Class Action Settlement Administration**

The Court's Preliminary Approval Order set forth the requirements for settlement administration and satisfying Rule 23(e)(1)(3-5).  Pursuant to the Court's Order, Rust fulfilled the requirements for sending notice to the class.  Schwartz Decl.  The Notice clearly detailed the class members' rights and the amounts available under the Settlement, subject to final approval by the Court.  *Id.* at Ex. 1.

The Notice provided on the first page all "critical dates" and the full allocation of the Settlement Amount.  *Id.*  The Notice clearly advised class members that they must respond on or before June 2, 2018 if they wanted to participate by submitting a claim form, request exclusion, or file and serve any objections to the settlement.  *Id.*  Importantly, the Notice also provided the class members with the full scope of the release that they would be subject to unless they request exclusion.  The Notice advised class members that they could object to the settlement, including the allocation for attorney fees and costs, and service award to Plaintiff.  The Notice further provided details on how to obtain more information about the settlement, the full settlement agreement, and details of the attorney fees and costs being sought by Schuck Law.

On April 4, 2018, Rust received the class list itemizing 755 class members.  Schwartz Decl. at ¶ 9.  Rust then followed the detailed notice procedures in the Settlement Agreement and

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

as ordered by the Court.  Id at ¶¶ 9-11.  On April 18, 2018, the Notice and Claim Form were mailed to all class members.  *Id.* at ¶ 11.

As of June 11, 2018, mail was returned for 164 class members.  *Id.* at ¶ 12.  For 161 of the 164 returned Notices, Rust performed a single skip trace using the class member's social security number in an attempt to locate a better address.  If a better address was located, the Notice and Claim Form was remailed.  *Id.*  Pursuant to a class member's request and with an updated address, Rust remailed the Notice to that class member.  *Id*.  Two (2) Notices were returned to Rust within the five (5) business days before the Response Deadline.  *Id*.  Pursuant to the Settlement Agreement, any Notices returned within five (5) business days before the Response Deadline were not traced and remailed.  Settlement Agreement § 4.8.2.

At the conclusion of the Notice period, Rust received 244 timely and valid claim forms and 2 valid but untimely claim forms.  *Id.* at ¶ 14.  Subject to Court approval, Randstad has agreed to allow only these the two (2) untimely claims as approved claimants, which would entitle them to a Settlement Award.  Only one (1) class members requested exclusion.  *Id.* at ¶ 15.  No class members filed or submitted any objections.  *Id*. at ¶ 16.

The Court's approval and entry of the Final Judgment will trigger the remaining deadlines in the Settlement Agreement for payments to be issued, including the gross Settlement Award of $898.68 to approved claimants.  Settlement Agreement § 4.3.1.  All settlement checks to class members will be negotiable for 90 days.  Settlement Agreement § 4.14.2.  Thereafter, any settlement awards not cashed or otherwise negotiated will be paid to the Oregon State Bar funding for Legal Services Program.  Settlement Agreement § 4.3.5.

///

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

4.      **Service Award to Plaintiff**

In addition to the Settlement Awards paid to Plaintiff and approved claimants, Plaintiff requests award of $8,000.00 as a service award for bringing this class action. Randstad does not object to this request. The Notice to the class members advised of the service award and the amount. No class members expressed any objection to the service award.

In this case, Plaintiff has been engaged in this case and working with his counsel for nearly four years in the prosecution of this case, attended multiple mediations, and worked with counsel via telephone on the third mediation with Randstad. He has also been deposed by three employers.

The Ninth Circuit recognizes that named plaintiffs in class action litigation are eligible for reasonable incentive payments. *Staton v. Boeing, Co.*, 327 F.3d 938, 977 (9th Cir. 2003). Service Awards or Incentive Awards are "fairly typical" discretionary awards "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and sometimes, to recognize their willingness to act as private attorney general." *Rodriguez v. W.Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009) (citation omitted).

This award takes into consideration the risk, time, effort, and expenses incurred by the Named Plaintiff in coming forward to litigate this matter on behalf of all Class Members. "Courts routinely approve incentive awards to compensate named Plaintiffs for the services they provide and the risks they incur during the course of the class action litigation." *Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001). There were no objections to the service award to the Plaintiff. Plaintiff put the interests of the Class before his own interests.

