IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MICHAEL MAKANEOLE, individually and on behalf of all similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOLARWORLD INDUSTRIES AMERICA, INC.; SOLARWORLD INDUSTRIES AMERICA, LP; SOLARWORLD INDUSTRIES SERVICES, LLC; SOLARWORLD POWER PROJECTS, INC., RANDSTAD PROFESSIONALS US, LP, and KELLY SERVICES, INC.,<br>Defendants. | 3:14-CV-01528-PK<br><br>ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT OF CLASS ACTION AS TO DEFENDANT RANDSTAD PROFESSIONALS US, LP (ONLY) |

This matter came before this Court on the Plaintiff's Motion for Final Approval of Settlement ("Final Approval Motion")[215].

WHEREAS, the Court has received and reviewed the Settlement Agreement entered into between the Plaintiff as the Class Representative, on the one hand, and Randstad US, LP ("Randstad"), on the other hand (the "Settlement Agreement"), and has considered the terms of the proposed settlement set forth therein (the "Settlement");

WHEREAS, all terms contained herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein;

WHEREAS, on March 21, 2018, the Court entered its order preliminarily approving the settlement of this class action, approving the form and method of notice, and setting a date and

time for a Settlement Approval hearing to consider whether the Settlement should be finally approved by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, adequate, and reasonable (the "Preliminary Approval Order");

WHEREAS, the Court's Preliminary Approval Order reflects the claims certified solely for settlement purposes and the scope of the Settlement Class as to Defendant Randstad only;

WHEREAS, the Preliminary Approval Order further directed that all Settlement Class Members be given notice of the Settlement and of the date for the Settlement Approval hearing;

WHEREAS, the Court has received a declaration of Abigail Schwartz on behalf of Rust Consulting, Inc., the appointed Settlement Administrator, attesting to notice procedures in substantial accordance with the Preliminary Approval Order and Settlement Agreement;

WHEREAS, the Court having considered that no objections to the Settlement were filed;

WHEREAS, the Court having conducted a final fairness hearing on June 19, 2018 (the "Settlement Approval Hearing"), and having considered the arguments presented, all papers filed and all proceedings had therein;

and

WHEREAS, the full 90 days required by CAFA under 28 USC § 1715(d) having expired on July 22, 2018 and the Court having received no comment or inquiry from the Oregon Bureau of Labor and Industries or the US Department of Justice;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of this action, all Settlement Class Members, who have not timely requested exclusion, and Defendant Randstad.

2. In accordance with Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, all Settlement Class Members have been given proper and adequate

notice of the Settlement. Based upon the evidence submitted by the Parties, the Settlement Agreement, the arguments of counsel, and all the files, records and proceedings in this case, the Court finds that the Notice and notice methodology implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Settlement Approval Hearing; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law.

3.  The Settlement Agreement in this action warrants final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure because it is fair, adequate, and reasonable to those it affects; resulted from extensive good-faith arm's length negotiations between the parties; and is in the public interest considering the following factors

(a) the strength of the Plaintiff's case as to the claims asserted against Randstad;

(b) the risk, expense, complexity and likely duration of further litigation;

(c) the risk of maintaining class action status against Randstad throughout the trial;

(d) the amount offered in settlement;

(e) the extent of discovery completed, and the stage of the proceedings;

(f) the experience and views of counsel;

(g) the presence of a governmental participant; and

(h) the reaction of the class members to the proposed settlement.

*Torrisi v. Tucson Elec. Power Co.,* 8 F.3d 1370, 1375 (9th Cir. 1993). Settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair. *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998).

4. The Final Approval Motion is hereby GRANTED, and the Settlement Agreement is hereby APPROVED as fair, reasonable, adequate, and in the public interest, and the terms of the Settlement Agreement are hereby determined to be fair, reasonable and adequate, for the exclusive benefit of the Settlement Class Members. The Parties are directed to consummate the Settlement Agreement in accordance with its terms.

5. The Court APPROVES payment of the Settlement Amount in accordance with the terms of the Settlement Agreement.

6. The Court AWARDS payment of Class Representative Service Award to Michael Makaneole in the amount of $8,000.00.

7. The Court AWARDS payment of Attorney Fees to Schuck Law, LLC as Class Counsel in the amount of ~~$283,500.00~~ $277,241.25 and costs and expenses in the amount of $38,610.17 (collectively "Attorney Fee and Cost Award").

8. The allocation of funds as provided in the Settlement Agreement up to the Maximum Settlement Liability Amount is APPROVED as fair, adequate, and reasonable. The Settlement Amount, Class Representative Service Award, Attorney Fee and Cost Award, payment of the settlement administrator and Settlement Awards to all Approved Claimants shall be distributed in accordance with the terms and deadlines of the Settlement Agreement and any further orders of this Court.

9. The Litigation is DISMISSED WITH PREJUDICE regarding any and all claims

asserted against Defendant Randstad US, LP,[1] and without costs other than as specified in the Settlement Agreement and this Order.

10. In consideration of the Class Settlement Amount, and for other good and valuable consideration, each of the Settlement Class Members, including those who did not submit valid and timely requests for exclusion, shall have fully, finally, and forever released, relinquished, and discharged all Released Claims against Randstad and Releasees in accordance with the Settlement Agreement.

11. This Judgment is the Final Judgment in the suit as to all Settlement Class Members.

12. Without affecting the finality of this Judgment in any way, this Court retains jurisdiction over (a) implementation of the Settlement and the terms of the Settlement Agreement; (b) distribution of the Class Settlement Amount, the Class Representative Incentive Awards, and the Attorneys' Fees and Costs Amount; and (c) all other proceedings related to the implementation, interpretation, administration, consummation, and enforcement of the terms of the Settlement Agreement and/or the Settlement, and the administration of Claims by Settlement Class Members. The time to appeal from this Judgment shall commence upon its entry.

13. In the event that the Effective Date, as defined in the Settlement Agreement, does not occur, this Judgment shall be rendered null and void and shall be vacated, *nunc pro tunc*, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiff, Settlement Class Members, and Randstad.

14. This Court finds that there is no just reason for delay and expressly directs Judgment and immediate entry by the Clerk of the Court.

---

[1] Defendant Randstad US, LP was incorrectly sued as Randstad Professionals US, LP.
44191986v.1

15. Nothing in the Settlement between Plaintiff and Randstad, this Court's Preliminary Approval Order, or this Order and Final Judgment shall in any way, directly or indirectly, affect the claims and rights of Plaintiff and any class member as to any other Defendant in this case, except for Defendant Randstad.

**IT IS SO ORDERED.**

DATED this ___23___ day of July, 2018.

*Marco Hernandez (for)*
Honorable Michael W. Mosman
United States District Judge