IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MICHAEL MAKANEOLE, individually
and on behalf of all similarly situated
individuals,

        Plaintiffs,

    v.

SOLARWORLD INDUSTRIES
AMERICA, INC. et al.,

        Defendants.

No. 3:14-cv-01528-JR

OPINION AND ORDER

MOSMAN, J.,

On October 20, 2020, Magistrate Judge Jolie A. Russo issued her Findings and Recommendation (F. & R.) [ECF 319]. Judge Russo recommends that I grant Plaintiff's Motion for Class Certification [ECF 307]. Defendants SunPower North America Manufacturing LLC, SunPower Manufacturing Oregon LLC, and SunPower Corporation (collectively, "SunPower") filed timely Objections [ECF 325]. Upon review, I agree with and therefore ADOPT Judge Russo's F. & R.

**STANDARD OF REVIEW**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge

1 – OPINION AND ORDER

but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F. & R. to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F. & R. depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F. & R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

SunPower argues that Judge Russo misconstrued Oregon law, and this misconstruction led Judge Russo to misapply the class-certification factors. SunPower's Objs. [ECF 325] at 3. SunPower argues either that (1) it is not an "employer" under Or. Rev. Stat. § 652.310, or (2) whether it is an "employer" under that statute cannot be resolved on a class-wide basis. For the following reasons, I reject both arguments.

**I.    The merits are not at issue.**

First, SunPower claims that it does not meet the definition of "employer" under Oregon law. This is a legal argument unrelated to class certification. Judge Russo correctly explained that "the Court should not 'advance a decision on the merits to the class certification stage.'" F. & R. [ECF 319] at 3 (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003)); *see also Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974) ("We find nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action.").

SunPower may eventually succeed on this legal argument, but class certification does not hinge on its resolution. I agree with and adopt Judge Russo's F. & R. on this point.

**II.     The "employer" issue is not a bar to class certification.**

Second, SunPower asserts that whether it is an "employer" under Oregon law cannot be resolved on a class-wide basis. Unlike its first argument, this argument appropriately attacks class certification. However, it too fails. I agree with Judge Russo: "SunPower's argument necessarily relates to all employees and thus is efficiently determined on a class-wide basis." F. & R. [ECF 319] at 10.

Under Oregon law, an "employer" "includes any successor to the business of any employer, or any lessee or purchaser of any employer's business property for the continuance of the same business, so far as such employer has not paid employees in full." Or. Rev. Stat. § 652.310(1). Accordingly, SunPower is an employer if (1) it is a successor to the business of SolarWorld, or (2) it is a lessee or purchaser of SolarWorld's business property for the continuance of the same business. Both clauses require the successor entity to conduct essentially the same business as its predecessor. *Blachana, LLC v. Bureau of Labor & Indus.*, 318 P.3d 735, 745 (Or. 2014). Whether a corporation conducts essentially the same business as its predecessor depends on the totality of the circumstances, including:

> the name and identity of the business, its location, the lapse of time between the previous operation and the new operation, whether the businesses employed substantially the same workforce, whether the same product was manufactured or the same services offered, and whether the same machinery, equipment, or methods of production were used.

*Id.* at 746. These circumstances can be efficiently evaluated on a class-wide basis.

In its objections, SunPower highlights all the ways in which it is different than SolarWorld. *See, e.g.*, SunPower's Objs. [ECF 325] at 5–6 (noting that SunPower "changed the

3 – OPINION AND ORDER

name of the facility" and eventually sold "substantial amounts" of equipment); *id.* at 9 (arguing that its "business is drastically different than the one SolarWorld conducted"); *id.* at 10 (noting that SolarWorld had shuttered some of its operations before the sale); *id.* at 11 (suggesting that it continues some of SolarWorld's business but not all of it). These alleged differences all go to the merits of whether SunPower is an employer, and that issue will be resolved either on summary judgment or at trial—not on class certification. Resolution of that issue will affect all employees equally, and "thus is efficiently determined on a class-wide basis." F. & R. [ECF 319] at 10.

Next, SunPower argues that "the successor inquiry must consider the various components of a vertically-integrated operation independently." SunPower's Objs. [ECF 325] at 9. Judge Russo rejected this argument as inconsistent with the *Blachana* inquiry, which "does not split the business into parts." F. & R. [ECF 319] at 9. Judge Russo explained: "Indeed, SunPower's argument is better suited to when the purported successor only purchases a part of an integrated business . . . . Arguably, the purchaser would be conducting a dissimilar business as the part would not equal the character of the whole . . . ." *Id.* at 9–10. If SunPower did in fact purchase only a part of SolarWorld, perhaps it will ultimately succeed under a similar theory—once the merits are before the court, of course. Judge Russo did note, however, that "the record, even at this stage, suggests SunPower purchased virtually all of the business property including the portions of the vertically integrated enterprise it chose not to continue." *Id.* at 8. I agree with Judge Russo's interpretation of *Blachana* and understanding of the facts of this case.

Finally, SunPower argues that Judge Russo's incorrect interpretation of Oregon law "permeates application of the Rule 23 factors." SunPower's Objs. [ECF 325] at 10. Since I conclude that Judge Russo appropriately construed Oregon law, I reject the premise of this argument, and I find SunPower's remaining objections unpersuasive.

## CONCLUSION

Upon review, I ADOPT Judge Russo's F. & R. [ECF 319] as my own opinion and GRANT Plaintiff's Motion for Class Certification [ECF 307].

IT IS SO ORDERED.

DATED this __12__ day of February, 2021.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge