IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**MICHAEL MAKANEOLE,** *individually and on behalf of all similarly situated,*

        Plaintiff,

v.

**SOLARWORLD INDUSTRIES AMERICA, INC. et al.,**

        Defendants.

Case No. 3:14-cv-01528-JR

OPINION AND ORDER

**MOSMAN, J.,**

On October 21, 2021, Magistrate Judge Jolie Russo issued her Findings and Recommendation ("F. & R.") [ECF 359]. Judge Russo recommends that I grant in part and deny in part Plaintiff's Motion for Partial Summary Judgment [ECF 334]. Objections were due on November 24, 2021. Both Defendants and Plaintiff filed objections [ECF 364, 365]. Plaintiff responded to Defendants' objections [ECF 369]. For the reasons discussed below, I agree with Judge Russo in part.

**STANDARD OF REVIEW**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court

1 – OPINION AND ORDER

is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F. & R. to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F. & R. depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F. & R. 28 U.S.C. § 636(b)(1)(C).

## BACKGROUND

Plaintiff Michael Makaneole represents a class of individuals who allege defendants failed to pay all wages for time worked by Plaintiff and similarly situated individuals. Plaintiff brings claims on behalf of the class under Or. Rev. Stat §§ 652.120 (failure to pay regular wages), 653.055 and 653.261 (failure to pay overtime wages), and 652.140 (failure to pay wages upon termination). Second Am. Compl. [ECF 260] ¶¶ 81–158.

In his current motion, Plaintiff moves for partial summary judgment on behalf of the class on the issue of liability and damages. Plaintiff contends that SolarWorld's 5-Minute Rule failed to account for all work time and that SolarWorld failed to pay for all time during meal breaks in which an employee took less than 30 minutes.

The "5-Minute Rule" adjusted employee punch times that were five minutes before or after the scheduled work time. For example, if an employee scheduled to start work at 8:00 AM punched in at 7:57 AM, the system automatically adjusted the start time to 8:00 AM. SolarWorld also automatically deducted 30 minutes from employees' working time for required meal periods even if the meal break was less than 30 minutes.

## DISCUSSION

Judge Russo makes three recommendation. First, that I grant summary judgment in favor of the class and against SolarWorld on the issue of the 5-Minute Rule and find SolarWorld liable for wages during the time periods covered by the rule in the amount of $21,485.97 for regular time and $115,254.11 for overtime. F. & R. at 14. Second, she recommends that I grant summary judgment against SolarWold on the issue of willfulness and find SolarWorld willfully violated wage and hour laws regarding the 5-Minute Rule. *Id.* And third, she recommends denying summary judgment for Plaintiff on the issue of short meal breaks and penalty wages. *Id.*

I agree with Judge Russo that I should deny summary judgment for Plaintiff on the issue of short meal breaks and penalty wages. However, the legal issues that underpin the F. & R. on the 5-Minute Rule are currently on appeal to the Ninth Circuit in the unrelated case of *Buero v. Amazon*. Therefore, I find a stay of the case proper until the Ninth Circuit rules in *Buero* and I do not adopt her findings on the 5-Minute Rule or willfulness at this time.

### I.      Meal Breaks

I adopt Judge Russo's F. & R. denying summary judgment for Plaintiff on the issue of short meal breaks and penalty wages. I agree with Judge Russo that it would be improper to retroactively apply *Maza v. Waterford Operations Inc.*, 300 Or. App. 471 (2019). Judge Russo's finding on this point are consistent with *Gessele v. Jack in the Box, Inc.*, 2020 WL 9814402, at *12 (D. Or. June 5, 2020), where Judge Brown declined to retroactively apply the holding in *Maza*. Additionally, Chief Judge Hernández recently adopted Judge Russo's F. & R. in a different case, *Swearingen v. Amazon.com Services,*, 2021 WL 6124902, at *1 (D. Or. Dec. 27, 2021), where Judge Russo also declined to retroactively apply *Maza*.

## II.     5-Minute Rule

Judge Russo finds that while much of Oregon's wage and hour provisions are patterned after the Federal Fair Labor Standards Act ("FLSA"), the definition of "work" in Oregon is more expansive than the federal definition found in the Portal-to-Portal Act that amended the FLSA:

> However, Oregon law's definition of work is more expansive as it includes the time authorized attendance as well as the time worked. Thus, the Portal-to-Portal Act's exclusion from compensable time activities which are preliminary to or postliminary to the principal activity for which an employee is hired to perform does not apply to exclude time in attendance at work under Oregon Law.

