**David A. Schuck,** OSB 993564
E-Mail: dschuck@wageclaim.org
**Stephanie J. Brown,** OSB 030019
E-Mail: sbrown@wageclaim.org
**Karen A. Moore**, OSB 040922
E-Mail: kmoore@wageclaim.org
**SCHUCK LAW, LLC**
Attorneys at Law
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243
        Attorney for Plaintiff and Class

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL MAKANEOLE**, individually and on behalf of all similarly situated,<br><br>                              **Plaintiff**,<br><br>    v.<br><br>**SOLARWORLD INDUSTRIES AMERICA, INC.; SOLARWORLD INDUSTRIES AMERICA, LP; SOLARWORLD INDUSTRIES SERVICES, LLC; SOLARWORLD POWER PROJECTS, INC.; RANDSTAD PROFESSIONALS US, LP; KELLY SERVICES, INC., SUNPOWER NORTH AMERICA MANUFACTURING LLC, SUNPOWER MANUFACTURING OREGON, LLC, and SUNPOWER CORPORATION,**<br><br>                              **Defendants**. | Case No.  3:14-CV-01528-JR<br><br>**PLAINTIFF'S MOTION AND MEMORANDUM FOR PRELIMIINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH SOLARWORLD DEFENDANTS ONLY** |

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7-1

Pursuant to Local Rule 7-1, Plaintiff's counsel has conferred in good faith with

SolarWorld's counsel by telephone before submitting this motion.  SolarWorld joins in the

request for preliminary approval of the settlement based on the terms in the Stipulation and

Settlement Agreement of Class Action Claims as to SolarWorld Defendants Only ("Settlement

Page 1 - Plaintiff's Motion and Memorandum for Preliminary Approval of Class Action Settlement With
SolarWorld Defendants Only

Agreement" or "Agreement"), which is being filed with this Motion.  On February 11, 2022,

Plaintiff's counsel conferred in good faith with Defendant SunPower's counsel by telephone.  On

February 15, 2022, Plaintiffs' counsel emailed to SunPower's counsel a copy of the Settlement

Agreement to SunPower's counsel.  As of the date this motion is filed, SunPower has not stated

whether it takes any position.

## MOTION

Plaintiff Michael Makaneole, individually and on behalf of the Class, moves the Court to

grant preliminarily approval of the Settlement Agreement with Defendants Solarworld Industries

America, Inc.; Solarworld Industries America, LP; Solarworld Industries Services, LLC; and

Solarworld Power Projects, Inc. (collectively "SolarWorld") only.[1]  Plaintiff and SolarWorld ask

the Court to enter the concurrently-filed proposed Preliminary Approval Order, which:

1.   Preliminary approves the proposed settlement;

2.   Preliminarily approves the Class Representative Service Award to Plaintiff and
     the Attorney Fees and Costs Award to Schuck Law.

3.   Approves the Notice to Class Members, along with the notice procedures; and

4.   Sets a Final Settlement Approval Hearing to a date not less than 100 days after
     entry of the Preliminary Approval Order, estimated to be approximately June 15,
     2022 or reasonably thereafter.

The settlement between Plaintiff and SolarWorld expressly excludes any other Defendant in this

case, and expressly excludes all the SunPower defendants.  As used herein "Parties" refer to

Plaintiff and SolarWorld only.

---

[1]   All terms used herein are intended to have the exact same meaning and use as that in the
Stipulation and Settlement Agreement of Class Action Claims as to SolarWorld Defendants
Only.  Nothing in this Motion, or anything filed in support of the settlement, is intended to
change or alter the Parties' Settlement Agreement.

Page 2 - Plaintiff's Motion and Memorandum for Preliminary Approval of Class Action Settlement With
SolarWorld Defendants Only

This Motion is supported by Points and Authorities below, the Declaration of Karen A. Moore, the Settlement Agreement and exhibits thereto, and the case record in this Action, along with argument and evidence which may be presented at the hearing. The Parties' counsel are available and respectfully request that the Final Settlement Approval Hearing be set on a date not less than 100 days after entry of the Preliminary Approval Order, estimated to be June 15, 2022 or reasonably thereafter.

