**David A. Schuck,** OSB 993564
E-Mail: dschuck@wageclaim.org
**Stephanie J. Brown,** OSB 030019
E-Mail: sbrown@wageclaim.org
**Karen A. Moore**, OSB 040922
E-Mail: kmoore@wageclaim.org
**SCHUCK LAW, LLC**
Attorneys at Law
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243
   Attorney for Plaintiff and Class

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL MAKANEOLE**, individually and on behalf of all similarly situated,<br><br>        **Plaintiff**,<br><br> v.<br><br>**SOLARWORLD INDUSTRIES AMERICA, INC.; SOLARWORLD INDUSTRIES AMERICA, LP; SOLARWORLD INDUSTRIES SERVICES, LLC; SOLARWORLD POWER PROJECTS, INC.; RANDSTAD PROFESSIONALS US, LP; KELLY SERVICES, INC., SUNPOWER NORTH AMERICA MANUFACTURING LLC, SUNPOWER MANUFACTURING OREGON, LLC, and SUNPOWER CORPORATION,**<br><br>        **Defendants**. | Case No.  3:14-CV-01528-JR<br><br>**STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS AS TO SOLARWORLD DEFENDANTS ONLY** |

## 1.  PREAMBLE

1.1  This Stipulation and Settlement Agreement of Class Action ("Settlement Agreement" or

"Agreement") is made by Plaintiff Michael Makaneole, and Defendants Solarworld Industries

America, Inc.; Solarworld Industries America, LP; Solarworld Industries Services, LLC; and

Page 1 - Stipulation and Settlement of Class Action Claims As To SolarWorld Defendants Only

Solarworld Power Projects, Inc. (collectively "SolarWorld") in the case pending in the U.S. District Court for the District of Oregon, case no. 3:14-CV-01528-JR and subject to the Court's approval. This Settlement expressly excludes all other defendants in this Action, except for SolarWorld.

## 2. DEFINITIONS

2.1    "*Action*" or "*case*" means the lawsuit entitled *Michael Makaneole, individually and on behalf of all similarly situated vs. SolarWorld Industries America, Inc.; SolarWorld Industries America, LP; SolarWorld Industries Services, LLC; SolarWorld Power Projects, Inc., Randstad US, LP, and Kelly Services, Inc., SunPower North America Manufacturing LLC, SunPower Manufacturing Oregon, LLC, and SunPower Corporation*, currently pending in the U.S. District Court for the District of Oregon, Portland Division, case no.3:14-CV-01528-JR.

2.2    "*Class Counsel*" means the attorneys at Schuck Law, LLC.

2.3    "*Class Members*" means all hourly employees of SolarWorld who worked at the Hillsboro, Oregon manufacturing facility at any time during the Class Period, and who did not previously request exclusion from this Action. The total number of Class Members for this Settlement is 615 individuals as previously identified from SolarWorld's records.

2.4    "*Class Period*" means December 26, 2012 through and including August 26, 2014.

2.5    "*Class Representative*" means the Plaintiff Michael Makaneole.

2.6    "*Court*" or "*District Court*" means the U.S. District Court for the District of Oregon, Portland Division.

2.7    "*SolarWorld*" means only Solarworld Industries America, Inc.; Solarworld Industries America, LP; Solarworld Industries Services, LLC; and Solarworld Power Projects, Inc., and the

Page 2 - Stipulation and Settlement of Class Action Claims As To SolarWorld Defendants Only

associated "Releasees", and expressly excludes all other entities named as a defendant in this Action, including Randstad US, LP, and Kelly Services, Inc. and the SunPower defendants.

2.8     "*Effective Date*" shall be the later of (a) the Court's final approval of the Settlement Agreement, if no objections have been filed, (b) the time of appeal has expired if an objection has been filed, (c) or the final resolution of any appeal that has been filed.

2.9     "*Final Judgment*" refers to the Order and Final Judgment Approving Settlement as to SolarWorld defendants only in the proposed form attached hereto as Exhibit 4, which this Settlement contemplates will be entered and approved by the Court.

2.10     "*Final Settlement Approval Hearing*" is the date that the Court will conduct a hearing in which to hear any objections and the Parties' request to enter the Final Judgment.

2.11     "*Net Settlement Award*" means the Settlement Award less applicable employment taxes.

2.12     "*Notice*" means a document substantially in the form of the Notice of Class Action Settlement attached hereto as Exhibit 1.

2.13     "*Parties*" means the Plaintiff and SolarWorld only.

2.14     "*Plaintiff*" means Michael Makaneole.

2.15     "*Preliminary Approval Motion*" means the motion filed with the Court by Class Counsel seeking the preliminary approval of the Settlement and authorizing the distribution of the Notice.

