**David A. Schuck,** OSB 993564
E-Mail: dschuck@wageclaim.org
**Stephanie J. Brown,** OSB 030019
E-Mail: sbrown@wageclaim.org
**Karen A. Moore**, OSB 040922
E-Mail: kmoore@wageclaim.org
SCHUCK LAW, LLC
Attorneys at Law
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243
        Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL MAKANEOLE**, individually and on behalf of all similarly situated,<br>        **Plaintiff**,<br>    v.<br><br>**SOLARWORLD INDUSTRIES AMERICA, INC.; ET AL.**,<br>        **Defendants**. | Case No. 3:14-CV-01528-JR<br><br>**PLAINTIFF'S MOTION AND MEMORANDUM FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT BETWEEN PLAINTIFF AND SOLARWORLD** |

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7-1[1]

Pursuant to Local Rule 7-1, Plaintiff's counsel conferred with Defendant SolarWorld's counsel by telephone before submitting this motion. SolarWorld joins in this motion. Plaintiff's counsel conferred in good faith with Defendant SunPower by telephone before submitting this motion. SunPower take no position on the motion for final approval.

### MOTION

---

[1] All terms used herein are intended to have the exact same meaning as used in the Stipulation and Settlement Agreement of Class Action Claims as to SolarWorld Defendants Only ("Settlement Agreement" or "Agreement"). Nothing in this Motion is intended to change or alter the Parties' Settlement Agreement.

Page 1 - Plaintiff's Motion and Memorandum for Final Approval of Class Action Settlement Between Plaintiff and SolarWorld

SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

Plaintiff respectfully requests that the Court hold a final approval hearing as scheduled on September 26, 2022 at 10:00 am to give final approval of the class action settlement as to SolarWorld only. Plaintiff requests that the Court enter the proposed Order of Final Approval.

Plaintiff's counsel intends to appear at the September 26, 2022, hearing and requests to appear via telephone or video conferencing. Plaintiff has no objections to any Defendants' counsel appearing remotely.

## MEMORANDUM OF POINTS AND AUTHORITIES

**1.    Introduction**

On June 3, 2022, the Court issued an Opinion and Order giving preliminary approval of the class action settlement between Plaintiff and SolarWorld. ECF 398. The Court approved the Notice of Class Action Settlement, appointed Plaintiff as the Class Representative, designated the attorneys at Schuck Law as Class Counsel, appointed Rust Consulting, Inc. ("Rust") as Claims Administrator, and set time lines for the Notice and Claim procedures to effectuate the Settlement.

The Notice advised Class Members of the date and time for the Final Approval hearing, gave them the opportunity to object to the settlement, and informed them of the Release of Claims that would apply to them upon final approval. The Notice also advised the Class Members of the potential that the Settlement could affect their claims against SunPower. No class member submitted an objection to the settlement, award of attorney fees and costs, or to the service award to Plaintiff.

Rust fulfilled the notice requirements, including mailing Notice to the 614 Class Members. Declaration of Amanda Myette For Rust Consulting, Inc. ("Myette Decl.") ¶ 6.

Page 2 - Plaintiff's Motion and Memorandum for Final Approval of Class Action Settlement Between Plaintiff and SolarWorld

SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

Upon entry of the Order and Final Judgment, the deadlines for payment of the Settlement Amount begin to run. The Class Members will each receive Net Settlement Awards, which are calculated as their pro rata share of the Settlement Amount after accounting for the payment of the following:

- Employer Taxes: an amount for employer taxes required for the Class Members' Settlement Awards.
- Settlement Administration: $10,000 for administration of this Settlement.
- Service Award to Plaintiff as Class Representative: $4,000.00 to the Plaintiff for bringing this case as a class action.
- Attorney Fees & Cost Award to Class Counsel: $82,000 for actual costs and $100,000 as attorney fees to Schuck Law, LLC.

