## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

**MICHAEL MAKANEOLE**, individually
and on behalf of all similarly situated,

               **Plaintiff**,

      v.

**SOLARWORLD INDUSTRIES
AMERICA, INC.; SOLARWORLD
INDUSTRIES AMERICA, LP;
SOLARWORLD INDUSTRIES
SERVICES, LLC; SOLARWORLD
POWER PROJECTS, INC.;
RANDSTAD PROFESSIONALS US,
LP; KELLY SERVICES, INC.,
SUNPOWER NORTH AMERICA
MANUFACTURING LLC,
SUNPOWER MANUFACTURING
OREGON, LLC, and SUNPOWER
CORPORATION,**

               **Defendants**.

**Case no. 3:14-CV-01528-JR**

**ORDER AND FINAL
JUDGMENT APPROVING
SETTLEMENT OF CLASS
ACTION AS TO SUNPOWER
DEFENDANTS ONLY**

This matter came before this Court on the Plaintiff's Motion for Final Approval of

Settlement ("Final Approval Motion"). ECF 427.

WHEREAS, the Court has received and reviewed the Settlement Agreement entered into

between the Plaintiff as the Class Representative, on the one hand, and Defendants SunPower

North America Manufacturing, LLC, SunPower Manufacturing Oregon, LLC and SunPower

Corporation (collectively "SunPower") on the other hand (the "Settlement Agreement"), and has

considered the terms of the proposed settlement set forth therein (the "Settlement");

///

Page 1 – Order and Final Judgment Approving Settlement of Class Action As To SunPower
Defendants Only

WHEREAS, all terms contained herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein;

WHEREAS, on October 27, 2022, the Court entered its order preliminarily approving the settlement of this class action as to SunPower only, approving the form and method of notice, and setting a date and time for a Final Settlement Approval hearing to consider whether the Settlement should be finally approved by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, adequate, and reasonable (the "Preliminary Approval Order") (ECF 423);

WHEREAS, the Preliminary Approval Order directed that all Class Members be given notice of this Settlement, allowing any requests for exclusion, objections, and advising of the date for the Final Settlement Approval hearing;

WHEREAS, the Court has received a declaration of Amanda Myette on behalf of Rust Consulting, the appointed Settlement Administrator, attesting to notice procedures in substantial accordance with the Preliminary Approval Order and Settlement Agreement;

WHEREAS, the Court having considered that no objections to the Settlement were filed;

WHEREAS, the Court having conducted a final fairness hearing on February 13, 2023 (the "Final Settlement Approval Hearing"), and having considered the arguments presented, all papers filed and all proceedings had therein; and

WHEREAS, the full 90 days required by CAFA under 28 USC § 1715(d) having expired on February 9, 2023, and the Court having received no comment or inquiry from the Oregon Bureau of Labor & Industries, the US Department of Justice, or other state or federal official regarding the Settlement;

///

Page 2 – Order and Final Judgment Approving Settlement of Class Action As To SunPower Defendants Only

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.      The Court has jurisdiction over the subject matter of this action, all Class Members who did not timely request exclusion, and SunPower Defendants.

2.      In accordance with Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, all Class Members have been given proper and adequate notice of the Settlement.  Based upon the evidence submitted by the Parties, the Settlement Agreement, the arguments of counsel, and all the files, records and proceedings in this case, the Court finds that the Notice and notice methodology implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the litigation, their right to request exclusion, the right to object to the Settlement, and their right to appear at the Final Settlement Approval Hearing; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law.

3.      The Settlement Agreement in this action warrants final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure because it is fair, adequate, and reasonable to those it affects; resulted from extensive good-faith arm's length negotiations between the parties; and is in the public interest considering the following factors:

(a) the strength of the Plaintiff's case as to the claims asserted against SunPower;

(b) the risk, expense, and complexity of continued litigation in order to obtain a judgment against SunPower;

(c) the amount offered in settlement;

Page 3 – Order and Final Judgment Approving Settlement of Class Action As To SunPower Defendants Only

(d) the extent of discovery completed, and the stage of the proceedings;

(e) the experience and views of counsel;

(f) the presence of a governmental participant; and

(g) the reaction of the class members to the proposed settlement.

*Torrisi v. Tucson Elec. Power Co.,* 8 F.3d 1370, 1375 (9th Cir. 1993).  Settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair.  *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998).

4.      The Final Approval Motion is hereby GRANTED, and the Settlement Agreement is hereby APPROVED as fair, reasonable, adequate, and in the public interest, and the terms of the Settlement Agreement are hereby determined to be fair, reasonable and adequate, for the exclusive benefit of the Class Members.  The Parties are directed to consummate the Settlement Agreement in accordance with its terms.

5.      The Court APPROVES payment of the Settlement Amount in accordance with the terms of the Settlement Agreement.

6.      The Court AWARDS payment of Class Representative Service Award to Michael Makaneole in the amount of $1,000.00.

7.      The Court AWARDS payment to Schuck Law, LLC $29,000.00 for attorney fees in the amount of $26,800.00, along with $2,200.00 for costs and expenses (collectively "Attorney Fee and Cost Award").

8.      The allocation of funds as provided in the Settlement Agreement up to the Maximum Settlement Amount is APPROVED as fair, adequate, and reasonable.  The Settlement Amount, Class Representative Service Award, Attorney Fee and Cost Award, payment of the settlement administrator and Settlement Awards to all Class Members shall be distributed in

accordance with the terms and deadlines of the Settlement Agreement and any further orders of this Court.

9.      The Action is DISMISSED WITH PREJUDICE regarding any and all claims asserted against Defendants SunPower North America Manufacturing, LLC, SunPower Manufacturing Oregon, LLC and SunPower Corporation, and without costs other than as specified in the Settlement Agreement and this Order.

10.      In consideration of the Settlement Amount, and for other good and valuable consideration, each of the Class Members shall have fully, finally, and forever released, relinquished, and discharged all Released Claims against SunPower and the Releasees, in accordance with the Settlement Agreement.

11.      This Judgment is the Final Judgment in the suit as to all Class Members as to SunPower only.

12.      Without affecting the finality of this Judgment in any way, this Court retains jurisdiction over implementation and any related proceedings, if necessary, related to the Settlement Agreement, including but not limited to distribution of the Settlement Amount.  The time to appeal from this Judgment shall commence upon its entry.

14.      This Court finds that there is no just reason for delay and expressly directs Judgment and immediate entry by the Clerk of the Court.

///

///

///

///

///

Page 5 – Order and Final Judgment Approving Settlement of Class Action As To SunPower Defendants Only

15.     The Court having found all of Plaintiff's claims alleged in this Action against all other defendants other than SunPower having been fully and finally resolved, further finds that nothing in the Settlement between Plaintiff and SunPower, this Court's Preliminary Approval Order, or this Order and Final Judgment shall in any way, directly or indirectly, affect the claims and rights of Plaintiff and any Class Member as to any other Defendant in this case, except for SunPower.

**IT IS SO ORDERED**.

DATED this 13 day of February , 2023.

Honorable Jolie A. Russo
United States Magistrate Judge