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Accordingly, the service award is fair and reasonable.

**5.      Attorneys' Fees and Costs to Class Counsel**

Plaintiff seeks an award of $283,500.00 as attorney fees and $38,610.17 for costs

(collectively "Attorney Fees and Cost Award").  Randstad does not object to this request.

Payment of the attorney fees and costs does not reduce any amount to the class members.

The Notice to class members clearly identified the total maximum amount of attorney fees and

costs that Class Counsel could request be awarded upon final approval of the settlement.

Schwartz Decl. Ex. 1.  There were no objections to the attorney fees and costs award.

The Settlement Agreement provides $283,500 as attorney fees and up to $40,000 as costs

to Schuck Law.  Settlement Agreement § 4.3.3.  With the Motion for Preliminary Approval and

in support of the Settlement Agreement, Plaintiff filed the total attorney time actually incurred in

this case and attributable to the claims asserted against Randstad, and the costs incurred.  Moore

Decl. ¶ 2 (Doc #194).  Based on the actual statement of costs and amounts incurred, Class

Counsel is seeking only $38,610.17, based on the invoices and receipts filed with Plaintiff's

Motion for Preliminary Approval.  Moore Decl. Ex. B (Doc # 194-2).  By filing this information

with the Motion for Preliminary Approval, any class member could review the case file, or

request information from Schuck Law, if they needed additional information beyond what was

included in the Notice.

The Attorney Fees and Cost Award further the public policy of Oregon wage and hour

laws.  Attorney fees and costs are recoverable under ORS 652.200.  The purpose of this separate

award is to further the public policy of the wage statutes.  "The policy of the statute is to aid an

employe [sic] in the prompt collection of compensation due him, and to discourage an employer

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

from using a position of economic superiority as a lever to dissuade an employee from promptly collecting his agreed compensation." *State ex rel Nilsen v. Oregon State Motor Ass'n*, 248 Or 133, 138 (1957).

The Legislative purpose of awarding attorney fees to a prevailing employee is to promote access to justice for employees. Privately initiated lawsuits, such as this one, are essential to the effectuation of the Oregon statutory scheme. The aim of the fee-shifting statute is to enable private parties to obtain legal help and seek redress for injuries resulting from violations of specific laws.

Plaintiff also requests that the Court consider that this case has been zealously litigated for nearly 4 years. Plaintiff requests that Schuck Law be awarded the full attorney fees and costs requested.

**6.     Costs of Settlement Administration to Rust Consulting, Inc.**

Plaintiff also requests that the Court approve payment to Rust for settlement administration. The Settlement Agreement provided up to $40,000 designated for settlement administration. Rust estimates $20,000.00 as the total costs for the administration, including already incurred fees and estimated fees through completion. Schwartz Decl. ¶ 17. Pursuant to the Settlement Agreement, Rust is required to still provide invoices to Class Counsel and Randstad for administration of this settlement. Settlement Agreement § 4.3.6.2. This amount is separate from the awards to the Approved Claimants, Service Award, and Attorney Fees and Costs Award. Payment to Rust for administration will not reduce the amount to the Approved Claimants.

///

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

**CONCLUSION**

Therefore, Plaintiff respectfully requests that the Court grant final approval of the Class

Action Settlement, as the settlement provides substantial benefit to the Class Members.  Plaintiff

requests that the Court find that the Settlement and Notice procedures are fair, reasonable, and

adequate under Rule 23(e).  The standard for final approval has been met.  However, to allow the

full 90 days to run under CAFA, Plaintiff requests that the Court leave this matter open until July

22, 2018, and if neither BOLI or the DOJ file an appearance, then enter the proposed Order and

Final Judgment on July 23, 2018.

DATED:  June 12, 2018.                    Schuck Law, LLC

    /s/ Karen A.  Moore
KAREN A.  MOORE, Esquire
OSB # 040922, WSB # 42476
(360) 566-9243
Attorney for Plaintiff

Page 12 - Plaintiff's Motion and Memorandum of Points and Authorities for Final Approval of Class Action
Settlement Between Plaintiff and Defendant Randstad