F. & R. at 6. Judge Russo rests her decision on an interpretation of Or. Admin R. 839-020-0004(19) (defining hours worked) and 839-020-0043(3) (defining preparatory and concluding activities).

At present, there are two reasons why I cannot adopt Judge Russo's finding on this point. First, Judge Russo's conclusion is directly opposite to the one I recently reached in an unrelated wage-and-hour class action *Buero v. Amazon*. Second, the parties in *Buero* appealed my ruling. Notice of Appeal, 3:19-cv-00974-MO [ECF 49]. The Ninth Circuit has heard oral argument, certified relevant legal questions to the Oregon Supreme Court, and is set to rule on the legal issues that underpin my prior ruling in *Buero* and Judge Russo's findings in this case.

In *Buero* I found "the idea that there is strong evidence that Oregon is trying to track the federal scheme here to be persuasive." Tr., Case No. 19-974 [ECF 43] at 38:5–6. Specifically, I found that because language in Or. Admin R. 839-020-0043 takes language identical to the language found in the Portal-to-Portal Act, the State of Oregon intended to follow the "decades-long interpretation" of that federal law. *Id.* at 38:2–3.

Two of the three issues presented on appeal in *Buero* directly impact the law Judge Russo applied in the F. & R.. The two issues are as follows:

>Issue Presented No. 1: The district court erred by dismissing Plaintiff's individual and class claims for unpaid wages and class claim for late final pay penalty wages by erroneously concluding that Oregon's wage and hour laws merely track the FLSA and therefore must be interpreted as federal law.
>
>Issue Presented No. 2: The district court erred by dismissing Plaintiff's individual and class claims for unpaid wages and class claims for unpaid wages and class claim for late final pay penalty wages by erroneously concluding that Oregon either explicitly or implicitly incorporated or adopted Congress' 1947 amendment to the FLSA under the Portal-to-Portal Act.

Opening Brief, Case No. 20-35633 [ECF 17] at ii. The Ninth Circuit heard oral argument in *Buero* on November 9, 2021. On December 22, 2021, the Ninth Circuit certified a question[1] to the Oregon Supreme Court and identified the key issues as whether: "(1) Oregon's wage and hour laws track the FLSA and may be interpreted under federal law; and (2) the Supreme Court's interpretation of the Portal-to-Portal Act, 29 U.S.C. § 254, in *Busk* applies to Plaintiff's claims." Order Certifying Question to the Supreme Court of Oregon, Case No. 20-35633 [ECF 45] at 5.

In responding to Defendants' objections to the F. & R., Plaintiff argues that Judge Russo's interpretation of the law is correct and there is "no hidden meaning or backdoor intent to incorporate the Portal-to-Portal Act" under Oregon law. Resp. in Opp'n [ECF 369] at 13. In making this argument, Plaintiff failed to address my ruling in *Buero* or the pending appeal.

Because the issues presented on appeal in *Buero* will be dispositive in this case, I do not adopt Judge Russo's findings on the 5-Minute Rule or on willfulness. I instead stay this case pending the resolution of the appeal in *Buero*. I order the parties to provide supplemental briefing once the Ninth Circuit rules in *Buero*. I ask Judge Russo to reevaluate the Motion for Partial

---

[1] The certified question is as follows: "Under Oregon law, is time that employees spend on the employer's premises waiting for and undergoing mandatory security screenings compensable." Order Certifying Question to the Supreme Court of Oregon, No. 20-35633 [45] at 8. While security screenings are not at issue in *Makaneole*, the key legal issues identified above are. At the time of writing this opinion and order, the Oregon Supreme Court has not yet decided whether to answer the certified question.

5 – OPINION AND ORDER

Summary Judgment in light of the Ninth Circuit's forthcoming ruling and the parties' supplemental briefing.

## CONCLUSION

Upon review, I agree with Judge Russo's recommendation in part. I ADOPT the portion of the F. & R. [ECF 359] at 9–11 that discusses meal breaks as my own opinion. I otherwise decline to adopt Judge Russo's F. & R. on the 5-Minute Rule and willfulness and instead STAY this case pending the appeal in *Buero v. Amazon*. I order the parties to provide supplemental briefing once the Ninth Circuit rules in *Buero*. I ask Judge Russo to then reevaluate the Motion for Partial Summary Judgment in light of the Ninth Circuit's forthcoming ruling and the parties' supplemental briefing.

IT IS SO ORDERED.

DATED this 1st day of February, 2022.

MICHAEL W. MOSMAN
United States District Judge