## MEMORANDUM OF POINTS AND AUTHORITIES

This Action has been zealously litigated by Plaintiff and SolarWorld since August 26, 2014, including the prosecution and defense of multiple dispositive motions, propounding and responding to multiple sets of written discovery, requests for production and interrogatories, deposition discovery, prosecution and defense of motions for summary judgment, preparation of expert witness reports and further expert discovery, further informal discovery in advance of mediation, and the filing and opposition to Plaintiff's motion for class certification. In recognition of the risks and costs of continued litigation and the benefits and certainty of settlement of the claims, the parties reached a settlement of the class claims after lengthy arms' length negotiations, and multiple mediations. This settlement was achieved after vigorous negotiation between the Parties' counsel, who are experienced and highly respected class action litigators. During the Parties' settlement discussions, the Parties aggressively defended their interests and advocated their respective positions.

While both Parties maintain their arguments in this case, they also believe this settlement is fair and reasonable. The Parties have taken careful consideration of the wording in the Settlement Agreement and Notice to Settlement Class Members to avoid any confusion and to

Page 3 - Plaintiff's Motion and Memorandum for Preliminary Approval of Class Action Settlement With SolarWorld Defendants Only

clarify that only claims against the SolarWorld defendants are being settled. The Court should balance the immediacy and certainty of a recovery that this Settlement provides, against the delay, uncertainty and expense of litigation, including possible appeals. Therefore, preliminary approval is warranted.

## 1.    Background

The claims and defenses in this case are well documented in the court record, and incorporated herein by reference. In summary, Plaintiff alleges that SolarWorld did not pay all wages as required by Oregon law. SolarWorld has denied any and all liability and asserted multiple affirmative defenses. The Court previously granted class certification under Fed. R. Civ. P. 23. ECF # 210. Thereafter, notice with the opportunity to request exclusion from the case was mailed to all class members, with 13 individuals submitting opt-out forms. ECF # 236. The Parties agree that all 13 requests for exclusion, including those with an illegible postmark date or that were untimely should be honored. See ECF #236 ¶ 11.

## 2.    Summary of Settlement

Federal Rule 23 provides that the dismissal or compromise of a class action must be approved by the Court and that notice of the proposed settlement must be given to class members in such manner as the Court directs. The Settlement, which obligates SolarWorld to pay a "Maximum Settlement Amount" of Four Hundred Thousand Dollars ($400,000.00), satisfies all of the criteria for preliminary approval under federal law and falls well within the range of approval. This Settlement allows Class Members to have a certain and immediate recovery without the future risks of litigation and any appeals.

As consideration for the Settlement and subject to the Court's final approval, the

Page 4 - Plaintiff's Motion and Memorandum for Preliminary Approval of Class Action Settlement With SolarWorld Defendants Only

Settlement Agreement provides payments as follows:

1. $10,000.00 for administrative costs to the Settlement Administrator, which includes full accounting and issuing of all settlement payments;

2. $4,000.00 for a Service Award to Plaintiff as the Class Representative;

3. $100,000.00 for attorney fees and $82,000.00 for costs to Schuck Law as Class Counsel;[2]

4. payment of any employer taxes based on the wages paid; and

5. equal distribution of the Maximum Settlement Amount to all Class Members, after payment of items 1 – 4 above.

Settlement Agreement § 4.3. This allocation is the Maximum Settlement Amount agreed to by SolarWorld. Because this Settlement fully distributes all funds from the Maximum Settlement Amount, there cannot be any reversion to SolarWorld.

The Settlement Agreement defines the Class Members as:

all hourly employees of SolarWorld who worked at the Hillsboro, Oregon manufacturing facility at any time during the Class Period, and who did not previously request exclusion from this Action.

Settlement Agreement § 2.3. The Class consists of 615 class members. Id.

In return for the above consideration, Class Members will release all "Released Claims" as to SolarWorld only, and are limited to wage and hour claims that are or could have been alleged in this case. Settlement Agreement § 4.2. Plaintiff's agreement to a General Release, as to SolarWorld only, in no way affects any Class Member's claims against SunPower, but instead is a material term to obtaining this Settlement for the benefit of the Class.

**3.      Judicial Approval of Class Action Settlement**

---

[2]   In agreeing to these amounts for settlement, Plaintiff does not waive, but instead expressly reserves, all rights to the full amount of attorney time incurred in this case on claims remaining as to the SunPower defendants.