2.16     "*Releasees*", except as expressly excluded herein, means SolarWorld and all of SolarWorld's present and former parents, subsidiaries, affiliates, and joint ventures, and all of its and their present and former shareholders, officers, directors, agents, servants, registered representatives, attorneys, insurers, and assigns, and any other persons acting by through, under or in concert with any of them. In amplification of the foregoing, "Releasees" expressly

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

excludes any other entity named as a defendant in this Action besides SolarWorld, and expressly excludes SunPower, as defined herein.

2.17    "*Released Claims*" means the claims that are the subject of the release that is defined further in Section 4.2.1.

2.18    "*Response Deadline*" means 30 calendar days after the date on which the Notice is initially mailed to Class Members.

2.19    "*Settlement Agreement*" means the compromise and settlement of the Action as contemplated by this Agreement and all referenced exhibits.

2.20    "*Settlement Administrator*" means a neutral third party to administer the Settlement and retained for this purpose by both Parties.

2.21    "*Settlement Amount*" means that SolarWorld shall pay no more than the maximum of $400,000.00.  This sum shall include all payments for Settlement Awards and all applicable employer payroll tax payments (including but not necessarily limited to FICA, FUTA, etc.) associated with the Settlement awards, along with costs for settlement administration, Attorney Fee and Cost Award to Schuck Law, the service award to Plaintiff.

2.22    "*Settlement Award*" means the gross amount each Class Member is eligible to receive.

2.23    "*SunPower*" means collectively the following defendants named in this Action: SunPower North America Manufacturing LLC, SunPower Manufacturing Oregon, LLC, and SunPower Corporation, who are all expressly and intentionally excluded as Releasees in this Agreement.

## 3.    RECITALS

3.1    **Procedural Posture**.  Plaintiff filed a class action lawsuit in Multnomah County Circuit

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

Court, case no. 14CV12000 on August 26, 2014. The case was removed to the U.S. District Court of Oregon, Portland Division on September 25, 2014 (case no.3:14-CV-01528-PK/JR), assigned to Magistrate Judge Paul Papak, then transferred to Magistrate Judge Jolie A. Russo. Plaintiff filed a motion for class certification on July 10, 2017. Plaintiff and SolarWorld submitted extensive briefing on the issue of certification under Fed.R.Civ.P. 23. Judge Papak issued Findings and Recommendations to grant certification, which was then adopted by the Honorable Anna J. Brown on May 29, 2018. The Court then ordered that notice be sent to all Class Members allowing them to remain in the case or request exclusion (opt out). The Notice was mailed to all Class Members on November 15, 2018, with 13 individuals requesting exclusion from this Action. See ECF 236. Those 13 individuals are not part of this Action or eligible to participate in this Settlement. On September 23, 2019, the Court allowed Plaintiff to amend the complaint to add SunPower as defendants. On February 12, 2021, the Court granted class certification as to SunPower. Plaintiff then moved for partial summary judgment on behalf of the class on the issue of liability and damages. On October 21, 2021, Judge Russo issued Findings and Recommendation that Plaintiff's motion for partial summary judgment should be granted in part and denied in part. The Parties' objections to Judge Russo's Findings and Recommendation have been submitted to the Honorable Michael Mosman and are currently under advisement.

3.2     **Investigation in the Action**. The Parties have investigated the facts and law during the prosecution of this Action. Such discovery and investigations have included the exchange of information pursuant to formal and informal discovery, conferences between representatives of the Parties, and interviews of potential witnesses. Counsel for the Parties have further

Page 5 - Stipulation and Settlement of Class Action Claims As To SolarWorld Defendants Only

investigated the applicable law as applied to the facts discovered regarding the alleged claims and potential defenses thereto, and the damages claimed by Plaintiff and Class Members.

3.3   **Full Investigation and Benefits of Settlement to Class Members**.  Plaintiff claimed and continues to claim that the Released Claims, as defined in this Agreement, have merit and give rise to liability.  However, Plaintiff recognizes the expense and length of continued litigation against SolarWorld through trial and any possible appeals.  Plaintiff has taken into account the uncertainty and risk of the outcome of further litigation against SolarWorld, and the difficulties and delays inherent in such litigation, and potential collection on any judgment in this Action.  Plaintiff believes, based on research and investigation, that SolarWorld has limited financial resources to cover its potential liability in this Action.  Plaintiff is also aware of the burdens of proof necessary to establish liability for the claims asserted in the Action, and SolarWorld's defenses thereto.  Plaintiff has also taken into account the extensive settlement negotiations conducted.  Based on the foregoing, Plaintiff has determined that the settlement set forth in this Agreement is a fair, adequate and reasonable, and is in the best interests of all Class Members.  Neither this Agreement, any documents referred to herein, nor any action taken to carry out this Agreement is, or may be construed as or may be used as an admission by or against the Plaintiff or Class Counsel as to the merits or lack thereof of the claims asserted.