Settlement Agreement § 4.3. The proposed Order and Final Judgment is submitted herewith and agreed to by counsel for Plaintiff and Defendant SolarWorld. Settlement Agreement Ex. 4.

**2.     CAFA Notice to State and Federal officials Has Been Satisfied.**

SolarWorld has fully complied with the CAFA requirements. CAFA requires that the defendant provide notice to the appropriate state and federal officials of the proposed settlement, and include:

1. a copy of the complaint,
2. notice of any scheduled judicial hearing,
3. notice to the class members of the settlement and their right to request exclusion,
4. a copy of the proposed settlement,
5. any settlement or other agreement contemporaneously made between class counsel and defense counsel,

Page 3 - Plaintiff's Motion and Memorandum for Final Approval of Class Action Settlement Between Plaintiff and SolarWorld

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

  6. any final judgment or notice of dismissal,

  7. the names of class members who reside in each State, and amount of the settlement award, and

  8. any written judicial opinions relating to items 1 through 3.

28 U.S.C. § 1715(b). The CAFA Notice provides the state or federal official notice of the settlement so that if they want to participate, they can advise the Court and parties within 90 days of that notice. *Id*. § 1715(d).

On March 1, 2022, SolarWorld's counsel mailed the required notice and documents to the following:

- Oregon Bureau of Labor & Industries ("BOLI"),
- U.S. Attorney for the District of Oregon,
- CAFA Coordinator, Office of Attorney General Consumer Protection Section in San Francisco, California,
- Labor & Workforce Development Agency in San Francisco, California,
- Attorney Generals in Alaska, Arkansas, Colorado, Michigan, Montana, Oregon, Texas, Washington, and
- State Departments for Employment, Workforce, and Labor & Industries in Alaska, Arkansas, Colorado Michigan, Montana, Texas, Washington

Moore Decl. Ex. 1 (documents referenced in letter not included). The CAFA 90-day deadline to respond expired on May 30, 2022. None have responded with any interest or inquiry on this settlement.

 **3.** **Final Settlement Approval Is Appropriate and Entitled to a Presumption of**

Page 4 - Plaintiff's Motion and Memorandum for Final Approval of Class Action Settlement Between Plaintiff and SolarWorld

SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

**Fairness**

This settlement warrants final approval under Rule 23(e). The Ninth Circuit has a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). The Court has satisfied the requirements of Rule 23(e) in directing notice to the class of the settlement and providing an opportunity for any objections. Notably, no class members filed or submitted any objection to the Settlement, including to the allocation of the Maximum Settlement Amount.

Now before the Court is Plaintiff's Motion for Final Approval seeking the Court's finding that the settlement "is fair, reasonable, and adequate" under Rule 23(e)(2). "When sufficient discovery has been provided and the parties have bargained at arms-length, there is a presumption in favor of the settlement." *City P'shp Co. v. Atl. Acquisition Ltd. P'shp.*, 100 F.3d 1041, 1043 (1st Cir. 1996). Here, the settlement was reached after multiple mediations, extensive discovery, and analysis of SolarWorld's time clock data. While both Plaintiff and SolarWorld maintain their arguments regarding the merits of the wage claims, both also believe this settlement is a fair and reasonable resolution.

As explained in the Motion for Preliminary Approval, and incorporated by reference, this settlement was reached after significant and arms-length negotiations, and is entitled to deference. Courts must give "proper deference to the private consensual decision of the parties," since "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between,

Page 5 - Plaintiff's Motion and Memorandum for Final Approval of Class Action Settlement Between Plaintiff and SolarWorld

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998). The proposed Settlement is fair and falls well within the range of reasonableness for this case.

An important indication that this settlement is "fair, reasonable and adequate" is the class members' positive response to the Notice. The fact that no class member submitted an objection to the settlement is further indication that the settlement is fair, reasonable and adequate. Thus, the settlement warrants the Court's final approval and entry of the proposed Order and Final Judgment.