Page 5 - Plaintiff's Motion and Memorandum for Preliminary Approval of Class Action Settlement With SolarWorld Defendants Only

Rule 23(e) requires judicial approval for any compromise of claims brought on a class basis. The purpose of the preliminary evaluation of class action settlements by the Court is to determine whether the proposed settlement is within the range of possible approval, and thus whether notice to the class of the terms and conditions and the scheduling of a fairness hearing is worthwhile. 2 Alba Conte & Herbert Newberg, § 11.25 (3d ed. 1992) ("Newberg on Class Actions").

When considering whether to grant preliminary approval of a settlement agreement, the Court must evaluate the fairness, reasonableness, and adequacy of the proposed settlement. *In re Syncor ERISA Litigation*, 516 F.3d 1095, 1100 (9th Cir. 2008). The Court should consider whether the proposed settlement "appears to be the product of serious, informed, non-collusive negotiations, has no obvious-deficiency, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval." *In re Tableware Antitrust Litig.,* 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007); *In re NASDAQ Market-Makers Antitrust Litig.*, 176 F.R.D. 99,102 (S.D.N.Y. 1997); *see Mehling v. New York Life Ins. Co*., 246 F.R.D. 467, 472 (E.D. Pa. 2007).

In this case, the Court has already granted certification finding the requirements of Fed. R. Civ. P. 23 have been met. The Court already appointed Plaintiff as the Class Representative, and the attorneys at Schuck Law as Class Counsel. ECF # 210. In light of the procedural posture of this case and that the opportunity to request exclusion was previously provided, the Court need only find that the settlement falls within the range of possible final approval, also described as the "reasonable range." *See In re Traffic Exc. Ass'n-E.R.R.,* 627 F.2d 631, 633-34 (2d Cir. 1980); Conte, Albert & Herbert B. Newberg, Newberg on Class Actions § 11.25 (4th ed.

2002).  *See also Low v. Trump University, LLC*, 881 F.3d 1111 (9th Cir. 2018) (class action settlement approved without need for second opportunity to request exclusion where Notice and opportunity were already provided in the case).

Furthermore, courts must give "proper deference to the private consensual decision of the parties," since "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).  This Settlement is fair and reasonable to the Class Members, giving them an immediate benefit, and falls well within the range of reasonableness for approval given the status of the case.

**4.      The Court Should Grant Preliminary Approval**

The Court must "make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms."  Manual for Complex Litigation § 21.633 (4th ed.)  The primary question raised by a request for preliminary approval is whether the proposed settlement is "within the range reasonableness."  *Id*. at § 40.42.  Whether settlement is within the range of approval involves an initial examination by the Court of the terms of the settlement to determine whether the proposal was a product of good faith, arm's-length negotiations.  *See U.S. v. State of Oregon*, 913 F.2d 576, 581 (9th Cir. 1990), *citing Williams v. Vukovich*, 720 F.2d 909 (6th Cir. 1983).

Courts apply "an initial presumption of fairness when reviewing a proposed settlement where: (1) the settlement negotiations occurred at arm's length; (2) there was sufficient

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected." *In re Warfarin Sodium Antitrust Litigation*, 391 F.3d 516, (3d Cir. 2004) (internal citation omitted).  Preliminary approval is merely the prerequisite to giving notice so that class members have the opportunity to be heard at the fairness hearing.  *In re Initial Public Offering*, 226 F.R.D. 186, 191 (S.D.N.Y. 2005) (fairness hearing affords class members "an opportunity to present their views of the proposed settlement").

This Settlement warrants preliminary approval because it directs Notice to be mailed to all Class Members and gives them the opportunity to object to the Settlement if they do not believe it is fair and reasonable, and indicate if they intend to appear at the Final Settlement Approval Hearing.  Class Members, who have no objections to the Settlement, do not have to do anything to participate and receive a recovery from the Maximum Settlement Amount.