3.4   **SolarWorld's Denial of Claims and Reasons for Settlement**.  SolarWorld has repeatedly asserted and continues to assert defenses thereto, and has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action, including that Plaintiff or Class Members suffered damage.  By settling this matter, SolarWorld does not admit liability of any kind.  Neither this Agreement, nor any

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

document referred to or contemplated herein, nor any action taken to carry out this Agreement, may be construed as, or may be used as an admission, concession or indication by or against SolarWorld of any fault, wrongdoing or liability whatsoever.

## 4.    SETTLEMENT TERMS

4.1    NOW, THEREFORE, IT IS HEREBY STIPULATED, and subject to the approval of the Court, the Parties agree and stipulate that the Action as to SolarWorld is hereby being compromised and settled pursuant to the terms in this Agreement and that subject to the Recitals above and by this reference become an integral part of this Agreement.

4.2    **Released Claims**.  This Agreement is conditioned upon the release by all Class Members as detailed below, and covenants that they will not participate in any proceeding seeking damages of any kind, including without limitation wages or penalties, as to the Released Claims against SolarWorld.  The Parties stipulate that beyond the Settlement Amount, SolarWorld and the Releasees shall not owe any further monies to the Class Members based on the Released Claims.  Nothing from this Agreement shall have any effect on Plaintiff's or Class Members' claims they may have against any other defendant in this Action, including SunPower.

4.2.1    **Class Members' Release of Claims**:

Upon the Effective Date of the Settlement Agreement, and except as to the right to enforce the terms and conditions of the Settlement Agreement, all Class Members hereby fully release SolarWorld and the Releasees only from any and all wage and hour claims, along with any debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorney's fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, contingent or accrued, that arose from or relate to their employment with SolarWorld that were alleged or that reasonably could have been alleged based on the facts alleged in the Action, as amended, including, but not limited to, any wage and hour claims under federal law and Oregon State law, statutes and regulations, any claims for unpaid overtime, claims for missed meal or rest breaks, claims for liquidated damages, claims for unlawful deductions from wages, claims for

Page 7 - Stipulation and Settlement of Class Action Claims As To SolarWorld Defendants Only

conversion of wages, claims for record-keeping violations, late payment and overtime penalties, and claims under applicable Oregon statutes including but not limited to ORS 652.120, 652.140, 652.150, 652.200, 653.010, 653.055, 653.261, 653.055, 653.261, 82.010, and OAR 839-020-0030, 839-020-0050, as well as any other Oregon State and federal wage and hour statute or regulation.

4.2.2  **Plaintiff's General Release of Claims.**  As of the Effective Date and in addition to the Released Claims, Plaintiff releases only SolarWorld and the Releasees from:

> Any and all claims, rights, demands, actions, liability, counter claims, damages, claims for attorney fees and costs, causes of action of every kind and character, and compensation of whatever kind or nature, in law, equity, or otherwise, known or unknown, vested or contingent, suspected or unsuspected,  matured or unmatured, which either party may now have or has ever had, whether based on tort, contract (express or implied), or federal, state, or local statute, regulation, ordinance, constitution, executive order, or other law, specifically including, but not limited to, Title VII of the Civil Rights Act of 1964, ORS Chapters 659 and 659A, the Fair Labor Standards Act, the 1991 Civil Rights Act, the Equal Pay Act, the Rehabilitation Act of 1973, the Americans with Disabilities Act, the Family Medical Leave Act, the Oregon Family Leave Act, the Plaintiff Retirement Income Security Act, the Consolidated Omnibus Reconciliation Act of 1985, Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. section 621 et seq., State and Federal Racketeering Acts, Executive Order 11246, all federal and state retaliation statutes, and all federal and state Civil Rights statutes or ordinances (including sections 1981 and 1983).

4.2.3  **Older Workers' Benefit Protection Act as to Plaintiff only**.  Plaintiff acknowledges that (1) he was advised in writing to consult with an attorney before executing this Agreement; (2) he has been represented and advised by independent counsel of his own choice throughout all negotiations that preceded the execution of this Agreement; (3) he is aware of his rights under the Older Workers' Benefit Protection Act; (4) as consideration for executing this Agreement, he has received additional benefits and compensation of value to which he would otherwise not be entitled; (5) he has been given a period of at least twenty-one (21) days to consider this offer if he wishes; and (6)

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

Plaintiff may revoke the portion of this Agreement by which he waives his claims under the ADEA only by delivering a written notice to John B. Dudrey at Stoel Rives, 760 SW Ninth Ave, Ste 3000, Portland, Oregon 97205, within seven (7) calendar days of signing this Agreement.

4.2.4 **Protected Rights**. The Released Claims do not include any claims that Plaintiff or Class Members may have for workers' compensation benefits or any other non-waivable rights.