**3.    Class Action Settlement Administration**

The Court's Preliminary Approval Order set forth the requirements for settlement administration and satisfying Rule 23(e)(1)(3-5). Pursuant to the Court's Order, Rust fulfilled the requirements for sending notice to the class. Myette Decl. The Notice clearly detailed the class members' rights and the amounts available under the Settlement, subject to final approval by the Court. *Id.* at Ex. A.

The Notice provided all "critical dates" on the first page and the full allocation of the Maximum Settlement Amount. *Id*. The Notice clearly advised Class Members that they must respond on or before July 18, 2022, with any objections to the Settlement, including to the amount of attorney fees and costs. *Id*. The Notice advised Class Members that they could object to the settlement, including the allocation for attorney fees and costs, and service award to Plaintiff. The Notice further provided details on how to obtain more information about the settlement, the full settlement agreement, and details of the attorney fees and costs being sought by Schuck Law.

Page 6 - Plaintiff's Motion and Memorandum for Final Approval of Class Action Settlement Between Plaintiff and SolarWorld

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

Because Rust handled the administration of the opt-out notice procedures, Rust already had on file the class list, and received an updated list with the most current addresses for Class Members. Myette Decl. ¶ 6. Rust then followed the detailed notice procedures in the Settlement Agreement and as ordered by the Court. *Id*. ¶¶ 7-10. On June 17, 2022, the Notice and Claim Form were mailed to all Class Members. *Id.* ¶ 8.

As of July 18, 2022, mail was returned for 109 Class Members. *Id*. at ¶ 9. Rust performed a single skip trace using the Class Member's social security number in an attempt to locate a better address. *Id*. If a better address was located, the Notice and Claim Form were remailed. *Id.* Rust was unable to locate new addresses for two of the 109 returned mail. *Id*. As of the date of this Declaration, Rust did not receive any of the 107 remailed Notices as returned mail. *Id*. At the conclusion of the Notice period, Rust did not receive any objections. *Id.* ¶ 10.

The Court's approval and entry of the Final Judgment will trigger the remaining deadlines in the Settlement Agreement for payments to be issued. Settlement Agreement § 4.3.1. Pursuant to the Settlement, Rust will calculate and distribute the Maximum Settlement Amount, with oversight by Class Counsel and SolarWorld's counsel. All settlement checks to Class Members will be negotiable for 90 days. Settlement Agreement § 4.14.2. Thereafter, any settlement awards not cashed or otherwise negotiated will be paid to the Oregon State Bar funding for Legal Services Program. Settlement Agreement § 4.3.5.

**4.     Service Award to Plaintiff**

In addition to the Settlement Awards paid to Plaintiff and approved claimants, Plaintiff requests an award of $4,000.00 as a service award for bringing this class action. SolarWorld does not object to this request. The Notice to the Class Members advised of the service award

Page 7 - Plaintiff's Motion and Memorandum for Final Approval of Class Action Settlement Between Plaintiff and SolarWorld

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

and the amount. No class members objected to the service award.

Plaintiff has been engaged in this case and worked with his counsel since before this case was filed in August 2014, attended multiple mediations, was deposed by three defendants, and frequently communicated with counsel throughout this case.

The Ninth Circuit recognizes that named plaintiffs in class action litigation are eligible for reasonable incentive payments. *Staton v. Boeing, Co.*, 327 F.3d 938, 977 (9th Cir. 2003). Service Awards or incentive awards are "fairly typical" discretionary awards "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and sometimes, to recognize their willingness to act as private attorney general." *Rodriguez v. W.Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009) (citation omitted). "Courts routinely approve incentive awards to compensate named Plaintiffs for the services they provide and the risks they incur during the course of the class action litigation." *Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001).

This award takes into consideration the risk, time, effort, and expenses incurred by Plaintiff in coming forward to litigate this matter on behalf of all Class Members. Plaintiff put the interests of the Class before his own interests. Accordingly, the service award is fair and reasonable.