The Parties have participated in multiple mediations since August 2014, including with experienced mediators, Jeffrey Batchelor, Richard Spier and Susan Hammer.  While the Parties reached this Settlement through direct negotiations between counsel, the prior mediations, with experienced mediators, helped each party critically evaluate all the factors and risks of litigation to reach a settlement.  "The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive."  *Satchell v. Federal Express Corp.*, case nos. C 03-2659 SE, C 03-2878 SI, 2007 U.S. Dist LEXIS 99066, at *4 (N.D. Cal. Apr. 13, 2007).  *See also Alexander Mfg. v. Ill Union Ins. Co.*, 666 F.Supp.2d 1185, 1201 (D. Or. 2009), *Fireman's Fund Ins. Co. v. Security Nat'l Ins. Co.*, case no. 99-6274, 2003 U.S. Dist. LEXIS 27840, at *15-16 (D. Or. Mar. 21, 2003).  The Settlement is a result of arm-length negotiations between adverse represented parties and is not the result of collusion or complicity of any kind.

SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

Given the procedural posture of this case, the settlement was reached after significant litigation and discovery. There is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *Class Plaintiffs v. City of Seattle*, 955 F,2d 1268,1276 (9th Cir.), *cert. denied*, 506 U.S. 953 (1992). "The court's intrusion upon what is otherwise a private consensual agreement negotiated between parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Id*. at 1027 (quoting *Officers for Justice*, 688 F.2d at 625).

As a matter of public policy, courts both encourage the use of the class action device, and favor settlement over continued litigation - particularly in complex cases. *See Class Plaintiffs v. City of Seattle*, 955 F.2d at 1276. The traditional means for handling claims like those at issue here - individual litigation - would overburden the court system, require a massive expenditure of public and private resources, and given the relatively small value of the claims of the individual class members, would be wholly impracticable in light of the costs of litigation.

Preliminary approval does not require the court to answer the ultimate question of whether a proposed settlement is fair, reasonable, and adequate. Rather, that decision is made only at the final approval stage, after notice of the settlement has been given to the Class and they have had an opportunity to submit objections and appear at the final hearing to voice their views of the settlement. See 3 B J Moore, MOORE'S FEDERAL PRACTICE ¶ 23.80[2.-1], at 23-479 (2d ed.1993). *See also In re Initial Public Offering*, 226 F.R.D. 186, 191 (S.D.N.Y. 2005) (fairness hearing affords class members "an opportunity to present their views of the

Page 9 - Plaintiff's Motion and Memorandum for Preliminary Approval of Class Action Settlement With SolarWorld Defendants Only

SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

proposed settlement").

The reasonableness of the Settlement is underscored by the fact that SolarWorld continues to vigorously deny the claims, and has asserted multiple defenses. Plaintiff faces numerous risks in continued litigation as to SolarWorld, and potential appeal of the issues.

This Settlement avoids the many legal and factual delays and obstacles that may prevent Plaintiff and Class Members from obtaining monetary relief. It also satisfies Oregon's public policy to pay wages to workers. Based on the risks of proceeding forward through trial and any appeal, Plaintiff, upon recommendation of Class Counsel, agreed to this settlement. In contrast, continued litigation and appeal would likely result in a delay of years before this case as to SolarWorld could be resolved.

### 3.1.    Notice Procedures, Claims, Requests for Exclusion, and Objections

The proposed Notice is exhibit 1 to the Settlement Agreement. Class Members do not have to take any action to participate in this Settlement. The Settlement Agreement details the notice procedures by mail to all Class Members and details their right to object to the Settlement if they do not believe this Settlement warrants final approval. Settlement Agreement § 4.9.

For settlement as a class action, the Court is required to "direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise" and allow class members to object to the settlement. Fed.R.Civ.P. 23(e)(1)(4) and (5). The standard for the adequacy of a settlement notice in a class action under either the Due Process Clause or the Federal Rules is measured by reasonableness." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96,113 (2d Cir. 2005), citing *Soberal-Perez v. Heckler*, 717 F.2d 36, 43 (2d Cir. 1983); Fed R. Civ. P. 23(e). "There are no rigid rules to determine whether a

Page 10 - Plaintiff's Motion and Memorandum for Preliminary Approval of Class Action Settlement With SolarWorld Defendants Only

settlement notice to the class satisfies constitutional or Rule 23 (e) requirements; the settlement notice must 'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings.'" *Id*. at 114 (quoting *Weinberger v. Kendrick*, 698 F.2d 61,70 (2d Cir. 1982)).