4.2.5 All Class Members shall be bound by the Release of Claims as of the Effective Date.

4.3 **Maximum Settlement Liability Amount**. SolarWorld shall pay no more than the Settlement Amount. Within seven (7) business days after the Court grants preliminary approval of this Settlement, SolarWorld shall pay the Settlement Amount to the Settlement Administrator to be distributed as required by this Agreement and Court orders regarding this Agreement. The Settlement Amount shall include payment of all Settlement Awards, and all applicable employer payroll tax payments (including but not necessarily limited to FICA, FUTA, etc.), along with settlement administration costs, Class Representative Service Award, and Attorney Fees and Costs Award to Class Counsel, all as allocated in this Agreement.

4.3.1 **Settlement Awards**:

4.3.1.1. Each Class Member will receive a Settlement Award calculated as a pro-rata share of the Settlement Amount, less payments for Class Representative Service Award, Attorney Fees and Costs Award, payment of settlement administration costs and employer-required payroll taxes.

4.3.1.2.  The Parties agree and stipulate that the Settlement Awards issued pursuant to this Agreement are a compromise of claims, and that the Settlement Awards do not represent payment of what Plaintiff contends is the full value of Plaintiff's and Class Members' claims in this case.  Plaintiff further contends that, to the extent the Settlement Awards may be an offset to Plaintiff's and Class Members' claims in this Action, the Settlement Awards should first be offset against any claims for overtime wages, civil penalties under ORS 653.055 and statutory interest on claims under ORS chapter 653 as alleged in this case.

4.3.2  **Class Representative Service Award**:

4.3.2.1  The Class Representative Service Award shall be paid to Plaintiff Michael Makaneole in the amount of $4,000.00 from the Settlement Amount, subject to Court approval.

4.3.2.2  Plaintiff shall receive a Settlement Award in addition to the Service Award.

4.3.2.3 The Service Award is subject to Court approval and an award of less than the requested amount will not give rise to a basis to abrogate the Agreement.

4.3.2.4  The Service Award is based on Plaintiff's willingness to bring this case and benefit conferred to the Class Members against the SolarWorld defendants only.

4.3.3  **Attorney Fees and Cost Award**:  Schuck Law, LLC, as Class Counsel, shall be paid $100,000.00 as attorney fees, and $82,000.00 as costs, (collectively "Attorney Fees and Cost Award"), and subject to Court approval.

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

4.3.3.1 Plaintiff contends that this amount of attorney fees is less than the reasonable amount of attorney fees already incurred in this Action by Class Counsel, less any amounts already paid by Randstad in a prior settlement. For purposes of settlement with SolarWorld only, Class Counsel agrees to not petition for, or accept, any additional payments for fees, costs or interest against SolarWorld. The Attorney Fee and Cost Award is separate and distinct from the cost of settlement administration.

4.3.3.2 Without waiving, but instead expressly preserving, the right to attorney fees incurred in this Action against SunPower, Class Counsel agree that the Attorney Fee and Cost Award shall satisfy the claim for attorneys' fees and costs as to SolarWorld only, and waive any additional claim for attorneys' fees and costs incurred in connection with the Action as to SolarWorld only.

4.3.4 **Settlement Administration Costs**. The costs of settlement administration shall be no more than $10,000.00, which shall be based on reasonable estimate from the Settlement Administrator for the tasks required of this Settlement.

4.3.5 **Uncashed Settlement Awards**. If any Settlement Award paid pursuant to this Agreement is not cashed or otherwise negotiated within 90 days after issuance of the payment, those funds will be distributed as follows: the uncashed checks shall be treated as unclaimed funds and deposited with the Oregon State Bar funding for Legal Services Program. The Settlement Administrator shall advise the Parties' counsel whether there were any unclaimed funds, that the unclaimed funds were paid accordingly, and that it has fully complied with its obligations under this Agreement and as ordered by the Court.

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

4.3.6   **Timing of Payments**. Upon the Effective Date, the Settlement Administrator shall distribute the Settlement Amount as follows.

4.3.6.1   Within five (5) business days, the Settlement Administrator shall distribute the Class Representative Service Award, via Schuck Law, and Attorney Fee and Costs Award to Schuck Law.

4.3.6.2   Within five (5) business days, the Settlement Administrator shall be entitled to an amount for the administration of this Settlement up to the amount of $10,000.00.   Should at any point the Settlement Administrator believe that administration will exceed this amount, the Settlement Administrator shall provide detailed invoices to the Parties' counsel explaining the additional costs. Any additional costs will require Court approval if incurred after the Court's Final Settlement Approval Hearing.

4.3.6.3   As soon as practical and within fifteen (15) business days, the Settlement Administrator shall calculate, issue, and mail Settlement Awards, and pay the employer tax portion as required in section 4.3.7.

4.3.6.4   If SolarWorld fails to pay the funds necessary, up to the Settlement Amount, as required by this Agreement, then Plaintiff may immediately request enforcement of the Agreement, any Court orders regarding the settlement, the Final Judgment, and other relief as approved by the Court.