**5.    Attorneys' Fees and Costs to Class Counsel**

Plaintiff seeks an award of $100,000.00 as attorney fees and $82,000.00 for costs (collectively "Attorney Fees and Cost Award"). SolarWorld does not object to this request.

The Notice to Class Members clearly identified the total maximum amount of attorney fees and costs that Class Counsel could request upon final approval of the settlement. Myette

Page 8 - Plaintiff's Motion and Memorandum for Final Approval of Class Action Settlement Between Plaintiff and SolarWorld

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

Decl. Ex. A.  There were no objections to the attorney fees and costs award.

The Settlement Agreement provides $100,000.00 as attorney fees and $82,000 as costs to Schuck Law.  Settlement Agreement § 4.3.3.  With the Motion for Preliminary Approval and in support of the Settlement Agreement, Plaintiff filed the total attorney time actually incurred in this case and attributable to the claims asserted against SolarWorld, and the costs incurred.  ECF 375-1 & 375-2.  Despite over $479,000.00 in attorney time billed, Plaintiff is requesting $100,000.00 to be paid under the settlement with SolarWorld.  ECF 375-1.  By filing this information with the Motion for Preliminary Approval, any class member had the ability to review the case file, or request information from Schuck Law, if they needed additional information beyond what was included in the Notice to decide whether to submit any objection.

Attorney fees and costs are recoverable under ORS 652.200.  The purpose of this separate Attorney Fees and Cost Award is to further the public policy of the wage statutes.  "The policy of the statute is to aid an employe [sic] in the prompt collection of compensation due him, and to discourage an employer from using a position of economic superiority as a lever to dissuade an employee from promptly collecting his agreed compensation."  *State ex rel Nilsen v. Oregon State Motor Ass'n*, 248 Or 133, 138 (1957).

The Legislative purpose of awarding attorney fees to a prevailing employee is also to promote access to justice for employees.  Privately initiated lawsuits, such as this one, are essential to the effectuation of the Oregon statutory scheme.  The aim of the fee-shifting statute is to enable private parties to obtain legal help and seek redress for injuries resulting from violations of specific laws.

Plaintiff also requests that the Court consider that this case has been zealously litigated

Page 9 - Plaintiff's Motion and Memorandum for Final Approval of Class Action Settlement Between Plaintiff and SolarWorld

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

for nearly 8 years. Plaintiff requests that Schuck Law be awarded the full attorney fees and costs requested.

**6.     Costs of Settlement Administration to Rust Consulting, Inc.**

Plaintiff also requests the Court approve payment to Rust for settlement administration. The Settlement Agreement provided up to $10,000 designated for settlement administration. Rust estimates $9,956.00 as the total costs for the administration, including already incurred fees and estimated fees through completion. Myette Decl. ¶ 11. Pursuant to the Settlement Agreement, Rust is required to provide invoices to Class Counsel and SolarWorld for administration of this settlement. Settlement Agreement § 4.3.6.2. This amount is separate from the awards to Class Members, employer taxes, Service Award, and Attorney Fees and Costs Award.

## CONCLUSION

Therefore, Plaintiff respectfully requests that the Court grant final approval of the Class Action Settlement, as the settlement provides substantial benefit to the Class Members. Plaintiff requests that the Court find that the Settlement and Notice procedures are fair, reasonable, and adequate under Rule 23(e). The standard for final approval has been met. The CAFA requirements have been satisfied. Plaintiff requests that the Court enter the proposed Order of Final Approval.

DATED: August 5, 2022.              Schuck Law, LLC

    /s/ Karen A. Moore
KAREN A. MOORE, Esquire
OSB # 040922, WSB # 42476
(360) 566-9243
Attorney for Plaintiff and Class Members

Page 10 - Plaintiff's Motion and Memorandum for Final Approval of Class Action Settlement Between Plaintiff and SolarWorld

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243