Here, the Settlement provides notice procedures that are designed to reach the Class Members.  Settlement Agreement § 4.8.  Because Rust Consulting, Inc. ("Rust") previously handled the original Notice to Class Members, they have the records and last known address for each Class Member.[3]  Additionally, the Settlement requires Rust to perform a search of the National Change of Address database with the U.S. Postal Service to update addresses.  Id.  The Notice will be mailed to the best address for each Class Member.  If the initial mailing is returned as undeliverable for any Class Member and contains a forwarding address, the Settlement Administrator will remail the Notice to the new forwarding address.  Id.  If there is no forwarding address on the returned mail, the Settlement Administrator will do a single "skip trace" using that Class Member's name and social security number and do a second mailing if an additional address is found.  Id.

Rule 23(c)(2)(B) requires the notice to concisely and clearly state in plain, easily understood language: the nature of the action; class definition, class claims, issues, or defenses; that Class Counsel has been appointed to represent them, but they may appear through their own

---

[3] The Court previously appointed Rust as the Administrator for mailing and processing the Notice of Class Action to the Class Members.  Due to their familiarity with the case and class, it is reasonable for them to be appointed as the Settlement Administrator in this case.  The Settlement Administrator is required to administer the notice, claims and payment process.  Rust is a professional class action administrator with significant experience in class action administration, including settlements.

SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

counsel if they want to; and the binding effect of a class judgment. "The settlement notice must 'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings.'" *Wal-Mart*, 396 F.3d at 114 (quoting *Weinberger*, 698 F.2d at 70)).

Here, the Notice comports with the above-cited legal authorities in all respects. The Notice contains all of the information necessary to allow Class Members to make informed decisions, and sets forth the full Release of Claims, not merely a summary. The Notice shows how the Maximum Settlement Amount is being allocated on the first page, along with all deadlines in the Settlement.

The Notice separately details the procedures for objecting so that Class Members know exactly what is required and to whom that information must be sent. The date and time for the Final Settlement Approval Hearing or fairness hearing is clearly stated.

The Notice provides Class Counsel's contact information, phone and email, where Class Members can receive more information and ask any questions regarding the case and the settlement. The proposed Notice constitutes the best notice practicable. Therefore, in granting preliminary settlement approval, the Court should also approve the parties' proposed form and method of giving notice to the Class.

### 3.2    Service Award to Plaintiff as Class Representative is Fair and Reasonable.

The Ninth Circuit recognizes that named plaintiffs in class action litigation are eligible for reasonable incentive payments. *Staton v. Boeing*, 327 F.3d 938, 977 (9th Cir. 2003). Service Awards or Incentive Awards are "fairly typical" discretionary awards "intended to compensate class representatives for work done on behalf of the class, to make up for financial or

Page 12 - Plaintiff's Motion and Memorandum for Preliminary Approval of Class Action Settlement With SolarWorld Defendants Only

reputational risk undertaken in bringing the action, and sometimes, to recognize their willingness to act as private attorney general." *Rodriguez v. W.Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009) (citation omitted).

At the Settlement Approval hearing, Plaintiff will request an award of $4,000.00 as a Service Award. SolarWorld does not object to this request. Importantly, the Notice advises Class Members of the amount of the Service Award to be paid to Plaintiff for his services and willingness to bring the class action lawsuit.

Service Awards can range from several hundred to many thousands of dollars. In *Van Vranken v. Atlantic Richfield Co.*, 901 F.Supp. 294 (N.D. Cal. 1995), the Court approved $50,000 participation award to the plaintiff. *See also Ruiz v. XPO Last Mil, Inc.*, case no. 5-CV-2125JLS(KSC) (S.D. Cal. Dec. 20, 2017) (approving $100,000 service award). In this case, Plaintiff has been engaged in this case and working with his counsel since 2014 – over seven (7) years in the prosecution of this case, attended multiple mediations, and worked with Class Counsel in obtaining this settlement with SolarWorld. He has also been deposed by three employers. Plaintiff requests that at this time the Court find, subject to the Court's decision at the Final Settlement Approval hearing, that the proposed Service Award is reasonable.

**3.3.    Attorney Fees and Costs Award to Schuck Law as Class Counsel Is Fair and Reasonable.**

Plaintiff asks the Court to preliminarily approve the Attorney Fee and Cost Award, subject to the Court's final approval. An award of attorney fees and costs would further the public policy and purpose of the attorney fee statute under Oregon wage and hour laws.

Oregon wage and hour statutes provide for the separate award of attorney fees and costs.