4.3.6.5   If the Court denies final approval of this Settlement or as a result of the final resolution of any appeal the Settlement is not approved, within seven (7) business days of such denial by the Court or appellate decision denying approval,

Page 12 - Stipulation and Settlement of Class Action Claims As To SolarWorld Defendants Only

(i) the Settlement Amount shall be returned to Solar World or (ii) if Solar World has effectuated an assignment of its assets for the benefit of its creditors (an "ABC"), then the Settlement Amount shall be paid to the assignee in the ABC. The Parties shall bear the cost of any Settlement Administrator costs incurred on a 50-50 basis. If at such time SolarWorld has effectuated an ABC, the Settlement Administrator will deduct 50 percent of the Settlement Administrator's costs from the Settlement Amount prior to returning the Settlement Amount to the assignee.

4.3.7    **Taxes**.

4.3.7.1 The Settlement Awards will be allocated to 70% penalties and interest, and 30% wages.  From each Settlement Award, the Settlement Administrator shall calculate payroll deductions, if necessary, for state and federal taxes and any other applicable payroll deductions properly chargeable to each Class Member, resulting in a "Net Settlement Award."

4.3.7.2 Each person receiving any payment under this Agreement shall be responsible for reporting and filing any tax returns as required by law as a result of any payment received pursuant to this Agreement.

4.3.7.3  Any employer required taxes shall be paid from the Settlement Amount, and based on the allocation of wages in section 4.3.7.1.

4.3.8    **Effect of Settlement Payments**.

4.3.8.1  Notwithstanding anything contained in this Agreement, if the Settlement Administrator, Class Counsel or the Class Members are required to disgorge some or all of the Settlement Amount to SolarWorld or its successors or assigns (the

Page 13 - Stipulation and Settlement of Class Action Claims As To SolarWorld Defendants Only

"Disgorged Payment"), including but not limited to as a result of any bankruptcy filing, assignment for the benefit of creditors or other insolvency proceeding by SolarWorld, then the Settlement Administrator, Class Counsel and the Class Members shall be entitled to assert a claim against SolarWorld and its successors and assigns for the full amount asserted by the Plaintiff in the class action lawsuit and the Settlement Administrator's, Class Counsel's and the Class Members' claim will not limited to the amount of the Disgorged Payment.

4.3.8.2 The Parties expressly agree that any amounts paid as required by this Agreement shall not have any effect on the eligibility for — or calculation of — any employee benefit provided by SolarWorld, including but not limited to: vacation, holiday, retirement, cafeteria, dependent care, and Oregon's sick time. The Parties agree that any payment pursuant to this Agreement does not represent any modification of any employee's previously credited hours of service or other eligibility criteria under any employee pension benefit plan, employee welfare benefit plan, or other program or policy. These payments also will not be considered wages, compensation, or annual earnings for benefits in any year for purposes of determining eligibility for, or benefit accrual within, any employee pension benefit plan, employee welfare benefit plan or other program or policy.

4.3.9 No person shall have any claim against SolarWorld, the Releasees, SolarWorld's Counsel, Plaintiff, the Class, Class Counsel or the Settlement Administrator based on distributions and payments made in accordance with this Agreement.

4.3.10 The Parties acknowledge and agree that: (i) the Settlement Agreement was

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

114040784.1 0039698-00016

bargained for and entered into in good faith and as the result of arms'-length negotiations; and (ii) the Settlement Agreement is based on the Parties' respective independent assessments, with the assistance and advice of counsel, that the payments and other benefits to be received by the Parties pursuant to this Settlement Agreement constitute a fair and reasonable settlement of the Parties' claims against each other and constitute reasonably equivalent value for the releases and other benefits conveyed under this Settlement Agreement.

4.4    **Settlement Administrator**.  The Parties agree that Rust Consulting shall act as the Settlement Administrator, subject to Court approval.  The Parties agree to cooperate in the Settlement administration process and to make all reasonable and good faith efforts to control and minimize the costs and expenses incurred in administration of the Settlement.  The Settlement Administrator shall be responsible for:

4.4.1    Designating a primary contact person at Rust Consulting who shall be responsible for complying with this Agreement and Court's orders;

4.4.2    All administrative duties, including, but not limited to: preparing, printing and mailing the Notice to the Class Members, performing an initial National Change of Address (NCOA) search upon receipt of the Class Member mailing addresses, mailing the Class Settlement Notices, performing only one skip trace on Class Settlement Notices returned as undeliverable;

4.4.3    Mailing Settlement Awards to Class Members;

4.4.4    Promptly responding to Class Members' questions, comments, or inquiries;

4.4.5    Keeping both Parties' counsel reasonably informed regarding administration of

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

the Settlement;