Page 13 - Plaintiff's Motion and Memorandum for Preliminary Approval of Class Action Settlement With SolarWorld Defendants Only

ORS 652.200.  The purpose of this separate award is to further the public policy of the wage statutes.  "The policy of the statute is to aid an employe [sic] in the prompt collection of compensation due him, and to discourage an employer from using a position of economic superiority as a lever to dissuade an employee from promptly collecting his agreed compensation."  *State ex rel Nilsen v. Oregon State Motor Ass'n*, 248 Or 133, 138 (1957).  Oregon law imposes the award of attorney fees in ORS 652.200(2) to balance this economic superiority employers inherently hold over employees.  The Legislative purpose of awarding attorney fees to a prevailing employee is to promote access to justice for employees.  Privately initiated lawsuits, such as this one, are essential to the effectuation of the Oregon statutory scheme.  The aim of the fee-shifting statute is to enable private parties to obtain legal help and seek redress for injuries resulting from violations of specific laws.

At the Settlement Approval hearing, Plaintiff's Counsel will seek $100,000.00 as attorney fees and $82,000.00 for costs actually incurred in this case (collectively "Attorney Fees and Cost Award").  The request for attorney fees is less than the total attorney time actually incurred in this case and attributable to the litigation against SolarWorld.  Declaration of Karen A. Moore Supporting Settlement Agreement ("Moore Decl.") ¶ 2 and Ex. A.[4]  Any Class Member can review documents supporting the attorney fees and costs requested in this settlement.

The Attorney Fee and Cost Award is independent and separate from the amounts available to Class Members.  The Notice to Class Members advises of the amount of the attorney fees and costs that will be requested at the Settlement Approval hearing.  Class members will

---

[4]   The details of the attorney time incurred are heavily redacted to protect attorney-client privilege and work product privilege, especially in light that the claims as to the SunPower Defendants are ongoing.

Page 14 - Plaintiff's Motion and Memorandum for Preliminary Approval of Class Action Settlement With SolarWorld Defendants Only

have 30 days from the date the Notice is mailed to consider the Settlement, including attorney fees and costs.

Class Counsel prosecuted the case on a contingency basis, which presented considerable risk.  "No one expects a lawyer whose compensation is contingent on the success of his services to charge, when successful, as little as he would charge a client who in advance of the litigation has agreed to pay for his services, regardless of success.  Nor, particularly in complicated cases producing large recoveries, is it just to make a fee depend solely on the reasonable amount of time expended."  *In re Sumitomo Copper Litig*., 74 F. Supp.2d 393, 396-98 (S.D.N.Y. 1999).  In light of those risks, years of litigation and likely appeal, the contingent nature of the representation, and benefit ultimately obtained for the class through this settlement, warrants preliminary approval.

In the course of this litigation, Class Counsel incurred reasonable out-of-pocket costs, which include filing and service fees, postage, legislative research, and expert witness fees. Moore Decl. Ex. B.  Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters.  *See Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994).  The actual costs incurred exceed the amount requested.

As part of the Settlement, SolarWorld agreed to amounts requested by Class Counsel, subject to Court approval.  Settlement Agreement § 4.3.  For preliminary approval, the Court is not making a final decision as to the award of attorney fees and costs.  Instead, the Court is providing Class Members with notice of the terms of the settlement, including award of attorney fees and costs allowing Class Members to make an informed decision regarding this settlement.

**4.    Conclusion**

Page 15 - Plaintiff's Motion and Memorandum for Preliminary Approval of Class Action Settlement With SolarWorld Defendants Only

The proposed settlement was reached after arms' length negotiations, after years of litigation and after three mediations.  The Settlement provides for the best notice practicable to all Class Members with the opportunity to file an objection to the settlement.  Plaintiff requests that the Court preliminarily approve the Settlement, including allocation of the Maximum Settlement Amount, subject to final approval; appoint Rust as Settlement Administrator; and approve the proposed Notice and notice procedures.  Plaintiff also requests that the Court schedule the Final Settlement Approval Hearing at least 100 days after entry of the Preliminary Approval Order, or after June 15, 2022.

DATED: February 21, 2022.                Schuck Law, LLC

                                              /s/ Karen A.  Moore
                                         KAREN A.  MOORE, Esquire
                                         OSB 040922
                                         (360) 566-9243
                                         Attorney for Plaintiff and Class Members