4.4.6    Calculating, filing and paying any employer-required tax payments associated with the Settlement Awards.

4.4.7    Other tasks as the Parties mutually agree or the Court orders the Settlement Administrator to perform.

4.5    **Preliminary Approval Hearing**.  Plaintiff shall request a hearing before the Honorable Jolie Russo in the U.S. District Court for the District of Oregon for preliminary approval of the Settlement, which requests approval of the Settlement as to SolarWorld only.  Class Counsel shall provide to SolarWorld's counsel a copy of the Preliminary Approval Motion and supporting documents  with seven (7) days to review any such materials prior to filing.  Class Counsel shall seriously consider in good faith SolarWorld's counsel's comments before filing. In conjunction with the Preliminary Approval Motion, Class Counsel and SolarWorld's Counsel will jointly submit this Agreement and seek approval from the Court, including the entry of the Preliminary Approval Order substantially in the form of Exhibit 3.  The Preliminary Approval Order shall provide for notice to be mailed to Class Members as specified herein, and scheduling the Final Settlement Approval Hearing, no less than 100 calendar days after the Preliminary Approval Order is entered, to determine final approval of the Settlement.

4.6    **Class List**.  To the extent not previously provided to the Settlement Administrator and within fifteen (15) calendar days after entry of the Preliminary Approval Order, SolarWorld shall provide the Settlement Administrator with a class list in Excel format that includes each Class Member's name(s), employment identification number, last known addresses, last known telephone numbers, and social security number.  The class list will be considered confidential

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

and subject to the protective order in this Action.

4.7    **Class Action Fairness Act**.  This Action was removed from Multnomah County Circuit Court to Federal Court under the jurisdiction requirements of the Class Action Fairness Act ("CAFA").  As required by CAFA, SolarWorld shall provide notice to the U.S. Attorney General, the United States Department of Labor, and the Department of Labor (or other appropriate contact) for each of the States and/or territories where any of the Class Members are known to reside as of the date the Agreement is filed with the Court and submitted for its approval. The form of CAFA notice agreed to by the Parties is attached hereto as Exhibit 5. Such CAFA notice shall be made by SolarWorld within ten (10) days after the filing of the Preliminary Approval Motion by Class Counsel.  SolarWorld's counsel shall advise Class Counsel of the date the CAFA notice is mailed.  The Final Settlement Approval Hearing will not be set until at least ninety (90) days after the CAFA notice has been mailed to the federal and state officials as noted above.

4.8    **Notice of Class Action Settlement**.  The Parties agree that the Notice shall be provided in English only and in the format provided in Exhibit 1, subject to Court approval.

4.8.1    **Mailing**.  Within 15 calendar days after preliminary approval, the Settlement Administrator shall mail a copy of the Notice to each Class Member.  The Settlement Administrator shall mail the Notice to the address already on file from prior mailings in this Action, any updated addresses provided by SolarWorld and/or Class Counsel, and any different mailing address from the U.S. Postal Service after performing an initial National Change of Address ("NCOA") search.

4.8.2    **Returned Undeliverable Mail**.  Any Notice returned as undeliverable shall be

Page 17 - Stipulation and Settlement of Class Action Claims As To SolarWorld Defendants Only

remailed to the forwarding address affixed thereto, if a Notice has not already been sent to that address. If no forwarding address is provided, then the Settlement Administrator shall promptly perform only one skip trace on the Notices returned as undeliverable. Any Notices returned within five (5) business days before the Response Deadline shall not be remailed.

4.9     **Objections To Settlement.** Class Members wanting to file an objection to this Settlement must do so on or before the Response Deadline.

    4.9.1     **Objections to Settlement**. The Notice shall provide that Class Members who wish to object to the Settlement must file with the Court, in the case record, and serve on the Parties' counsel a formal written statement objecting to the Settlement by the Response Deadline.

        4.9.1.1  The objection must include the Class Member's full name, their name(s) while employed by SolarWorld, the specific basis of the objection to the Settlement, along with any and all documents that support the objection.

        4.9.1.2  Objecting Class Members wishing to appear at the Final Settlement Approval Hearing must file and serve before the Response Deadline their intention to appear with their written formal objection.

        4.9.1.3  Class Members who fail to timely file and serve their written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection to the Settlement and shall be bound by the terms of the Settlement, to the extent allowed by Oregon law.

        4.9.1.4  Should the Settlement Administrator receive any written communications

Page 18 - Stipulation and Settlement of Class Action Claims As To SolarWorld Defendants Only

from Class Members objecting to the Settlement, the Settlement Administrator shall promptly notify the Parties' counsel.

4.10    **Final Settlement Approval Hearing and Entry of Final Judgment**.  In accordance with the deadlines set by the Court in the Preliminary Approval Order, Class Counsel shall request that the Court grant final approval and entry of the Final Judgment as to SolarWorld only.  Class Counsel shall provide to SolarWorld's counsel a copy of the motion requesting final approval and supporting documents with seven (7) calendar days to review any such materials prior to filing.  Class Counsel shall seriously consider in good faith SolarWorld's counsel's comments before filing.  SolarWorld shall stipulate and agree to final approval and entry of the Final Judgment.

4.10.1  Within five (5) business days before the Final Settlement Approval Hearing, the Settlement Administrator shall provide a signed declaration detailing the notice procedures, including the Notice as an exhibit, along with a list of all Class Members. The Settlement Administrator shall include other such information as requested by the Parties.

4.10.2  The Parties shall present a Final Judgment for approval and entry in the form attached hereto as Exhibit 4.  After entry of the Final Judgment as to SolarWorld, the Court shall have continuing jurisdiction for purposes of addressing: (i) claims remaining as to the SunPower defendants, (ii) settlement administration matters and (iii) such post-Final Judgment matters as may be appropriate or as set forth in this Agreement.

4.11    **Payment of Settlement Awards**.

4.11.1  The Settlement Administrator shall mail the Net Settlement Awards to Class

Page 19 - Stipulation and Settlement of Class Action Claims As To SolarWorld Defendants Only

Members as set forth in Section 4.3.6.

4.11.2  The Net Settlement Awards shall remain valid and negotiable for ninety (90) days from the date of their issuance and may thereafter automatically be canceled if not cashed, at which time the amount shall automatically become subject to Section 4.3.5 as described above.

4.11.3  Administration of the Settlement shall be completed on or before one hundred twenty (120) days after the date the Settlement Awards were issued, including any transfer of unclaimed funds.

4.12  **Apprisal and Certification By Settlement Administrator**.  The Settlement Administrator shall keep SolarWorld's counsel and Class Counsel equally apprised of the status of the Settlement Administration until completion of the settlement.  Any decisions regarding the administration that are not addressed in this Agreement shall be submitted to the Parties' counsel jointly.  The Settlement Administrator shall make appropriate steps to secure the privacy of Class Member information consistent with Oregon and federal law.

4.13  **No Solicitation of Objections**.  The Parties agree to use their best efforts to carry out the terms of this Settlement.  At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to submit objections to the Settlement or appeal from the Final Judgment.  Both Parties agree to use their best good faith efforts to carry out the terms and conditions of this Agreement.  Nothing in this Agreement is intended or to limit Class Counsel's duties to clients under the Oregon Rules of Professional Conduct.

4.14  **Waiver of Right to Object and/or Appeal**.  The Parties agree and are bound by the terms herein.  The Parties further agree not to object or appeal from an order of Preliminary

Page 20 - Stipulation and Settlement of Class Action Claims As To SolarWorld Defendants Only

Approval, order granting final approval, and/or the Final Judgment. Non-compliance by any Party with this paragraph shall be void and of no force or effect. Any such objection to the Settlement, and the terms of this Agreement, by either Party shall therefore be void and of no force or effect.

4.15 **SolarWorld's Fees, Costs and Expenses**. All of SolarWorld's own legal fees, costs and expenses incurred in this Action and through final completion of the Settlement shall be borne by SolarWorld. The Parties agree to cooperate in the Settlement administration process and to make all reasonable and good faith efforts to control and minimize the costs and expenses incurred in administration of the Settlement.

4.16 **Interim Stay of Proceedings**. The Parties agree to hold all proceedings in the Action as to the SolarWorld defendants only, in abeyance pending the Final Settlement Approval Hearing and for purposes of administration of this Settlement. The Parties and their counsel shall cooperate with each other and the Settlement Administrator by using their best efforts to effect the implementation of the Settlement. In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court. The Parties agree that this interim stay shall have no application to SunPower.

4.17 **Stay on New Actions**. The Parties represent that they are not aware of any other actions pending against SolarWorld by Class Members for unpaid wages due to work performed at the SolarWorld Oregon facility. However, the Parties will request that the Court, in its preliminary approval of the Settlement Agreement, enjoin Class Members from initiating or prosecuting any

Page 21 - Stipulation and Settlement of Class Action Claims As To SolarWorld Defendants Only

proceeding on any claim to be released under the Settlement Agreement. This does not apply to Plaintiff's prosecution of separate claims against the SunPower defendants.

4.18    **Entire Agreement and Exhibits**. Each of the Parties has cooperated in the drafting and preparation of this Agreement. Hence, in any construction made to this Agreement, the same shall not be construed against any of the Parties. Each Party has had opportunity to consult with their legal counsel before signing this Agreement. This Agreement includes the terms set forth in the attached exhibits, which are incorporated by this reference as though fully set forth herein. This Agreement constitute the entire agreement among these Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties, or as ordered by the Court.

4.19    **Authorization to Enter Into Settlement Agreement**. Each Party's counsel signing this Agreement warrants and represents that they are expressly authorized by the Party they represent to negotiate this Agreement and to take all appropriate action required or permitted pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The persons signing this Agreement on behalf of SolarWorld represent and warrant that they are authorized to sign on behalf of SolarWorld and bind SolarWorld to this Agreement.

4.20    **Counterparts**. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument and an electronic signature may be accepted as an original for purposes of executing this Agreement.

Page 22 - Stipulation and Settlement of Class Action Claims As To SolarWorld Defendants Only

114040784.1 0039698-00016

4.21 **Binding on Assigns**. This Agreement shall be binding upon, and inure to the benefit of, the assignee of SolarWorld in any ABC and any assigns of Plaintiff or the Class Members.

4.22 **Jurisdiction of the Court**. The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

4.23 **Oregon Law Governs**. This Agreement and the exhibits hereto shall be governed by and interpreted according to Oregon State laws.

4.24 **Invalidity of Any Provision**. Invalidation of any material portion of this Settlement shall invalidate this Settlement in its entirety, unless the Parties shall subsequently agree in writing that the remaining provisions of the Settlement are to remain in full force and effect.

4.25 **Failure to Approve**. If the Court does not approve either preliminarily or finally any material term or condition of the Settlement Agreement, or if the Court effects a material change, then the Settlement Agreement will be voidable and unenforceable, subject to the Parties' agreement to the contrary, and the costs of administration, if any, shall be split equally between the Parties as set forth in Section 4.3.6. In the event that SolarWorld has paid the Settlement Amount to the Settlement Administrator and this Settlement is not finally approved, the Settlement Administrator shall return the Settlement Amount to SolarWorld as set forth in Section 4.3.6.

4.26 **Settlement is Fair, Adequate and Reasonable**. The Parties believe this Settlement is a fair, adequate and reasonable settlement of this Action as alleged against SolarWorld and have

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

arrived at this Settlement in arms-length negotiations, taking into account all relevant factors, present and potential.

4.27    **No Undue Publicity**. Neither Plaintiff nor Class Counsel shall cause to be publicized or initiate, directly or indirectly, any discussion resulting in or the existence of this Agreement or its terms in any type of mass media, including, but not limited to, speeches, press conferences, press releases, interviews, television or radio broadcasts, newspapers, website postings, messages on the Internet, Facebook, Twitter or any other social media. In response to any media inquiry, Plaintiff and Class Counsel may respond that the matter has been resolved based on the terms in the Settlement Agreement as filed with the Court and believe it is a fair and reasonable resolution. Class Counsel may also state on their website that the case has been settled based on the terms submitted to the Court and in the case record, and provide a short and plain description of the claims that were settled. This provision does not apply to any publications ordered by the Court.

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

# SIGNATURE PAGE

PLAINTIFF

Date: _____Feb 7, 2022_____      _David A. Schuck_
Michael A Makaneole (Feb 7, 2022 15:26 PST)
_____
Michael Makaneole

PLAINTIFF'S AND CLASS COUNSEL

Date: _____Feb 7, 2022_____

By _David A. Schuck_
David A. Schuck (Feb 7, 2022 15:44 PST)
David A. Schuck, OSB 993564
Stephanie J. Brown, OSB 030019
Karen A. Moore, OSB 040922
Attorneys for Plaintiff and Class

DEFENDANTS SOLARWORLD INDUSTRIES
AMERICA, INC.; SOLARWORLD INDUSTRIES
AMERICA, LP; SOLARWORLD INDUSTRIES
SERVICES, LLC; SOLARWORLD POWER
PROJECTS, INC.

Date: _____      _____

By: _____

Its: _____

COUNSEL FOR SOLARWORLD INDUSTRIES
AMERICA, INC.; SOLARWORLD INDUSTRIES
AMERICA, LP; SOLARWORLD INDUSTRIES
SERVICES, LLC; SOLARWORLD POWER
PROJECTS, INC.

Date: _____

By _____
John B. Dudrey, OSB 083085
Attorney for SolarWorld Defendants

Page 25 - Stipulation and Settlement of Class Action Claims As To SolarWorld Defendants Only

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

## SIGNATURE PAGE

### PLAINTIFF

Date: _____

_____
Michael Makaneole

### PLAINTIFF'S AND CLASS COUNSEL

Date: _____

By _____
David A. Schuck, OSB 993564
Stephanie J. Brown, OSB 030019
Karen A. Moore, OSB 040922
Attorneys for Plaintiff and Class

DEFENDANTS SOLARWORLD INDUSTRIES
AMERICA, INC.; SOLARWORLD INDUSTRIES
AMERICA, LP; SOLARWORLD INDUSTRIES
SERVICES, LLC; SOLARWORLD POWER
PROJECTS, INC.

Date: 02/09/22

_____

By: JOHN BOKEN

Its: CHIEF EXECUTIVE OFFICER

COUNSEL FOR SOLARWORLD INDUSTRIES
AMERICA, INC.; SOLARWORLD INDUSTRIES
AMERICA, LP; SOLARWORLD INDUSTRIES
SERVICES, LLC; SOLARWORLD POWER
PROJECTS, INC.

Date: 2/7/22

By _____
John B. Dudrey, OSB 083085
Attorney for SolarWorld Defendants

Page 25 - Stipulation and Settlement of Class Action Claims As To SolarWorld Defendants Only

114040784.1 0039698-00016